In The United States District Court
For The District of Delaware

Arson I. Gibbs, Sr.,

    Plaintiff,

V.

Case No: 08-480

FILED

AUG - 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Sue L. Robinson, (X) Chief Justice, U.S. Dist. Ct. of Del.;

Anthony J. Scirica, Chief Justice, U.S. 3rd Cir. Ct. of Aff.;

Dolores K. Sloviter, Associate Justice, U.S. 3rd Cir. Ct. of Aff.;

Theodore A. McKee, Associate Justice, U.S. 3rd Cir. Ct. of Aff.;

Marjorie O. Rendell, Associate Justice, U.S. 3rd Cir. Ct. of Aff.;

Thomas L. Ambro, Associate Justice, U.S. 3rd Cir. Ct. of Aff.;

MaryAnne T. Barry, Associate Justice, U.S. 3rd Cir. Ct. of Aff.;

Gulio M. Fuentes, Associate Justice, U.S. 3rd Cir. Ct. of Aff.;

D. Brooks Smith, Associate Justice, U.S. 3rd Cir. Ct. of Aff.;

D. Michael Fisher, Associate Justice, U.S. 3rd Cir. Ct. of Aff.;

Michael A. Chagares, Associate Justice, U.S. 3rd Cir. Ct. of App.;

Kent A. Jordan, Associate Justice, U.S. 3rd Cir. Ct. of App.;

Thomas M. Hardiman, Associate Justice, U.S. 3rd Cir. Ct. of App.;

Ruggero J. Aldisert, Senior Justice, U.S. 3rd Cir. Ct. of App.;

Joseph F. Weis, Jr., Senior Justice, U.S. 3rd Cir. Ct. of App.;

Leonard I. Garth, Senior Justice, U.S. 3rd Cir. Ct. of App.;

Walter K. Stapleton, Senior Justice, U.S. 3rd Cir. Ct. of App.;

Morton I. Greenburg, Senior Justice, U.S. 3rd Cir. Ct. of App.;

Robert E. Cowen, Senior Justice, U.S. 3rd Cir. Ct. of App.;

Richard L. Nygaard, Senior Justice, U.S. 3rd Cir. Ct. of App.;

Jane R. Roth, Senior Justice, U.S. 3rd Cir. Ct. of App.;

Franklin S. Van Antwerpen, Senior Justice, U.S. 3rd Cir. Ct. of App.;

2.

John G. Roberts, Chief Justice, U.S. Supreme Court;

John Paul Stevens, Associate Justice, U.S. Supreme Court;

Atonin Scalia, Associate Justice, U.S Supreme Court;

Anthony M. Kennedy, Associate Justice, U.S. Supreme Court;

David H. Souter, Associate Justice, U.S. Supreme Court;

Clarence Thomas, Associate Justice, U.S. Supreme Court;

Ruth B Ginsberg, Associate Justice, U.S. Supreme Court;

Stephen G. Breyer, Associate Justice, U.S. Supreme Court;

Samuel A. Alito, Associate Justice, U.S Supreme Court;

Defendants.

## Complaint

1) This is a Civil rights action brought directly under U.S.C.A. Const Article III, Section 1 and 2, to redress deprivation of rights secured by the Constitution of

2.

the United States. See *Carlston V. Green*, 446 U.S. 14, 18-19 (1980); *Bivens V. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 396-97 (1971).

2). This Civil action is also brought under 42 U.S.C. Subsec. 1985(2), Cls. 2, and 1985(3), for Conspiracy to interfere with civil rights of a United States citizen.

## Jurisdiction

3). This Court has jurisdiction pursuant to and under the provisions of 28 U.S.C. Subsec. 1331, 1343(2), and 42 U.S.C. Subsec. 1988(a).

"The district Court Shall have original jurisdiction of all actions arising under the Constitution,

Laws or treaties of the United States___ To recover damages from any person who fails to prevent or aid in preventing any wrongs mentioned in Section 1985 of Title 42 which he had knowledge where about to occur and power to prevent... For the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the Laws of the United States."

## Standing

4). The plaintiff will show that a prima

facie and cognizable injury in fact (through-

out this complaint) has been committed against

plaintiff's person, directly connected to all of the

defendants, and is capable of being redressed

by a favorable judicial decision of this Court.

Hein v. Freedom From Religion Foundation, Inc., 127

S. Ct. 2553 (U.S. 2007); Massachusetts v. E.P.A., 127 S. Ct.

1438 (U.S. 2007).

## Judicial Immunity

5). The plaintiff will show that though the

defendants actions were judicial in nature, all

defendants acted outside the scope of their ju-

6.

dicial capacity, and in clean absence of all juris-
diction, are stripped of absolute immunity, and are
subject to liability. Buchanan V. bay, 491 F. Supp. 2d 483
(D. Del. 2007); D'Alessandro v. Robinson, 210 F. Supp. 2d. 526
(D. Del. 2002); Mireles v. Waco, 502 U.S. 9, 112 S. Ct. 286
(1991); Stump V. Sparkman, 435 U.S. 349, 98 S. Ct. 1099
(1978); Harlow V. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727
(1982). That the nature of the defendants actions
are not functions normally performed by a judge...
ballas v. Supreme Court of Pennsylvania, 211 F.3d 760
(Pa. 2000).

Plaintiff

6). The plaintiff, Anson I. Gibbs, Sr., at all times mentioned herein, was born a citizen of the United States, and a resident of the State of Delaware, and is currently incarcerated at the Delaware Correctional Center (DCC) Smyrna, Delaware 19977.

Defendants

7). The defendant, Sue L. Robinson, here and after ("Robinson") is a member of the Federal Judiciary System, employed by the Federal Government as a judge of the District Court for the District of Delaware. Defendant ("Robinson") is responsible for deciding all cases that are brought before her including controversial cases that may involve

8.

and jeopardize "Colleagues, friends or Constit-
uents," which May arouse the most sensitive and
intense feelings in the litigation, and persuade
an unjust decision with impunity, supported by re-
liance on absolute immunity. Defendant ("Robinson")
is being sued individually and in her personal
capacity.

8). The remaining defendants, for the sake
of brevity, are here and after referred to as
("Defendants of the Third Circuit Court of Appeals),
and ("Defendants of the United States Supreme Court").
All defendants are members of the Federal Guidiciary
System, employed by the Federal Government as judges
of their respective jurisdiction, and are responsible

for deciding all Cases brought before them from final decisions of the Lower Courts, including Controversial Cases that may involve and jeopardize "Colleagues, friends or Constituents," which may arouse the most sensitive and intense feelings in the litigation, and persuade an unjust decision with impunity, Supported by reliance on absolute immunity. All defendants are being Sued individually and in their personal Capacity.

9). The Plaintiff seek declaratory relief pursaunt to 28 U.S.C. Subsec. 2201.

## Facts - I

10). On May 17, 2004, the plaintiff was arrested in Kent County, Dover, Delaware on six Counts of Forgery in the second degree and six counts of Theft Misdemeanor. Upon arrest the plaintiff was detained at the Delaware Correctional Center, (DCC) Smyrna, Delaware 19977; for lack of bail.

11). On July 6, 2004, the plaintiff was indicted on all Charges in two separate bills of indictments.

12). On March 16, 2005, (ten Months after arrest) the plaintiff was carried before the Court on initial indictments and after having a hearing the plaintiff was released from Custody.

13). On June 7, 2005, the plaintiff was arrested on a Capias and Carried before the Court. The plaintiff's Court appointed Counsel informed plaintiff that he had been reindicted on March 7, 2005, and was due to appear before the Court on May 31, 2005.

      (a) As to above paragraph 13, please see "Superior Court Kent County Criminal Case Management Plan, Subsec. 3, Track III, Trial Track, Scheduling Goals and Criteria. (Effective June 19, 2002). Apparent reason for the (Mysterious) re-indictment.

14) Unaware that the plaintiff had been re-indicted, the plaintiff then and there asked Counsel to file a Writ of habeas on Claims of double jeapardy, Lack of jurisdiction to reindict, that the plaintiff is illegally being detained, or file a Motion to dismiss.

15) The plaintiff received no response from Counsel, and on June 19, 2005, drafted a Writ of habeas Corpus petition and filed with the Superior Court, Kent County, Dover, Delaware 19901. (See at Ex-1)

16) The Superior Court declined to accept jurisdiction over plaintiff habeas petition in a timely manner. So on July 2, 2005, the plaintiff filed a Notice of Appeal with the Supreme Court of Delaware.

17.) On July 6, 2005, the Delaware Supreme Court granted Plaintiff's Notice of Appeal, with notification to the Superior Court.

18.) On July 10, 2005, the plaintiff received an Order from the Superior Court indicating that it had dismissed plaintiff's habeas petition on June 30, 2005, setting forth the following reason.

"The extraodinary remedy of habeas Corpus is not available where the Commitment is regular on its face." (See att. Ex-2).

19). While plaintiff's appeal was pending in the Delaware Supreme Court. On July 21, 2005, the Superior Court in a bench trial went on to convict the plaintiff on five counts of forgery in the second degree, and five counts of Misdemeanor Theft, in spite of plaintiff's request to postpone the trial until the appeal process has been adjudicated. The Delaware Supreme Court denied the plaintiff's letter Motion of prohibit ion filed with the Court, on July 13, 2005, request ing the Court to issue an order to stop plaintiff's trial in the Superior Court. (See att. Ex-21).

20). On August 17, 2005, the plaintiff filed a Memorandum Brief with the Delaware Supreme Court in support of his appeal, as directed by the Court on July 6, 2005. (See att. Ex-33).

21). On September 1, 2005, the State responded to plaintiff's memorandum brief with a "Motion To Affirm", setting forth the following:

"The Superior Court's decision is manifestly correct under State Law, habeas Corpus is not available for a person committed or detained on a felony Charge, the species whereof is plainly and fully set forth in the Commitment." Del. C. Ann.

16.

Tit. 10 Subsec. 6902(1). (See att Ex-3).

22). On November 1, 2005, the Delaware Supreme Court affirmed the decision of the Superior Court for the reason stated in the State's "Motion To Affirm", as set forth in above paragraph(21), With added emphasis. (See att Ex-4).

23). In scope of Delaware Supreme Court Rule 25(a)(iii), the plaintiff was unable to seek re-dress on the unconstitutionality of 10 Del. C. Sub-sec. 6902(1) in the State Courts, because the plain-tiff was not allowed to respond to the State's "Motion To Affirm" unless the Court request a response. ("The Court did not request a response").

24) On May 5, 2006, the plaintiff filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. subsec. 2254 and a Memorandum Brief in support of same, with the District Court of Delaware challenging the denial of his habeas corpus in State Court on Claims of double jeopardy, lack of jurisdiction to reindict, denial of equal protection and due process, and denial of appellate process prior to trial in State Court. (See att. Ex-19-20). (D.Del. Civ. No. 06-296-SLR, A matter of public record).

25) On September 5, 2006, the respondents filed an "Answer" to plaintiff's section 2254 habeas petition requesting dismissal of petition by reiterating same Reason as set forth in State's previously

18.

Filed "Motion To Affirm" in State Court, as set forth in above paragraph 21. (See att. Ex-5).

26) On September 14, 2006, the plaintiff filed a response to respondents answer to his section 2254 habeas petition refuting 10 Del. C. Subsec. 6902-(1) as unconstitutional, in scope of U.S.C.A. Const. Art. I, sec.9, Cls.2; which states the following:

> "The privilege of the Writ of habeas Corpus Shall not be Suspended, Unless When in Cases of Rebellion or invasion the public Safety may require it"
> (See att. Ex-6)

27). On June 14, 2007, defendant ("Robinson") declined to accept jurisdiction over plaintiff's claims as set forth in plaintiff's habeas petition as set forth in above paragraphs 26 and last clause of paragraph 24, and ruled outside of her judicial capacity, and in clear absence of all jurisdiction, when dismissing plaintiff's habeas petition for failure to exhaust State remedies on appeal after plaintiff's convictions. When in fact, plaintiff's habeas petition pertained to matters prior to trial in State Court, and had nothing to do with plaintiff's Conviction. (See att. Ex-7).

(a) The plaintiff's declined to

File an appeal on his con-

viction to pursue his appeal
that was already pending in
the Delaware Supreme Court
on denial of his habeas petition
prior to trial in State Court. (See
att. Ex-6, and Ex-A att to same).

28) On June 21, 2007, the plaintiff filed a petit-
ion for "Rehearing En Banc" with the District Court
refuting defendant ("Robinson's") "Memorandum Opinion
and Order", and requested a determination on
undecided claims. Once again defendant ("Robinson")
declined to accept jurisdiction and took upon
her own initiative and appealed plaintiff's
petition for "Rehearing En Banc" to the Third

Circuit Court of Appeals. Unknowing to the plaintiff. (Case No. 07-2944, A matter of public record)(See att. Ex-8)

29. On June 29, 2007, the Third Circuit Court of Appeals notified the plaintiff that he had filed an appeal with the Court and directed the plaintiff to either pay the $455.00 filing fee or file a Motion to proceed in Forma Pauperis by July 13, 2007 (See att. Ex-9).

30) On July 3, 2007, the Third Circuit Court of Appeals once again notified the plaintiff that an appeal had been filed from the Final Order of the District Court denying plaintiff's petition for writ of habeas Corpus pursuant to 28 U.S.C. 2241 or 2254

22.

or pursuant to F.R.Civ.p. 60(b), that the plaintiff may file a certificate of appealability within (21) days of the date of letter. (See att. Ex-10).

31). On July 8, 2007, the plaintiff filed a "petition For Remand For A Determination On Undecided Claims" With the Third Circuit Court of Appeals, and informed the Court that the plaintiff did file an appeal with this Court. (See att. Ex-11).

32). On September 24, 2007, the plaintiff received an Order From the Third Circuit Court of Appeals, denying his petition for remand for a determination on undecided Claims. (See att. Ex-12).

33). On October 1, 2007, the plaintiff filed a "Petition For Rehearing To Vacate and Set Aside the Court's Order and Remand Case Back To The District Court For A Determination On Undecided Claims. (See att. Ex-13)

34). On December 19, 2007, the plaintiff filed a "Motion For Expedited Hearing On Petition For Rehearing To Vacate and Set Aside The Court's Order and Remand Case Back To The District Court For A Determination On Undecided Claims. (See att. Ex-14).

35). On January 2, 2008, the Third Circuit Court of Appeals once again denied the plaintiff's petition and Motion as set forth in above paragraphs 33 and 34, with a denial by the entire panel of Circuit judges, and all other available

Circuit judges in active Service (See, att. Ex-15).

36). On January 22, 2008, the plaintiff filed a petition for Writ of Certiorari with the Supreme Court of the United States. The petition was docketed on January 30, 2008, and was denied on March 17, 2008. (Case No. 07-9015, A matter of public record). (See att. Ex-16 and 17).

37). On March 25, 2008, the plaintiff filed a petition for "Rehearing", which was docketed by the Clerk of the Supreme Court of the United States. The petition for Rehearing was denied by the Court on May 12, 2008. (See attached Ex-18).

<u>Claims</u>

38). When the defendants declined to accept juris-
diction and redress the plaintiff's Claim that 10 Del.
C. subsec. 6902 (1) is unconstitutional, in violation of
U.S.C.A. Const. Art. I, Sec. 9, Cls. 2; and denial of plaintiff's
right to appellate process and procedures prior to
trial in State Court on denial of a double jeopardy
reindictment Claim under the holdings of <u>Cohen V. Bene-
ficial Industrial Loan Corp.</u>, 337 U.S. 541, 546 (1949); And
<u>Abney V. U.S.</u>, 331 U.S. 651, 659-63 (1977) Presented be-
fore the defendants in Case No. 07-9815, Supreme
Court of the United States; Case No. 07-2944, United
States Third Circuit Court of Appeals; and Case No.
06-298-SLR, United States District Court for the

District of Delaware. (A matter of public records).
That the defendants actions denied the plaintiff
of access to the Courts, equal protections of the
Laws, and denied the plaintiff due process, and was
motivated with intent to deprive the plaintiff of
equal privileges and immunities secured under the
Constitution of the United States (U.S.C.A. Const. Amend.
I, V, and XIV).

39) That the defendants knew, or should have
known that their actions were in fact, in violation
of the Constitution and Laws of the United States,
and would further violate the rights of the
plaintiff when the defendants failed to act at all
on plaintiff's factually stated Claims, but instead

defendants chose to subject the plaintiff to cruel and unusual punishment by burden the plaintiff down with vexatious litigation that they knew would be of no avail (U.S.C.A. Const. Amend. VIII and XIV).

40). That the actions taken by the defendants was with intent to conspire to deny the plaintiff of access to the Courts, equal protection of the laws, and to prevent the plaintiff from enforcing his rights under the Constitution and laws of the United States. ( (U.S.C.A. Const. Amend. I, V and XIV).

41). The defendants actions has deprived the plaintiff of privileges and immunities of rights equally enjoyed and secured by law to all Citizens of the United States, and that the defendants

28.

were indeed, motivated by racial or otherwise Class-based invidiously discriminatory animus behind their conspiratorial actions.

42) That the defendants were deliberately in-different to the plaintiff's Constitutional rights, and the defendants indifference is in part at-tributable to racial prejudice.

43) This is so, because 10 Del. C. Subsec. 6902 (1), in scope of U.S.C.A. Const. Art. I, Sec. 9, Cls. 2, is a resurrection of the ("Black Codes") that were im-plemented and put into practice by several States to limit the rights of the newly freed slaves after the passing of the XIII Amendment to the Consti-tution of the United States in the year of 1865, to

which I am an offspring.

44). Therefore, the defendants knew or reasonably should have known that 10 Del. C. Subsec. 6902 (1), is unconstitutional, and would injure the plaintiff, and that the ~~XIV~~ Amendment to the Constitution of the United States was passed in 1868 to Counteract the ("Black Codes") to ensure that "no State shall make or enforce any law which shall abridge the privileges or immunites of Citizens of the United States... or deprive any person of life, Liberty, or property without due process of law or deny any person within its jurisdiction the equal protection of the laws."

45). The defendants also knew or should have known that the actions they undertook outside the sphere of their jurisdiction would violate the rights of the plaintiff, and that their actions would amount to malicious intent to cause a deprivation of the plaintiff's Constitutional rights or other injury.

46). That defendant ("Robinson"), ("Defendants of the Third Circuit Court of Appeals"), and ("Defendants of The Supreme Court of The United States") have placed themselves in the position of witnesses to a crime who had the power and authority to prevent the crime from escalating, but instead acquiescently consented to the crime being carried

31.

Out by doing nothing to stop it. Thus, becoming coconspirators to a crime as if committing the crime themselves. As in Buckner v. Hollins, 983 F.2d. 119 (8th Cir. 1993). All defendants were deliberate indifferent to the rights of the plaintiff, because all defendants have actual knowledge of the Constitutional violations against the plaintiff's person, but outright refused to protect the rights of the plaintiff. See Farmer v Brennan, 511 U.S. 825, 837 (1994). Therefore, all defendants are coconspirators to enforcing an unconstitutional Statute, (10 Del. C. Subsec. 6902(1)) and are directly under the holdings of Ex parte Young, 209 U.S. 123, 28 S. Ct. 441,

52 L.Ed. 2d 895 (1908), and are stripped of absolute immunity. See Butz V. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed. 2d 895 (1978)... "there is no basis for according to federal officials a higher degree of immunity from liability when sued for constitutional infringement than is accorded State officials when sued for identical violations under Civil rights Statute, Federal officials should enjoy no greater zone of protection when they violate Federal Constitutional rules then do State officials."

47). The defendants had an obligation under the Constitution and laws of the United States to protect the rights of the plaintiff, but failed

33.

to do so, and are liable to the plaintiff for da-
mages for the Constitutional injuries sustained.
See Correctional Service Corporation v. Malesko, 534
U.S. 61, 69 (2001); The purpose of a Bivens action
is to deter individual Federal officials from
committing unconstitutional acts. That all named
defendants have deprived the plaintiff of his Con-
stitutionally protected liberty interest and entitlement
of certain rights and benefits secured by the Constitut-
ion and laws of the United States. All named defendants
had specific personal involvement in denying the plain-
tiff of various Constitutional rights to which they
intentionally participated and approved.
(U.S.C.A. Const. Amend. I, II, VIII and XIV).

34.

Facts - II

48). On May 23, 2007, the plaintiff filed a 42 U. S. C. Section 1983 Civil Action Complaint with the District Court for the District of Delaware challenging 10 Del. C. subsec. 6902 (1) as being unconstitutional under U.S.C.A. Const. Art. I, sec. 9, Cls. 2, and in violation of the plaintiff's Constitutional rights. (D. Del. Civ. A. No. 07-342-SLR, A matter of public record). (See att. Ex-22).

49). On July 17, 2007, defendant ("Robinson") dismissed Plaintiff's Complaint, and amendments to same, pursuant to 28.U.S.C. subsec. 1915. Indicating, in her Memorandum Opinion (in clear absence of all jurisdiction) that State defendants actions in scope of 10 Del. C.

Subsec. 6902 (1), and U.S.C.A. Const. Art. I, sec.9, Cls. 3, was a legitimate legislative function. (See att. Ex-23)

50) On July 24, 2007, the plaintiff filed a "Motion For Reconsideration" refuting defendant ("Robinson's") Memorandum Opinion. On November 8, 2007, defendant ("Robinson") denied the plaintiff's Motion For Reconsideration. (See att. Ex-24-25).

51). On December 11, 2007, the plaintiff filed a "Notice of Appeal" with the Third Circuit Court of Appeals, and on January 17, 2008, the plaintiff filed an "Informal Brief" in support of same. (Case No. 07-4674, A matter of public record). (See att. Ex-26-27).

52). On March 31, 2008, the Court of appeals denied the plaintiff's notice of appeal, setting forth that "neither the District Court nor that Court had subject matter jurisdiction over plaintiff's Claim". Indicating in the "Opinion of the Court" (in Clear absence of all jurisdiction) that the plaintiff should not be granted "Prospective injunctive Relief," because it would "Seriously interfere" With the ("illegitimate") Legislative Function. (See att. Ex-28). (IOP 5.3)

53). On April 9, 2008, the plaintiff filed a petition For Writ of Certiorari With the Supreme Court of the United States. The petition was docketed on April 16, 2008. (Case No. 07-10435, A matter of public record) (See att. Ex-29-30).

54). The United States Supreme Court declined to accept jurisdiction over plaintiff's Claim, and on June 16, 2008, the plaintiff's petition for a Writ of Certiorari was denied. (See att: Ex-31-32).

55). However: (D. Del. Civ. No. 06-296-SLR; D. Del. Civ. A. No. 07-342-SLR; Case No. 07-2944; Case No. 07-4674; Case No. 07-9015; and Case No. 07-10425) are all based upon the same stigma and Claim.

56). In this particular case, it is said that defendant ("Robinson") of the District Court of Delaware and ("Defendants of the Third Circuit Court of Appeals") did not have subject matter jurisdiction over plaintiff's Claim, and ("Defendants of the Supreme Court of the United States") declined to

38.

accept jurisdiction and redress the plaintiff's claim. In Davis v. Passman, 442 U.S. 228 (1979) the Court has indicated that "justiciable Constitutional rights are to be enforced through the Courts". Id. at 242. While United States Constitution Article III, section 2, paragraph 2, explicitly sets forth that the United States "Supreme Court shall have appellate jurisdiction, both as to law and fact". Unlike Wilkie v. Robbins, 127 S. Ct. 2588, 2598 (2007). The illegitimate and wrongful acts committed by the defendants in plaintiff's cases are prima facie.

57). Therefore, the plaintiff challenge Rules of the U.S. Supreme Court, Rule 10 Clause 1 and 2 as un-constitutional, and in violation of the plaintiff's

rights, secured by the Constitution of the United States. That United States Supreme Court Rule 10 breeds un-fairness, and is an abuse of discretion, in scope of U.S.C.A. Const. Art. III, sec. 2.

58). Nevertheless: In spite of the unconstitutionality of U.S. Supreme Court Rule 10 ("Defendants of the United States Supreme Court") had an obligation to protect the rights of the plaintiff, and afford the plaintiff redress for Constitutional violations by State of-ficials, but failed to do so, and acted outside the scope of their judicial capacity, in clean absence of their authorized jurisdiction, in scope of U.S.C. A. Const. Art. III, Sec. 2; And should have reviewed the Court of appeals decision for abuse of discretion.

59). That defendant ("Robinson") violated plaintiff's rights and injured the plaintiff when defendant declined to accept jurisdiction and redress the plaintiff's claims of denial of appellate process prior to trial in State Court on denial of a double jeopardy reindictment Claim, and plaintiff's Claim that 10 Del. C. Subsec. 8902(1), in scope of U.S.C.A. Const. Art. I, sec. 9, Cls. 2, is unconstitutional, and similar to the ("Black Codes") implemented and passed by several States against the newly freed Slaves in 1865, in D. Del. Civ. No. 06-296-SLR. Setting forth a "Memorandum Opinion and Order in Clear absence of defendant's authorized jurisdiction, and outside of defendant's judicial Capacity.

41.

60). That ("Defendants of the Third Circuit Court of Appeals") violated the plaintiff's rights and injured the plaintiff when defendants declined to remand plaintiff's case back to the District Court for a determination on undecided claims, on appeal to that Court by the District Court, and dismissed the plaintiff's case, in clear absence of all jurisdiction, and outside the scope of their judicial capacity, in Case No. 07-2944.

61). That ("Defendants of the Supreme Court of the United States") violated the plaintiff's rights and injured the plaintiff when defendants declined to accept jurisdiction, in scope of United States Constitution Article III, Section 2, to review the

("Defendants of the Third Circuit Court of Appeals")
denial of plaintiff's petition for remand back to the
District Court for a determination on undecided
Claims, and dismissed plaintiff's petition for a
Writ of Certiorari, in Complete absence of the
defendants authorized jurisdiction, and outside
the scope of the defendants judicial Capacity, in
Case No. 07-9015; An abuse of discretion.

62). Therefore: The plaintiff is entitled to
recover damages for the injuries he has suffered
as a result of all defendants violations of the
plaintiff's rights secured by U.S.C.A. Const. Art. I,
sec. 9, Cls. 2, and the First, Fifth, Eighth and the
Fourteenth Amendments to the Constitution of

43.

the United States.

63). That all defendants in U. Del. Civ. A. No 07-342-SLR; Case No. 07-4674; and Case No. 07-10425, in deciding plaintiff's case, have acted in complete absence of all jurisdiction, and outside the scope of their judicial capacity, and injured the plaintiff by denying the plaintiff his rights secured by the Constitution and Laws of the United States.

64). The plaintiff realleges paragraphs 10-63 of this Complaint, that all defendants had an obligation pursuant to the Constitution and Laws of the United States to remedy and afford the plaintiff redress for Constitutional violations by State officials, but declined to protect the rights

44.

of the plaintiff, and are liable for the Constitutional

Violations they have committed against the plaintiff.

    62) In reviewing this Complaint may the Court be

reminded of Conly V. Gibson, 355 U.S. 41, 45-46 (1957);

Haines V. Kernor, 404 U.S. 519, 520-521 (1972). That

Pro Se Complaints are to be held to less strin-

gent Standards than formal pleadings drafted by

lawyers, "and can only be dismissed for failure to

state a claim when it appears beyond doubt that

the plaintiff can prove no set of facts in support

of his claim which would entitle him to Relief."

See also Nami V. Fauver, 82 F. 3d. 63, 65 (3d Cir. 1996)

(quoting Holder V. City of Allentown, 987 F. 2d 188, 194

(3d Cir. 1993). That the Court also must "accept as

true factual allegations in the Complaint and all inferences that Can be drawn thereform."

60). In Concluding, the plaintiff in scope of United States Supreme Court Rules, Rule 10, Cls. 1 and 2 and Rule 45.1, reserve the right to amend Complaint, add new defendants and expand the record, upon information gathered.

### Relief Demanded

Wherefore: The plaintiff pray that the Court will enter judgment granting the following relief.

61). A declaratory judgment that all defendants named in the Complaint violated plaintiff's rights secured to him by the Constitution and laws of

the United States.

68). Punitive damages against each defendant jointly and severally in the amount of $2,000,000 for their conspiratorial and discriminatory reckless and callous indifference to the plaintiff's Federal rights, and intentional violations of Federal law.

69). Such other and further relief as the Court may deem just and proper. (Ephesians 6:12).

Dated: July 30, 2008

Plaintiff, Pro Se,
Anson I. Gibbs, Sr.
Anson I. Gibbs, Sr.
1181 Paddock Road
Smyrna, Delaware 19977.
MHU-Bldg. #93-A-L-6
SBI #066982

SBI# *66982*    UNIT/HHU Bldg 23-A-2-6

**DELAWARE CORRECTIONAL CENTER**
**1181 PADDOCK ROAD**
**SMYRNA, DELAWARE 19977**



$ 05.20⁰
02 1A
0004608075    JUL 31 2008
MAILED FROM ZIP CODE 19977

_Legal Mail_

To: Clerk of the Court
U.S. District Court of Delaware
844 N. King Street, Lockbox 18
Wilmington, Delaware
19801



IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Kent_ COUNTY

IN THE MATTER OF THE PETITION OF )    C.A. NO.    0 8 - 4 8 0
                                  )    HABEAS CORPUS
                                       _Super. Ct. Cr. A.Ct. No. IK04050921 And I._

THE STATE OF DELAWARE,                 _IK 04050927_

You are commanded:

      To have _____ who is allegedly detained in your custody, before
the Superior Court of the State of Delaware, at the County Court House at
_____ Delaware immediately after the receipt of this writ; and to abide any
order which the Court shall make concerning Petitioner.
      And further, to certify fully in writing under oath the true cause of said detention,
and to have there a copy of all process or Orders, if any, under which he is detained and
also this writ.

                                                   _____
                    AUG - 1 2008            Prothonotary

Dated: _____
            U.S.
          DISTRICT OF DELAWARE
To the above named Respondent:

      In case of your failure to produce _____ as above
commanded, and fully certify in writing under oath the true cause of his detention, with a
copy of all process or orders, if any, under which he is detained, within 3 days after
service hereof upon you if the place where he is detained is not more than 20 miles from
the County Court House, or within 6 days if such place is more than 20 miles, you may
be adjudged to be in contempt of court.

                                                  _____
                                              Prothonotary

~~Exhibit A~~  _Ex - 1_

~~(Appella)~~

State of Delaware

          ss.

_____ County

_____, Sheriff of _____ County, deposes
and says that he served personally upon _____ the
original Writ of Habeas Corpus of which the within is a true copy, by leaving the original
Writ with _____
on _____, 20 .

SWORN TO AND SUBSCRIBED before me, _____, 20 .

                                             _____

                                             Prothonotary

<u>Opening Statement</u>

This Habeas Corpus proceeding is brought on ground that there has been a violation of Due Process of law in the proceedings in State Court in defendant's case, starting initially, from the outset of defendant's arrest.

The defendant feel as though the Court Should apply the Same "bar" standards as set forth in <u>Wilmer v. State</u>, (Cite as 827 A.2d 30), and <u>State v. Kendell</u>, Del Super, 2002, to the Attorney General's Office "when a reindictment is based upon the Same Set of essential elements or Statutory language, and when the first indictment has been adjudicated or dismissed by the Court, the interest of justice exception must come into play and the Attorney General must show that the court lacked authority to dismiss the former indictment."

"That the Attorney General therefore should not now be heard to complain through his present reindictment... particularly since the supporting documentation or record is the same that the Attorney General relied on in his earlier attempt to indict the defendant..." "Any grounds for relief that was formerly adjudicated.. is thereafter barred."

The reindictment violates the 5th and 14th Amendments to the Constitution of the United States. (U.S.C.A. Const. Amends. 5 and 14).

(Exhibit-A)

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Kent_ COUNTY

IN THE MATTER OF

_Arson I. Gibbs, Sr._

for a Writ of Habeas Corpus

C.A. No.
_Super. Ct. Ca. Act. Nos. IK04050921 And_
_IK04050927_

## MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS

The above defendant submits this memorandum in support of his petition for Writ
of Habeas Corpus. Petitioner states the following in support:

1.  The Criminal Action Number in this case is _IK04050921 IK04050927._

2.  Your petitioner is being unlawfully restrained of his liberty, in violation of the
laws of the State of Delaware, by reason of _10 Del. C. Sec. 6900,_
_10 Del. C. Sec. 4501 thru 4543 and 11 Del. C. Sec. 207,_
_Due Process, Equal Protection and the Double Jeapardy_
_Clause of the Delaware and United States Constitution. That_
_the Grand Jury Was Without/ Lacked jurisdiction to Re-_
_indict the defendant on Changes that had already been_
_dismissed. (See reverse Side)_

WHEREFORE, petitioner prays the petition issue and the writ granted.

_Arson I. Gibbs, Sr. SBI #: 166982_

Delaware Correctional Center
1181 Paddock Road
Smyrna, DE. 19977

Dated: _6 - 19 - 05_

(1)

That one year had passed before first indictment was dismissed. Approximately three weeks later a reindictment was issued using the same essential elements of the first indictment under 11 Del. C. Sec. 861. Generally, indictment drawn in language of Statute is sufficient, but if Statute fails to delineate with specificity all the essential elements of the crime, drafter of indictment may not safely rely on Statutory language alone." The reindictment failed to give any new information or evidence that would warrant the reindictment.

This procedure was Clearly prejudicial, vindictive and an abuse of the Criminal process, and in violation of due process, equal protection and the double jeopardy Clauses of the 5th and 14th Amendments to the United States Constitution.

That the grand jury lacked jurisdiction to reindict the defendant on the same offense(s) using the same elements of the proposed Crime. The reindictment had already been asserted in the former indictment.

Therefore, the petition for habeas Corpus relief should be granted, because the defendant has stated a Colorable Claim that a miscarriage of justice and Constitutional violations has occurred.

Defendant,

Anson I. Gibbs, Sr.

Anson I. Gibbs Sr. SBI# 166982
1181 Paddock Road
Smyrna, Delaware 19977.

6-19-05

(3)

*rec'd. July 10, 9085*

# SUPERIOR COURT
### OF THE
## STATE OF DELAWARE

WILLIAM L. WITHAM, JR.
*RESIDENT JUDGE*

June 30, 2005

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5332

Mr. Arson I. Gibbs, Sr.
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Re:    Arson I. Gibbs, Sr. v. State of Delaware
       ID Nos. 0404009981 and 0404017226
       C.A. No. 05M-06-017

Dear Mr. Gibbs:

The Court has reviewed your petition for writ of habeas corpus which was filed with the Prothonotary on June 29, 2005.

The extraordinary remedy of habeas corpus is not available where the commitment is regular on its face. *Jones v. Anderson,* Del. Supr., 183 A.2d 177, 178 (1962), *citing, Curran v. Woodley,* Del. Supr., 104 A.2d 771 (1954).

You were re-indicted on March 7, 2005 apparently to bring both sets of charges under one indictment. Currently you are being lawfully held at Level 5 in default of bond while awaiting your appearance in Superior Court for Final Case Review on July 19, 2005. Therefore, your petition for writ of habeas corpus is *dismissed.*

**IT IS SO ORDERED.**

WLW/dmh
oc:    Prothonotary
xc:    Mr. Arson I. Gibbs, Sr. - DCC
       Attorney General's Office
       Sheryl Rush-Milstead, Esquire
       Inmate Records Supervisor - DCC
       File

$Ex-2$

(Exhibit F)

*P-7.*

IN THE SUPREME COURT OF THE STATE OF DELAWARE

ARSON I. GIBBS, SR.,                      )
                                          )
        Defendant Below,                  )
        Appellant                         )
                                          )
vs.                                       )   No. 299, 2005
                                          )
STATE OF DELAWARE,                        )
                                          )
        Plaintiff Below,                  )
        Appellee                          )

### MOTION TO AFFIRM

Pursuant to Rule 25(a), the State of Delaware moves to affirm the judgment of the Superior Court on the grounds that it is manifest on the face of the opening brief that the appeal is without merit for the following reasons:

1. In July 2004, the grand jury indicted Arson Gibbs, charging him in two separate bills of indictment with multiple counts of forgery and theft. (B1, 5). In March 2005, prosecutors obtained a superseding indictment, combining the charges from the two earlier indictments. (B3). A Superior Court judge, sitting without a jury, convicted Gibbs in July 2005 of five counts of forgery and five counts of theft. (B4).

2. Gibbs had applied for state habeas corpus in June 2005. Superior Court summarily denied the petition in June 2005, holding that Gibbs was not entitled to relief because he was being held in default of bail. (B9).

3. The Superior Court decision is manifestly correct. Under state law, habeas corpus is not available for a person committed or detained on a felony charge, "the species whereof is

( /.l.
(APP 76) Ex-3

plainly and fully set forth in the commitment." Del. Code Ann. tit. 10, §6902(1). *See, e.g., Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997). The Superior Court record plainly shows that: Gibbs had been indicted by the grand jury; bail had been reduced; Gibbs had failed to appear for trial in May 2005; a capias had been issued; Gibbs had been apprehended; bail had been set at a total of $2000 cash; and Gibbs had not made bail. (B3-4, 7). Under the state habeas statute, that was enough to warrant dismissal of Gibbs' petition.

4. Gibbs stated no claim under the state habeas corpus statute. The judgment of the Superior Court should accordingly be affirmed.

Loren C. Meyers\
Del. Bar ID 2210
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500

September 1, 2005

P-9

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARSON I. GIBBS, | § | |
| | § | |
| Defendant Below- | § | No. 299, 2005 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 0404009981 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: September 1, 2005
Decided: November 1, 2005

Before **STEELE**, Chief Justice, **HOLLAND**, and **JACOBS**, Justices.

## O R D E R

This 1st day of November 2005, upon consideration of the opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The defendant-appellant, Arson Gibbs, filed this appeal from the Superior Court's denial of his petition for habeas corpus. The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Gibbs' opening brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that Gibbs was indicted in July 2004 in two separate bills of indictment with multiple counts of forgery and theft. He

*(Exhibit A)*  $\mathcal{E}x - 4$

subsequently was reindicted in a consolidated indictment in March 2005. He was convicted in July 2005, following a Superior Court bench trial, of five counts of forgery and five counts of theft. Gibbs had filed a petition for a writ of habeas corpus in June 2005, which the Superior Court summarily dismissed on the ground that Gibbs was lawfully detained in default of bail.

(3)     The Superior Court's decision is manifestly correct. Under state law, a writ of habeas corpus is not available to any person who is committed or detained on a felony charge, "the species whereof is plainly and fully set forth in the commitment."* Gibbs was being lawfully held on felony charges in default of bail. Accordingly, he was not entitled to habeas corpus relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

* 10 Del. C. § 6902(1).

D.I. 16

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARSON I. GIBBS, SR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ.Act.No.06-296-SLR |
| | : | |
| THOMAS CARROLL, Warden | : | |
| and CARL C. DANBERG, Attorney | : | |
| General for the State of Delaware | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. §
2254, respondents state the following in response to the petition for a writ of habeas
corpus:

On July 21, 2005, the petitioner, Arson I. Gibbs, Sr., was convicted in a Delaware
Superior Court bench trial of five counts of second degree forgery and five counts of theft
by false pretense. *Gibbs v. State*, 2005 Del. LEXIS 427, *1-2 (Del. 2005)(*Gibbs I*).
Gibbs was sentenced to a total of ten years imprisonment to be followed by a term of
probation. *See Gibbs v. State*, 2006 Del. LEXIS 375 (Del. 2006) (*Gibbs II*).  On appeal,
the Delaware Supreme Court affirmed Gibbs' convictions and sentence. *Id.* at *3.  In
June 2005, Gibbs had filed a petition for a writ of state habeas corpus with the Delaware
Superior Court.  Superior Court denied relief, ruling that Gibbs was lawfully detained in
default of bail. (D.I. 2, Exhibit F at #6).  On November 1, 2005, the Delaware Supreme
Court affirmed the ruling of Superior Court holding that, under 10 Del. C. §6902(1), "a
writ of habeas corpus is not available to any person who is committed or detained on a

Ex - 5

felony charge, 'the species whereof is plainly set forth in the commitment." *Gibbs I*, at *2 (Del. 2005). Because Gibbs was being detained on felony charges in default of bail, he was not entitled to habeas corpus relief. *Id.* Gibbs' federal habeas corpus appeal is dated May 5, 2006.

Facts

Arson Gibbs was arrested in May 2004. (Superior Court Criminal Docket #0404009981, at 1.). In July 2004, the grand jury indicted Gibbs, charging him in two separate bills of indictment with multiple counts of forgery and theft. *Id.* In March 2005 prosecutors obtained a superseding indictment, combining the charges from the two earlier indictments. *See Gibbs I* at *1. In June 2005 Gibbs applied for state habeas relief pursuant to 10 Del. C. §6902. (D.I. 2, Exhibit A at #1). A Superior Court judge, sitting without a jury, convicted Gibbs in July 2005 of five counts of forgery and five counts of theft. (Superior Court Criminal Docket #0404009981, at 4).

Discussion

In his petition for federal habeas relief, Gibbs raises the following grounds for relief: (1) the superseding indictment obtained against him in March 2005 violated the Double Jeopardy Clause of the Fifth Amendment; (2) Superior Court lacked jurisdiction to try Gibbs while his state habeas corpus appeal was pending in the Delaware Supreme Court; (3) Superior Court lacked jurisdiction to rule on Gibbs' state habeas corpus appeal after the Delaware Supreme Court had accepted jurisdiction; and (4) the Delaware Supreme Court erred in the following ways - by not stopping Gibbs' Superior Court trial while his state habeas corpus appeal was pending; by allowing the State additional time to file the answering brief; and by changing the jurisdiction from Kent County to New

2

Castle County.    Gibbs did not present any of his claims on direct appeal of his conviction. *See Gibbs II.* He did, however, present his Double Jeopardy claim to the state Supreme Court in *Gibbs I.*

*Claim One - Double Jeopardy*

Gibbs has asserted that the State violated his rights under the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States by obtaining a superseding indictment while the first was still pending. In the first instance, Gibbs has failed to exhaust his state remedies on this claim. In order to exhaust state remedies, Gibbs must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry,* 513 U.S. 364, 365 (1995); *Landano v. Rafferty,* 897 F.2d 661, 670-71 (3d Cir.), *cert. denied,* 498 U.S. 811 (1990); *Gibson v. Scheidemantel,* 805 F.2d 135, 139 (3d Cir. 1986). In turn, the claim must have been fairly presented to the state's highest court. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, *2 (D.Del. Dec. 22, 2000). Fair presentation requires that the claim be presented in a manner which permits the state's highest court to consider the merits of the case. *See Castille v. Peoples,* 489 U.S. 346, 350 (1989); *Brown v. Allen,* 344 U.S. 443, 448-49 n. 3 (1953). In the instant case, Gibbs attempted to use the state habeas procedure to challenge his detention where his claims were more properly raised in the context of a direct appeal of his convictions. Under state law, habeas corpus is unavailable to "those committed on a charge of felony, the species whereof is plainly and fully set forth in the commitment." 10 Del. C. §6902. At the time his state habeas appeal was filed, Gibbs was detained in default of bail on felony forgery charges. (*See* Superior

3

Court Criminal Docket #0404009981, at 3). After Superior Court granted a motion reducing his bail to $500 on all counts on March 16, 2005 (*Id.*), Gibbs failed to appear for trial on May 31, 2005 and a capias was issued. *Id.* The capias was returned on June 7, 2005 and Gibbs was ordered held on a cash bond of $5,000. *Id.* Shortly thereafter Gibbs filed his state habeas petition. *Id.* at 4. Thus the only issue properly before the state Supreme Court on appeal was the circumstances of his detention in June 2005. *See Curran v. Woolley*, 104 A.2d 771, 773-74 (Del. 1954). The court was not required to consider the merits of his double jeopardy claims. *See Nickerson v. Snyder*, 2002 WL 237869, at *2 (D. Del. 2002). Gibbs, therefore, had not fully exhausted state remedies in regard to his double jeopardy claim at the time he filed this action.

If, however, there is no available state remedy, then Gibbs is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001). Gibbs filed a direct appeal of his convictions in November 2005. (Superior Court Criminal Docket #0404009981, at 5). On direct appeal to the Delaware Supreme Court, Gibbs failed to raise this double jeopardy claim. By not raising this issue on direct appeal, Gibbs is procedurally barred from raising the claim in subsequent post-conviction filings. *See* DEL. SUPER. CT. CRIM. R. 61(I)(3); *Oney v. State*, 482 A.2d 756, 758 (Del. 1984); *Johnson v. State*, 460 A.2d 539, 541 (Del. 1983). Thus, Gibbs is excused from the exhaustion requirement, but the claim is procedurally defaulted. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Gibbs has not alleged cause

4

for his failure to raise his double jeopardy claim on direct appeal. As a result, Gibbs has not established cause for his procedural default, and that alone is sufficient to warrant dismissal of his federal claims. *E.g., Elliott v. Kearney*, 2004 WL 724958, *4 n.5 (D. Del. Mar. 31, 2004). *See also Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995) (citing cases).

Alternatively, Gibbs' contention that his rights under the Double Jeopardy Clause of the Fifth Amendment were violated by the two simultaneous indictments obtained against him is without merit. The Double Jeopardy Clause protects against multiple trials for the same offense, not against multiple indictments for the offense. No double jeopardy issue is presented when there are several pending indictments, setting forth largely identical charges, against the same defendant. *United States v. Cerilli*, 558 F.2d 697, 701 & n. 8 (3d Cir. 1977) (citing cases). Jeopardy attaches when a jury is empanelled and sworn. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977). Thus only when the prosecution attempts, after a verdict on one indictment, to move ahead on another indictment charging the same offense, does the Double Jeopardy Clause come into play. Gibbs was never prosecuted on the 2004 indictments, and by the *nolle prosequis* on the charges contained in the 2004 indictments, the State clearly demonstrated its intent to proceed on only one indictment. Gibbs was tried and convicted solely on the 2005 indictments. Thus the Double Jeopardy Clause was never implicated, and Gibbs simply has made out no claim for relief.

*Claims Two and Three – Superior Court Errors*

Gibbs' second and third claims for relief are not cognizable in federal habeas review. Gibbs contends that Superior Court exceeded its authority by first failing to halt

5

his trial while his state habeas action was pending and second by ruling on the petition. A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001). Gibbs' contention that Superior Court erred by not halting his trial pending resolution of his state habeas petition (and appeal), is without merit. Superior Court was under no obligation to halt Gibbs' trial. Gibbs' second contention, that Superior Court lacked jurisdiction to rule on his state habeas petition, is clearly incorrect. Delaware law grants jurisdiction to issue writs of habeas corpus to the Superior Court for all matters except those involving child support enforcement. 10 Del. C. §6901. Assuming for purposes of argument that Gibbs' contention that Superior Court erred in either of these two instances, the errors are procedural and not cognizable on federal habeas review. *Smith v. Zimmerman*, 768 F.2d 69, 73 (3d Cir. 1985). Where a state court affirmatively asserts jurisdiction over a matter "a federal habeas court has at most a circumscribed role in reviewing whether a state court properly applied its own law when it explicitly decided to exercise jurisdiction." *Lambert v. Blackwell*, 387 F.3d 210, 238 (3d Cir. 2004). Gibbs' second and third claims offer no basis for review by this Court.

*Claim Four – Delaware Supreme Court Errors*

Gibbs has challenged several procedural decisions of the Delaware Supreme Court. Gibbs has asserted that the state Supreme Court erred by not stopping Gibbs' Superior Court trial while his state habeas corpus appeal was pending; by allowing the

6

State additional time to file the answering brief; and by changing the jurisdiction from Kent County to New Castle County. All of these points are a matter of state law and thus not cognizable in federal habeas.

Gibbs first propounds the claim that the Delaware Supreme Court erred by not prohibiting Superior Court from trying him on the 2005 indictment while his habeas appeal was pending. Assuming for purposes of argument that such a claim is cognizable on federal habeas review, it is without merit. To secure a stay of his trial until his habeas appeal was resolved, Gibbs was required to file for a writ of prohibition in the Delaware Supreme Court. The writ of prohibition is the "legal equivalent of the equitable remedy of injunction." *In re Hovey*, 545 A.2d 626, 628 (Del. 1988). The Delaware Supreme Court was under no obligation to treat Gibbs' improper state habeas petition as a petition for a writ of prohibition. *See DeMoss v. Rhodes*, 133 A.2d 918, 919 (Del. 1957). Thus, even if Gibbs' claim was cognizable on federal habeas review, it is without merit.

Gibbs also asserts that the Supreme Court erred by granting the State's request for an extension of time to file its answering brief when he had not made a similar request. At no time did the State request an extension of time to file the answering brief. And Gibbs suffered no prejudice: the State moved to affirm the Superior Court decision under Delaware Supreme Court Rule 25(a).

Gibbs' final contention that the Supreme Court erred by "changing the jurisdictional territory [of his appeal] from Kent County to New Castle County." (Petition at 10). Gibbs has misinterpreted the actions of the Clerk of the Delaware Supreme Court. Gibbs originally served notice of his appeal on an attorney in the Kent County office of the Department of Justice. (D.I. 2, Exhibit B at #2). The Clerk of the Supreme Court

7

shortly thereafter sent notice of the appeal to Loren Meyers, Esq., Chief of the Appeals Division for the Department of Justice. Because the Supreme Court of Delaware has jurisdiction over the entire state, no jurisdictional change was effected by the Clerk's action. Conversely, Deputy Attorneys General have statewide jurisdiction under Delaware law. 29 Del. C. §2505(g). Gibbs' complaints state no federal claim.

## Conclusion

Based upon the Superior Court docket sheet, it appears that, a transcript of Gibbs' trial, sentencing, and verdict have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612

DATE: September 5, 2006

8

In The United States District Court
For The District of Delaware

Anson I. Gibbs, Sr.,

         Petitioner,

V.

Thomas Carroll, Warden,
Delaware Correctional Center
And Carl C. Danberg,
Attorney General of The
State of Delaware,

         Respondents.

Civil Action No. 06-298-SLR

## Response

    This is petitioner's response to respondents answer, and Motion For Extension of Time To File Certified State Court Records, recied by petitioner on September 8, 2006.

    1). The respondents have stated on pages 1 thru 3 of their answering brief that the Writ of Habeas Corpus was not available to the petitioner because the petitioner is committed or detained on a Felony Charge,

(AA 10.)    Ex - 6

the species whereof is plainly set forth in the Commitment, citing 10 Del. C. Subsec. 6902(1). However; the United States Constitution provides that: "The privilege of the Writ of Habeas Corpus shall not be suspended, unless in Cases of rebellion or invasion, the public safety may require it." U.S. Const. Art. 1, Subsec. 9 Clause 2.

When viewing 10 Del. C. Subsec. 6902(1), in light of U.S. Const. Art. 1, Subsec. 9 Clause 2. The Court will see similarity of what was known as the ("Black Code") enacted during the time of abolishment of Slavery by several States which were intended to limit the Civil Rights of the newly Freed Slaves." 10 Del. C. Subsec. 6902(1), if applied to the petitioner's Case, will undoubtedly, limit the rights of the petitioner. Therefore, as the Fourteenth Amendment was passed in 1868 to protect the rights of the newly freed Slaves, so must the Fourteenth Amendment be applied to protect the rights of the petitioner against the uncon-stitutionality of 10 Del. C. Subsec. 6902(1).

2). In response to pages 4 thru 8 of respondents answer. That petitioner's exhaustion requirements has been met, because the petitioner presented his grounds for relief with specificity to the State Courts in his State Habeas petition and memorandum brief to the Highest State Court. The record will reflect that the respondents failed to respond to the averments presented at the State Court level. See Shute V. Tex., 117 F.3d 233, 237 (5th Cir. 1997)

(2)

("exhaustion requirement was satisfied because petitioner did not raise double jeopardy claim on direct appeal, but raised claim in pretrial State habeas writ, and claim also reviewed... by State Court of appeals"). Therefore, any unexhausted claims must be viewed in light of Lambert V. Blackwell, 134 F.3d 506, 513 (3rd Cir. 1997) ("the exhaustion requirement is excused where no available State Corrective process exsist on the particular circumstances of the case render the State process ineffective to protect the petitioner's rights"); Lambert at 513. (28 U.S.C. Subsec. 2254 (b)(1)(B)(i) and (ii). That the petitioner is contesting the legality of his Confinement, not guilt on innocence, as set forth in the matter of, Covendale, Nickerson and Elliott. The petitioner is illegally Confined under Color of false pretense. Fair presentation to State Courts have been met.

3). Furthermore; the petitioner did not authorize on give authority on official power to any one to file a direct appeal on his behalf from his Conviction in the Superior Court, Kent County. That the petitioner declined to file a direct appeal, to pensue his writ of Habeas Corpus through the Courts. (Please see attached letter sent, Court appointed Counsel, Sandra Dean of the Public Defender's Office exhibit-A). See also Lawyers Rules of Professional Conduct of Delaware. Client-Lawyer Relationship, Rule 1.2. Scope of Representation:

(a) "A lawyer shall abide by a
Client's decisions concerning
the objectives of representation..."

Therefore, no direct appeal should have issued on be-
half of the petitioner, in the State Courts. Petitioner's
claims are not procedurally barred.

4) That the petitioner filed a letter Motion
of prohibition with the Clerk of the Supreme Court of
Delaware to Stay the State Court proceedings until
petitioner's Habeas Petition was resolved. (See attached ex-
hibits H and I of Federal Habeas Petition).

In Concluding, the petitioner pray that the
Court will eliminate the dilatory scheme of the
respondents and grant the petitioner the relief
requested in his Habeas Petition.

Dated: 9-14-06

Petitioner,

Arson L. Gibbs, Jr., SBI # 066982
1181 Paddock Road
Smyrna, Delaware 19977.

(4)

<u>Certificate of Service</u>

This is to Certify that I, Anson I. Gibbs, Sr., did cause to be served a true and Correct copy of the attached Response To Respondent's Answer to Petitioner's Habeas Petition on the the following named person(s) on this 14 day of September 2006.

To: James A. Wakley, Esq.
Department of Justice
820 N. French Street
Wilmington, Delaware 19881

Dated: 9-14-06

Petitioner,
Anson I. Gibbs, Sr., SBI# 066982
1181 Paddock Road
Smyrna, Delaware 19977.

(5)

To: Sandra Dean, Esq.

From: Arson I. Gibbs, Sr., SBI #066982

Dated: October 12, 2005

Re: ID# 0404089981, 0404017228 - (Sentenced on 10-11-05)

Dear Mr. Dean:

I am expediting this letter to your office to inform you not to file a "Notice of Appeal in this case.

The fallout of your fallacious representation in my case has come to an end.

Copy Sent to:
Attorney General Office
102 W. Water Street
Dover, Delaware 19904.

Very Truly Yours,
Arson I. Gibbs Sr.
Arson I. Gibbs, Sr.
1181 Paddock Road
Smyrna, Delaware 19977.

(Exhibit - A)

(6)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARSON I. GIBBS, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-296-SLR |
| | ) | |
| THOMAS CARROLL, | ) | |
| Warden, and JOSEPH R. | ) | |
| BIDEN, III, Attorney General | ) | |
| of the State of Delaware, | ) | |
| | ) | |
| Respondents.[1] | ) | |

---

Arson I. Gibbs, Sr.  Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

---

**MEMORANDUM OPINION**

Dated: June 14, 2007
Wilmington, Delaware

---

[1]Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case.  See Fed. R. Civ. P. 25(d)(1).

~~(App 13.)~~ B    Ex-7

**ROBINSON, Chief Judge**

## I. INTRODUCTION

Currently before the court is petitioner Arson I. Gibbs, Sr.'s ("petitioner")
application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1)
Petitioner is incarcerated at the Delaware Correctional Center in Smyrna, Delaware.
For the reasons that follow, the court will dismiss petitioner's § 2254 application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July 2004, petitioner was charged in two separate bills of indictment with
multiple counts of forgery and theft. (D.I. 22, Del. Super. Ct. Crim. Dkt. No.
0404009981). Prosecutors obtained a superseding indictment in March 2005, which
combined the charges from the two earlier indictments. See (D.I. 22, Gibbs v. State,
C.A. No. 05M-06-017, Letter Order (Del. Super. Ct. June 30, 2005)). In June 2005,
petitioner filed a petition for a writ of state habeas corpus with the Delaware Superior
Court. The Superior Court denied the petition after determining that petitioner was
being lawfully held at Level V in default of bond while awaiting his appearance in the
Superior Court. Id. The Delaware Supreme Court affirmed that decision pursuant to
Del. Code Ann. tit. 10, § 6902(2). Gibbs v. State, 886 A.2d 1277 (Table), 2005 WL
2896980 (Del. Nov. 1, 2005).

In July 2005, while his petition for a writ of state habeas corpus was still pending,
a Delaware Superior Court judge held a bench trial and convicted petitioner of five
counts of second degree forgery and five counts of theft by false pretense. (D.I. 16);
See Gibbs v. State, 2006 WL 1911327 (Del. July 6, 2006). The Superior Court

1

sentenced petitioner as an habitual offender to a total of ten years of incarceration at

Level V, to be followed by a term of probation. <u>Id.</u> Petitioner filed a direct appeal, and

the Delaware Supreme Court affirmed his conviction and sentence. <u>Id.</u> at *3.

## III. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief

unless the petitioner has exhausted all means of available relief under state law. 28

U.S.C. § 2254(b); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842-44 (1999); <u>Picard v.</u>

<u>Connor</u>, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
> or
> (B)(i) there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the
> rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a

petitioner to give "state courts one full opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review process."

<u>O'Sullivan</u>, 526 U.S. at 844-45; <u>Werts v. Vaughn</u>, 228 F.3d 178, 192 (3d Cir. 2000). A

petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims

were "fairly presented" to the state's highest court, either on direct appeal or in a post-

conviction proceeding. <u>See Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir.

1997)(citations omitted); <u>Coverdale v. Snyder</u>, 2000 WL 1897290, at *2 (D. Del. Dec.

2

22, 2000). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004)(citing McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999)). Fair presentation also requires the petitioner to present the claim to the state's highest court in a manner which permits the court to consider the merits of the case. See Castille v. Peoples, 489 U.S. 346, 350 (1989); Brown v. Allen, 344 U.S. 443, 448-49 n.3 (1953).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Nevertheless, such unexhausted claims are procedurally defaulted. Lines, 208 F.3d at 160. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial

3

disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, Bousley v. United States, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Sweger v. Chesney, 294 F.3d 506, 522-24 (3d Cir. 2002).

## IV. DISCUSSION

Petitioner asserts four grounds for relief in his habeas application: (1) the superseding indictment obtained against him in March 2005 violated the Double Jeopardy Clause of the Fifth Amendment; (2) the Superior Court violated the Equal Protection, Due Process, and Double Jeopardy Clauses of the United States Constitution because it lacked jurisdiction to try petitioner while his state habeas corpus appeal was pending in the Delaware Supreme Court; (3) the Superior Court violated the Equal Protection, Due Process, and Double Jeopardy Clauses of the United States Constitution because it lacked jurisdiction to rule on petitioner's state habeas corpus appeal after the Delaware Supreme Court had accepted jurisdiction; and (4) the Delaware Supreme Court violated the Equal Protection, Due Process, and Double Jeopardy Clauses of the United States Constitution by not stopping petitioner's Superior Court trial while his state habeas corpus appeal was pending, by allowing the State

4

additional time to file the answering brief, and by changing the venue from Kent County to New Castle County.

## A. Claim One: Double Jeopardy

In claim one, petitioner contends that the State violated his rights under the Double Jeopardy Clause by obtaining a superseding indictment while the first indictments were still pending. The record reveals that petitioner did not exhaust state remedies for this claim because he did not present the issue to the Delaware Supreme Court in his direct appeal.[2] At this juncture, the claim is procedurally defaulted because Delaware Superior Court Rule 61(i)(3) would bar petitioner from obtaining further state court review of the claim. See Kendall v. Atty. Gen. of Delaware, 2002 WL 531221, at *4 (D. Del. Mar. 26, 2002). Therefore, the court cannot review the merits of claim one absent a showing of cause and prejudice, or a miscarriage of justice.

Petitioner does not allege any cause for his failure to present his double jeopardy claim to the Delaware Supreme Court in his direct appeal. In the absence of cause, the

\

---

[2]Petitioner presented the double jeopardy claim to the Superior Court in his petition for a writ of habeas corpus, and a liberal reading of his habeas appellate brief suggests that he raised the claim to the Delaware Supreme Court in his state habeas appeal. However, that submission did not constitute fair presentation to satisfy the exhaustion requirement because the issue was not presented in a manner permitting the Delaware Supreme Court to consider its merits. Under Delaware law, the remedy of habeas corpus lies only to determine the jurisdiction and the lawful power of the custodian to hold an individual in custody, Curran v. Wooley, 104 A.2d 771 (Del. 1954). Claims properly asserted in a petition for a state writ of habeas corpus challenge the jurisdiction of the court ordering the commitment or contend that there is an irregularity on the face of the petitioner's commitment. See Hall v. Carr, 692 A.2d 888, 891 (Del. 1997).

5

court does not need to address the issue of prejudice.[3]  Additionally, given petitioner's

failure to provide the court with new reliable evidence of his actual innocence, petitioner

cannot demonstrate a miscarriage of justice sufficient to excuse his default.

Accordingly, the court will deny claim one.

### B.  Claims Two, Three, and Four: State Law Issues

A federal court may consider a habeas petition filed by a state prisoner only "on

the ground that he is in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254(a).  Claims based on errors of state law are not

cognizable on federal habeas review, and federal courts cannot re-examine state court

determinations on state law issues. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991);

Pulley v. Harris, 465 U.S. 37, 41 (1984) ;  Riley v. Taylor, 277 F.3d 261, 310 n.8 (3d Cir.

2001).

In claim two, petitioner contends that the Superior Court erred by not failing to

---

[3]Nevertheless, petitioner cannot demonstrate prejudice because the double
jeopardy clause was not implicated in his case for two reasons. First, when, as here,
there is a nonjury trial, jeopardy does not attach until the court begins to hear evidence.
Serfass v. United States, 420 U.S. 377, 388 (1975). Petitioner filed his petition for a
writ of habeas corpus on June 29, 2005, and the Superior Court denied the petition on
June 30, 2005 after determining that petitioner was being lawfully held at Level V in
default of bond while awaiting his bench trial scheduled for July 19, 2005. Petitioner
then filed an appeal of the Superior Court's judgment on July 2, 2005, approximately
17 days prior to his bench trial. In short, the double jeopardy claim was pre-mature, and
the only issue properly before the Delaware Supreme Court on appeal was the
circumstances of petitioner's detention in June 2002.

Additionally, petitioner was re-indicted in March 2005 to consolidate both sets of
charges originally set forth in two separate bills of indictment in July 2004. In December
2005, the State filed a nolle prosequi as to the two separate bills of indictment. See
generally (D.I. 22) Therefore, petitioner was never prosecuted on the 2004
indictments, and by filing the nolle prosequi, the State clearly demonstrated its intent to
proceed on only the re-indictment issued in March 2005.

6

halt his trial while his state habeas action was pending. In claim three, petitioner contends that the Superior Court exceeded its jurisdiction by ruling on his habeas petition while his appeal was pending. In claim four, petitioner contends that the Delaware Supreme Court erred by not stopping his Superior Court trial while his habeas appeal was pending, by allowing the State additional time to file its answering brief, and by changing the venue from Kent County to New Castle County. All of these state court procedural and jurisdictional issues are matters of state law and, therefore, fail to assert proper grounds for federal habeas review.[4] See Jones v. Carroll, 388 F. Supp. 2d 413, 420-21 (D. Del. 2005)(collecting cases). Accordingly, the court will deny claims two, three, and four.

### C. Pending Motions

During the pendency of this proceeding, petitioner filed a motion to compel, asking the court to order the Delaware Department of Correction to return legal papers related to the instant proceeding. (D.I. 25) Petitioner also filed a motion for an expedited hearing on his habeas application and on his motion to compel. (D.I. 26) Having determined that petitioner's habeas application does not warrant relief, the court will deny these two motions as moot.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local

---

[4]Additionally, petitioner's claim that the Delaware Supreme Court erred by granting the State additional time to file a brief is meritless; the State never requested additional time.

Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Additionally, if a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack, 529 U.S. at 484.

The court concludes that petitioner's habeas application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARSON I. GIBBS, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 06-296-SLR |
| | ) |
| THOMAS CARROLL, | ) |
| Warden, and JOSEPH R. | ) |
| BIDEN, III, Attorney General | ) |
| of the State of Delaware, | ) |
| | ) |
| Respondents. | ) |

## ORDER

At Wilmington this 1st day of June, 2007, consistent with the

memorandum opinion issued this same date; IT IS HEREBY ORDERED that:

1. Petitioner Arson I. Gibbs, Sr.'s application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is

DENIED. (D.I. 1)

2. Petitioner's motion to compel and his motion for an expedited hearing

are DENIED as moot. (D.I. 25; D.I. 26)

3. The court declines to issue a certificate of appealability for failure to

satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).


_____
UNITED STATES DISTRICT JUDGE


(App-14.)

In The United States District Court
For The District of Delaware

Arson F. Gibbs, Sr.,
      Petitioner,

    Civ. Act. No. 06-296-SLR

v.

Thomas Carroll, Warden,
And Joseph R. Biden, III,
Attorney General of The
State of Delaware,
      Respondents

Petition For Rehearing En Banc To Vacate
And Set Aside The Court's Memorandum
Opinion And Order Dismissing Petitioner's
Writ of Habeas Corpus And Denying The
Petitioner a Certificate of Appealability

   Petitioner, Arson F. Gibbs, Sr., presents this petition For
Rehearing En Banc in light of the following reasons.

   1). The Memorandum Opinion of the Court is remote, pre-
judicial, and intentionally strays from the Constitutional Claims
present by the petitioner in his Habeas petition and Memo-
randum brief, as well as petitioner's answer to respondents
only response to the Claims of petitioner. The Court dismissed
petitioner's Habeas petition under Rule 4 governing section 2254,
"that the petitioner has failed to exhaust State remedies."

2). The exhaustion requirements set forth in the Court's Memorandum Opinion and the respondents answer to petitioner's claims would fail even if the Conviction and appeal were legal. The petitioner would have been barred from relitigating his claims under the doctrine of "Collateral Estoppel," because the claims had already been previously determined by the Delaware Supreme Court on appeal to that Court. Shargathe v. Maass, 314 F.3d 371, 377-78 (9th Cir. 2002), Castille v. Peoples, 498 U.S. 346, 350 (1988). Fontini v. Murphy, 257 F.3d 39, 45 (1st Cir. 2001), Davis v. Strack, 270 F.3d 111, 123 (2d Cir. 2001), Jackson v. Edwards, 404 F.3d 612, 618-20 (2d Cir. 2005) (DI-2 exhibits-B and J).

3) The Superior Court was "divested of jurisdiction to go forward with trial, because petitioner filed timely notice of appeal, Prior to the start of proceedings." See U.S. v. Brooks, 145 F.3d 446, 454 (1st Cir. 1998). (DI-20 attached exhibit).

4) Moreover: The Court intentionally avoided making a determination on the initial Constitutional Claims, which further prejudice the petitioner and denies the petitioner due process as guaranteed by the Constitution of the United States.

A Whether the petitioner had right to utilize the appellate process prior to trial in State Court, after the Courts denied habeas petition and appeal on claims of double jeopardy and subject matter jurisdiction? Cohen V. Beneficial Ind. Loan Corp, 337 U.S. 541 (1949) (DI-2 exhibits-

B. Whether the claim asserted by respondents
in their Answer to petitioner's Claims that
the petitioner, under State Law, is not privi-
leged or entitled to the Writ of Habeas
Corpus, because the petitioner was detained
on Felony Charges, pursuant to 10 Del.C. Subsec.
6902(1), is unconstitutional? (DI-16 and DI-20)
(U.S.C.A. Const. Art.1, Sec.9, cl.2 and Amend.14).

5) Furthermore: "Double jeopardy protection applies to every
indictment or information Charging party with Crime or misde-
meanor" Ex parte Lange 18 U.S. (18.Wall) 163, 168-69 (1873) Superior
Court Docket Sheet reflect reindictment on 3-7-05. (DI-29). It
also reflect that Nolle Prosequi of initial or Original indictments
was not filed until 12-15-05. (DI-56). Therefore; jeopardy
attached at time of superseding indictment. See U.S. V. Blair, 214
F.3d 690, 701 (6th Cir. 2000); U.S. V. Sparks, 87 F.3d 276, 279 (9th Cir. 1996),
U.S. V. Jordan, 316 F.3d 1215, 1248 (11th Cir. 2003); U.S. V. Friedman, 649
F.2d 199, 202-03 (3d Cir. 1981); U.S. V. Phelps, 168 F.3d 1048, 1054 (8th Cir. 1999)
The petitioner has made a substantial showing of a denial of
his Constitutional rights.

6) The Court also abused it's discretion and violated due process, as well as prejudice the petitioner when the Court refused to grant petitioner's Motion For An Expedited Order To Compel, the Department Corrections and it's employees to return to the petitioner confiscated legal papers relating to Civil Action No. 06-296-SLR, so the petitioner could file a supplemental brief as provided for under 28 U.S.C.A. subsec. 2242; Filed With the Court on February 2, 2007, Ruled upon as moot June 14, 2007. If the petitioner would have had the opportunity to file his supplemental brief, the possibility exist that the outcome may have been different. The petitioner reiterate "Motion To Compel" for reconsideration, for purposes of future litigation. (Attached exhibit-A). (U.S.C.A. Const. Amend. 14).

7) The petitioner request that the "Memorandum Opinion and Order" issued by the Court on 6-14-07, be Vacated and set aside, and that a Rehearing En Banc be had on all Constitutional Claims, as presented by the petitioner.

Wherefore: petitioner pray that the Court will grant a Rehearing En Banc. In the alternate comply With 28 U.S.C.A. subsec. 2253 (c)(1) (A) (2).

Dated: 6-21-07

Petitioner,

_Anson I. Gibbs S., SBI #066982_

Anson I. Gibbs, Sr.
1181 Paddock Road
Smyrna, Delaware 19977.
SHU-Bldg #19-DL-11

**OFFICE OF THE CLERK**

**UNITED STATES COURT OF APPEALS**

Marcia M. Waldron
Clerk

FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4958

**www.ca3.uscourts.gov**

June 29, 2007

Mr. Arson I. Gibbs #066982 Sr.
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE   19977

**RE: Docket No. 07-2944**
     **Gibbs vs. Carroll**
     **D. C. No. 06-cv-00296**

Dear Mr. Gibbs:

We have today docketed the above-captioned case, filed by Arson I. Gibbs, as No. **07-2944.** This docket number must appear on all documents related to this case which are submitted to this Court.

**CAPTION:**  Attached please find a copy of the full caption in this matter taken from the district court docket.  Please review this attachment carefully and promptly advise this office in writing of any discrepancies.  The caption is as the case was originally docketed unless the district court has specifically ordered otherwise. **N.B.** The mere fact that a party has been terminated from the action does not automatically result in the party being deleted from the caption unless the district court has entered an order directing that the caption be so amended.

> **Please read the following carefully. Each of the following paragraphs identifies a responsibility that must be met immediately.**
>
> Failure of the appellant to  comply  with  the  following requirement(s) by the  date established below will result in DISMISSAL of the case without further notice, pursuant to Third Circuit LAR Misc. 107.

**FEES STATUS:**
Payment of fees is required upon filing a Notice of Appeal from a District Court decision unless you are exempt by order of the Court. All fees are to be paid to the District Court. The following fees are currently unpaid:

         $5.00    District Court filing fee
       $450.00    Court of Appeals docket fee

Ex-9

If you intend to proceed without paying the fees, it will be necessary for you to file a Motion for Leave to Proceed In Forma Pauperis with the Clerk of the District Court. Such motion should consist of an original and three (3) copies, together with an affidavit of poverty (form enclosed) which complies with the provisions of 28 U.S.C. Sec. 1746. A copy of your motion must be sent to opposing counsel and this office must be advised in writing that such service has been made.

Fees must be paid, or a motion filed, by 7/13/07. Third Circuit LAR 3.3.

The requirements for the filing of an appearance form, disclosure statement and civil appeal information statement are waived for pro se litigants.

**RULES AND PROCEDURES:**
The Local Appellate Rules (LARs) and the Court's Internal Operating Procedures (IOPs) are printed in several federal publications. Copies of the LARs and the IOPs are available upon written request through the Clerk's office. The most recent amendments to the LARs and IOPs are also available on the Court's website at www.ca3.uscourts.gov.

Very truly yours,
MARCIA M. WALDRON
Clerk

By:  Irene Souder-Coyle
Case Manager

cc:

James T. Wakley, Esq.
Elizabeth R. McFarlan, Esq.

Enclosures:
Affidavit of Poverty Form
Information for Pro Se Litigants
Caption

OFFICE OF THE CLERK - LEGAL DIVISION
## *United States Court of Appeals*

21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

MARCIA M. WALDRON
CLERK

July 3, 2007

Telephone
(215-597-2378)

Mr. Arson I. Gibbs, Sr., #066982
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:   Gibbs v. Carroll; et al.
      C.A. No. 07-2944
      (Del. Civ. No. 06-cv-00296)

Dear Mr. Gibbs:

An appeal has been filed from the final order of the District Court denying a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 or § 2254, or a related motion filed pursuant to F.R.Civ.P. 60(b). Where "the detention complained of arises out of process issued by a State court," 28 U.S.C. § 2253, the appeal may not proceed to consideration of the merits unless a "circuit justice or judge" grants a certificate of appealability. Id. The Court's procedures regarding certificates of appealability are set forth at Third Circuit Local Appellate Rules (3rd Cir. LAR) 22.1, 22.2, and 22.3.

Appellant has not filed an application for a certificate of appealability. Appellant may file an application within twenty-one (21) days of the date of this letter. If appellant does not file an application for a certificate of appealability, appellant's notice of appeal will be deemed to be such an application and will be submitted by the Clerk of this Court to a panel of the Court for consideration. Any response in opposition to issuance of a certificate of appealability must be filed no later than fourteen (14) days after service of appellant's application or, if no formal application is filed, within thirty-five (35) days of the date of this letter. Appellant may file a reply no later than ten (10) days after service of any response in opposition.

If the Court grants the application for a certificate of appealability, the Clerk will issue a briefing schedule. The appeal will be heard on the original record. 3rd Cir. LAR 30.2. If the appellant is indigent, counsel will be appointed on behalf of the appellant under the Criminal Justice Act, unless the Court instructs otherwise. 18 U.S.C. § 3006A(a)(2)(B); IOP 10.3.2.

*(Continued)*

$\varepsilon x - 10$

Re:   Gibbs v. Carroll
      C.A. No. 07-2944

---

If the Court denies the request for a certificate of appealability, you may seek review in the United States Supreme Court by filing a petition for writ of certiorari. Contact the Supreme Court at 1 First Street, N.E., Washington, D.C. 20543 (phone 202-479-3000) for information on filing a petition for writ of certiorari.

The parties will be advised of any Order issued in this matter.

Very truly yours,

*/s/ Laura L. Greene*
LAURA L. GREENE
Staff Attorney

LLG/nf

cc:   James T. Wakley, Esq.
      Office of Attorney General
      820 North French Street
      Wilmington, DE 19801

      Elizabeth R. McFarlan, Esq.
      Department of Justice
      820 North French Street
      Carvel Office Building
      Wilmington, DE 19801

In The United States Court of Appeals
For The Third Circuit

Arron I. Gibbs, Sr.,                    |    No. 07-2944

       Petitioner,                      |

    V.                                      |

Thomas Carroll, Warden,                 |
And Joseph R. Biden, III,               |
Attorney General Of The
State Of Delaware,

       Respondents.

Petition For Remand
For A Determination
On Undecided Claims

    Petitioner, Arron I. Gibbs, Sr., pursuant to 28 U.S.C.
subsec. 1291 and 2253 presents this "Petition For Remand For
A Determination On Undecided Claims.

    1). It is held that a petitioner may only appeal
Final Orders issued by a Federal habeas Court. See Story V.
Kindt, 26 F.3d 402, 405 (3d Cir. 1994).

(App. 6.)    Ex-11

2). In this case the petitioner filed timely objections to the District Court's Memorandum Opinion and Order issued on 6-14-07, in a "Petition for Rehearing En Banc, for reasons of undecided claims (See attached exhibit-A) to which the District Court has not yet decided. See Greenawalt V. Stewart, 105 F.3d 1268, 1271-72 (9th Cir. 1997).

3). United States Const. Amend. V and XIV are designed to protect an individual against arbitrary government action. "The petitioner did not file an appeal with this Court

4). The District Court took upon its own initiative to transfer this case to the jurisdiction of this Court, apparently under the provisions of 28 U.S.C. subsec. 2241(d); "A petition may be transferred between Courts of proper jurisdiction, in the "furtherance of justice", at the discretion of the District Court in which the petition is filed.

5). However: In Clisby V. James, 960 F.2d 925, 938 (11th Cir. 1992) (Court of appeals lacked jurisdiction over appeal when District Court granted habeas relief to petitioner on some but not all claims presented for consideration, Court of appeals may not review District Court's decision until remaining claims disposed). See also VanOrman V. Purkett, 43 F.3d 1201, 1202 (8th Cir. 1994). The conduct of the District Court has denied petitioner due process. See Sameric Corp. V. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998) (U.S.C.A. Const. Amend. XIV).

Wherefore: The Petitioner pray that the Court will
remand case back to the District Court for a determination
on all unresolved Constitutional Claims.


Dated 7-8-07                                Petitioner,
                                            Anson I. Gibbs Sr., SBI # 066982
                                            Anson I. Gibbs, Sr.
                                            1181 Paddock Road
                                            Smyrna, Delaware 19977.
                                            SHU-Bldg. #19, DL-11

(3)

**DLD-369**                                          **September 7, 2007**
## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. <u>07-2944</u>

ARSON I. GIBBS, SR.

    VS.

WARDEN THOMAS L. CARROLL, ET AL.

(D. Del. Civ. No. 06-cv-00296)

Present:    BARRY, AMBRO and FISHER, <u>CIRCUIT JUDGES</u>

    Submitted are:

    (1)    Appellant's notice of appeal, which may be construed as a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1); and

    (2)    Appellant's "Petition for Remand for a Determination on Undecided Claims."

Respectfully,

Clerk

MMW/CJG/isc

_____ O R D E R _____

    The petition for a certificate of appealability is denied. Appellant has not shown that reasonable jurists would find the District Court's determination with respect to his double jeopardy claim to be debatable or wrong. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). Additionally, the District Court did not err in concluding that appellant's remaining claims, despite their labels, are based on alleged errors of state laws and procedures, and thus are not cognizable on federal habeas review. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-8 (1991); <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984). Appellant has thus failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Appellant's "Petition for Remand for a Determination on Undecided Claims" is likewise denied.

By the Court,

*/s/ D. Michael Fisher*
Circuit Judge

Dated: September 24, 2007
ISC/cc: Arson I. Gibbs, Sr.
        Elizabeth R. McFarlan, Esq.

( Exhibit A )   Ex-12
( App 8 )= A

In The United States Court Of Appeals
For The Third Circuit

| | |
|---|---|
| Arson I. Gibbs, Sr., | Civ. Act. No. 07-2944 |
| Petitioner, | |
| V. | |
| Thomas Carroll, Warden, Et Al., | |
| Respondents. | |

Petition For Rehearing To Vacate And Set Aside The
Court's Order And To Remand Case Back To The
District Court For A Determination On Undecided Claims

The petitioner, Arson I. Gibbs, Sr., Pro Se, present
this petition for rehearing to vacate and set aside the
Court's order and to remand case back to the district
court for a determination on undecided claims for the
following reasons.

1) This Court lacked jurisdiction over appeal from
District Court's order transferring habeas Corpus case,
because order not "final, appealable order". There was
no entry of a final judgment on petitioner's petition for
rehearing En Banc, from the District Court of Delaware. See
Armstrong v. Ahitow, 36 F.3d 574, 575 (1994); Van Orman v. Purkett,

2). The Superior and Supreme Court of the State of Delaware did not respond or answer petitioner's double jeopardy and jurisdiction Claims. "Any Well pleaded averments that go unanswered is accepted as true".

3) Instead the Superior and Supreme Court went on to state that, "under State Law, a Writ of habeas Corpus is not available to any person who is committed or detained on a Felony Charge..." (10 Del. C. subsec. 6902(1); See also attached exhibits- F and G).

4) Therefore, the issue / Claim is not double jeopardy, but whether the petitioner is entitled to the Writ of habeas Corpus in scope of U.S.C.A. Const. Art. 1, sec. 9, Cls. 2, and whether the denial of same violated the rights of the petitioner under the Constitution of the United States? (U.S.C.A Const. Amend. I and XIV)

5) Moreover, The remote and vexatious Order of the Court dated September 24, 2007, is prejudicial, unsupported by facts in the record, and is outside of the jurisdiction of this Court, and serves only to Conspire with the District Court who conspired with the State of Delaware to resurrect the "Black Codes", as was enacted by numerous States after the abolishment of Slavery from society and placed into Prisons; to limit the rights of the petitioner, as well as the rights of all people of Color within the jurisdiction of the State of Delaware (U.S.C.A Const. Amend. XIII; 10 Del. C. subsec. 6902(1);

6). Furthermore: The order of the Court does not appear authentic, because not signed by a judge, and indicate Fraud on the Court. (Attached exhibit-H).

7). In concluding, this Court as well as the District Court are consenting to be sued in a Court of law under 42 U.S.C. Sec. 1981, 1983, 1985, and are subject to the penalties as set forth in 18 U.S.C. Sec. 241 and 242; unless this Court's order is immediately vacated and set aside and this case remanded back to the District Court for a determination on the undecided claims or claim as set forth herein. That the petitioner may take full advantage of his rights as guaranteed under the Constitution of the United States.

Wherefore: In scope of the authorities and for the reasons stated remand of this Case is warranted in the interest of justice.

Dated: October 1, 2007

Petitioner,

Anson J. Gibbs, Sr.

Anson J. Gibbs, Sr. SBI# 066982
1181 Paddock Road
Smyrna, Delaware. 19977.
SHU-Bldg. #19-DL-11

*r'c'i'd July 10, 2005*

## SUPERIOR COURT
### OF THE
## STATE OF DELAWARE

WILLIAM L. WITHAM, JR.
*RESIDENT JUDGE*

June 30, 2005

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5332

Mr. Arson I. Gibbs, Sr.
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Re:  Arson I. Gibbs, Sr. v. State of Delaware
     ID Nos. 0404009981 and 0404017226
     C.A. No. 05M-06-017

Dear Mr. Gibbs:

The Court has reviewed your petition for writ of habeas corpus which was filed with the Prothonotary on June 29, 2005.

The extraordinary remedy of habeas corpus is not available where the commitment is regular on its face. *Jones v. Anderson,* Del. Supr., 183 A.2d 177, 178 (1962), *citing, Curran v. Woodley,* Del. Supr., 104 A.2d 771 (1954).

You were re-indicted on March 7, 2005 apparently to bring both sets of charges under one indictment. Currently you are being lawfully held at Level 5 in default of bond while awaiting your appearance in Superior Court for Final Case Review on July 19, 2005. Therefore, your petition for writ of habeas corpus is *dismissed.*

**IT IS SO ORDERED.**

WLW/dmh
oc:  Prothonotary
xc:  Mr. Arson I. Gibbs, Sr. - DCC
     Attorney General's Office
     Sheryl Rush-Milstead, Esquire
     Inmate Records Supervisor - DCC
     File

*(Exhibit 1F)*

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARSON I. GIBBS, | § | |
| | § | |
| Defendant Below- | § | No. 299, 2005 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 0404009981 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  September 1, 2005
Decided:   November 1, 2005

Before **STEELE**, Chief Justice, **HOLLAND**, and **JACOBS**, Justices.

### O R D E R

This 1st day of November 2005, upon consideration of the opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The defendant-appellant, Arson Gibbs, filed this appeal from the Superior Court's denial of his petition for habeas corpus.  The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Gibbs' opening brief that the appeal is without merit.  We agree and affirm.

(2)    The record reflects that Gibbs was indicted in July 2004 in two separate bills of indictment with multiple counts of forgery and theft. He

(Exhibit - 6)

subsequently was reindicted in a consolidated indictment in March 2005. He was convicted in July 2005, following a Superior Court bench trial, of five counts of forgery and five counts of theft. Gibbs had filed a petition for a writ of habeas corpus in June 2005, which the Superior Court summarily dismissed on the ground that Gibbs was lawfully detained in default of bail.

(3)    The Superior Court's decision is manifestly correct. Under state law, a writ of habeas corpus is not available to any person who is committed or detained on a felony charge, "the species whereof is plainly and fully set forth in the commitment."[*] Gibbs was being lawfully held on felony charges in default of bail. Accordingly, he was not entitled to habeas corpus relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[*] 10 Del. C. § 6902(1).

2

DLD-369                                                September 7, 2007
## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. 07-2944

ARSON I. GIBBS, SR.

VS.

WARDEN THOMAS L. CARROLL, ET AL.

(D. Del. Civ. No. 06-cv-00296)

Present:    BARRY, AMBRO and FISHER, CIRCUIT JUDGES

Submitted are:

(1)    Appellant's notice of appeal, which may be construed as a request
       for a certificate of appealability under 28 U.S.C. § 2253(c)(1); and

(2)    Appellant's "Petition for Remand for a Determination on Undecided
       Claims."

Respectfully,

Clerk

MMW/CJG/isc

_____O R D E R_____

The petition for a certificate of appealability is denied. Appellant has not shown
that reasonable jurists would find the District Court's determination with respect to his
double jeopardy claim to be debatable or wrong. See Slack v. McDaniel, 529 U.S. 473,
484 (2000)). Additionally, the District Court did not err in concluding that appellant's
remaining claims, despite their labels, are based on alleged errors of state laws and
procedures, and thus are not cognizable on federal habeas review. See Estelle v.
McGuire, 502 U.S. 62, 67-8 (1991); Pulley v. Harris, 465 U.S. 37, 41 (1984). Appellant
has thus failed to make a substantial showing of the denial of a constitutional right. See
28 U.S.C. § 2253(c)(2). Appellant's "Petition for Remand for a Determination on
Undecided Claims" is likewise denied.

By the Court,

/s/ D. Michael Fisher
Circuit Judge

Dated: September 24, 2007
ISC/cc: Arson I. Gibbs, Sr.
        Elizabeth R. McFarlan, Esq.        (Exhibit - H)

Certificate of Service

This is to Certify that I, Anson I. Gibbs, Sr., did cause to be served a true and correct copy of the attached "Petition For Rehearing To Vacate And Set Aside The Court's Order And To Remand Case Back To The District Court For A Determination On Undecided Claims" on the following person(s) or agency on this __1st__ day of October 2007; I certify that this document was give to Prison Officials on this __1st__ day of October 2007. I Certify under the penalty of perjury that the foregoing is true and Correct.

To: Elizabeth R. McFarlan, Esq.
Department of Justice
820 N. French Street
Wilmington, Delaware 19801.

Dated: October 1, 2007

Petitioner, Pro Se
Anson I. Gibbs, Sr.
Anson I. Gibbs, Sr.
SBI# 066982
1181 Paddock Road
Smyrna, Delaware 19977
MHU-Bldg. 21-A-2-9

In The United States Court of Appeals
For The Third Circuit

Anson F. Gibbs, Sr.,                    Case No. 2944

                Petitioner,

        V.

Thomas Carroll, Warden,
et.al.,

                Respondents.

        Motion For Expedited Hearing On Petition For
        Rehearing To Vacate And To Set Aside The
        Court's Order And Remand Case Back To The District
        Court For A Determination On Undecided Claims

        Petitioner, Anson F. Gibbs, Sr., presents this Motion for an
expedited hearing on petition for rehearing to vacate and set
aside the Court's Order and remand case back to the District
Court for a determination on undecided Claims for the following
reason

        1) Due to the fact that there existed no exigent cir-
cumstances to justify reindictment for the same offenses;
there is simply no basis to justify the District Court's Memo-
randum Order denying the petitioner habeas relief. See Loria V.
Gorman, 306 F.3d 1271, 1283 and n.4. 1286 (2d Cir. 2002).

                (App-17.) Ex-14

Wherefore: An expedited hearing on petition for rehearing to vacate and set aside the Court's Order and to remand case back to the District Court is warranted in the interest of justice.

Dated: December 19, 2007

Petitioner

Aaron I. Gibbs, Sr.

Aaron I. Gibbs, Sr., SBI# 066982

1181 Paddock Road

Smyrna, Delaware 19977.

MHU-Bldg.#21-A-L-9

(2)

## Certificate of Service

This is to Certify that I, Anson I. Gibbs, Sr. did Cause to be served a true and correct copy of the attached "Motion For Expedited Hearing On Petition For Rehearing To Vacate And To Set Aside The Court's Order And Remand Case Back To The District Court For A Determination On Undecided Claims" on the following persons(s) or agency by giving this document to Prison Officials to be placed in the U.S. Postal Service at the Delaware Correctional Center on this 19th day of December 2007.

To: Elizabeth R. McFarlan, Esq
Department of Justice
820 N. French Street
Wilmington, Delaware 19801.

Dated: December 19, 2007

Petitioner,
Anson I. Gibbs Sr.
Anson I. Gibbs Sr., SBI# 611982
1181 Paddock Road
Smyrna, Delaware 19977
MHU-Bldg# 21-A-2-9

(3)

Marcia M. Waldron
Clerk

**OFFICE OF THE CLERK**
**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**
**21400 United States Courthouse**
**601 Market Street**
**Philadelphia, PA 19106-1790**
**www. ca3 .uscourts .gov**

Telephone
215-597-2995

January 2, 2008

Mr. Arson I. Gibbs, Sr. #066982
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: Gibbs v. Carroll
Docket No. 07-2944

Dear Mr. Gibbs:

This will acknowledge receipt on December 24, 2007 of your "Motion for Expedited Hearing on Petition for Rehearing to Vacate and to Set Aside the Court's Order and Remand Case Back to the District Court for a Determination on Undecided Claims." No action can be taken in light of the order issued on January 2, 2008.

Sincerely,

/s/ Irene Souder-Coyle
Case Manager

cc: Elizabeth R. McFarlan, Esq.

Enclosure

(App=18.)

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2944

ARSON I. GIBBS, SR.,

Appellant

v.

WARDEN THOMAS CARROLL;
ATTORNEY GENERAL OF THE STATE OF DELAWARE

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 06-cv-00296)
District Judge: Honorable Sue L. Robinson

Present: SCIRICA, *Chief Judge*, SLOVITER, McKEE, RENDELL,
BARRY, AMBRO, FUENTES, SMITH, FISHER,
CHAGARES, JORDAN and HARDIMAN, *Circuit Judges*.

SUR PETITION FOR REHEARING
WITH SUGGESTION FOR REHEARING EN BANC

The petition for rehearing filed by Appellant having been submitted to all judges who participated in the decision of this court, and to all the other available circuit judges in active service, and a majority of the judges who concurred in the decision not having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court en banc, the petition for rehearing is hereby DENIED.

BY THE COURT:

*/s/ D. Michael Fisher*
Circuit Judge

Dated: January 2, 2008
ISC/cc: Arson I. Gibbs, Sr.
  Elizabeth R. McFarlan, Esq.

$Ex-15$

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

**William K. Suter**
Clerk of the Court
(202) 479-3011

January 30, 2008

Mr. Arson I. Gibbs, Sr.
Prisoner ID 066982
1181 Paddock Road
Smyrna, DE  19977

0 8 - 4 8 0

Re:  Arson I. Gibbs, Sr.
     v. Thomas L. Carroll, Warden, et al.
     No. 07-9015



Dear Mr. Gibbs:

The petition for a writ of certiorari in the above entitled case was filed on January 23, 2008 and placed on the docket January 30, 2008 as No. 07-9015.

A form is enclosed for notifying opposing counsel that the case was docketed.

Sincerely,

**William K. Suter**, Clerk

by   Clayton Higgins
     Case Analyst

Enclosures

$Ex-16$

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

March 17, 2008

Mr. Arson I. Gibbs, Sr.
Prisoner ID 066982
1181 Paddock Road
Smyrna, DE  19977

> Re:  Arson I. Gibbs, Sr.
> v. Perry Phelps, Warden, et al.
> No. 07-9015

Dear Mr. Gibbs:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

*William K. Suter*

**William K. Suter**, Clerk

$\mathcal{E} \times - 17$

# Supreme Court of the United States
# Office of the Clerk
# Washington, DC  20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

May 12, 2008

Mr. Arson I. Gibbs, Sr.
Prisoner ID 066982
1181 Paddock Road
Smyrna, DE  19977

Re:  Arson I. Gibbs, Sr.
v. Perry Phelps, Warden, et al.
No. 07-9015

Dear Mr. Gibbs:

The Court today entered the following order in the above-entitled case:

The petition for rehearing is denied.

Sincerely,

William K. Suter

William K. Suter, Clerk

Ex-18

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District _Delaware_ |
|---|---|

**Name** (under which you were convicted): _Arson I. Gibbs, Sr._   Docket or Case No.: _06-296-SLR_

Place of Confinement: _Delaware Correctional Center_   Prisoner No.: _066982_
_1181 Paddock Road, Smyrna, Delaware 19977_

Petitioner (include the name under which you were convicted)   Respondent (authorized person having custody of petitioner)

_Arson I. Gibbs, Sr._   v. _Thomas Carroll, Warden_

The Attorney General of the State of _M. Jane Brady_

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _Superior Court, Kent County, 38 The Green, Dover, Delaware 19901._

   (b) Criminal docket or case number (if you know): _N/A_

2. (a) Date of the judgment of conviction (if you know): _N/A_

   (b) Date of sentencing: _N/A_

3. Length of sentence: _N/A_

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☐  No ☒

5. Identify all crimes of which you were convicted and sentenced in this case: _N/A_
   _This Matter involves a Habeas Petition filed prior to any Conviction (Due Process, Jurisdiction and Double Jeopardy Claims) Was Charged with (6) Cts. Forgery 2nd and (6) Cts. Theft Misdemeanor._

6. (a) What was your plea? (Check one)

   (1)  Not guilty ☒        (3)  Nolo contendere (no contest) ☐

   (2)  Guilty ☐            (4)  Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _Not guilty to all charges_

(App 1) Ex-19

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐    Judge only ☒/A

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐    No ☒/A

8. Did you appeal from the judgment of conviction?

Yes ☒    No ☐

9. If you did appeal, answer the following:

(a) Name of court: _Supreme Court of Delaware_

(b) Docket or case number (if you know): _299, 2005_

(c) Result: _Affirmed judgment of Superior Court_

(d) Date of result (if you know): _November 1, 2005_

(e) Citation to the case (if you know): _N/A_

(f) Grounds raised: _Violation of Due Process, Lack of Jurisdiction_
_To reindict and Double Jeopardy Claim_

(g) Did you seek further review by a higher state court?    Yes ☐    No ☒

If yes, answer the following:

(1) Name of court: _N/A_

(2) Docket or case number (if you know): _N/A_

(3) Result: _N/A_

(4) Date of result (if you know): _N/A_

(5) Citation to the case (if you know): _N/A_

(6) Grounds raised: _N/A_

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

If yes, answer the following:

(1) Docket or case number (if you know): _N/A_

(2) Result: _N /A_

(3) Date of result (if you know): _N/A_

(4) Citation to the case (if you know): _N/A_

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes ❑ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _N /A_

    (2) Docket or case number (if you know): _N /A_

    (3) Date of filing (if you know): _N/A_

    (4) Nature of the proceeding: _N/A_

    (5) Grounds raised: _N/A_

<br><br><br><br><br><br><br>

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ❑  No ☒

    (7) Result: _N/A_

    (8) Date of result (if you know): _N /A_

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _N /A_

    (2) Docket or case number (if you know): _N /A_

    (3) Date of filing (if you know): _N /A_

    (4) Nature of the proceeding: _N/A_

    (5) Grounds raised: _N /A_

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes ☐  No ☒

(7) Result: *N/A*

(8) Date of result (if you know): *N/A*

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: *N/A*

(2) Docket or case number (if you know): *N/A*

(3) Date of filing (if you know): *N/A*

(4) Nature of the proceeding: *N/A*

(5) Grounds raised: *N/A*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes ☐  No ☒

(7) Result: *N/A*

(8) Date of result (if you know): *N/A*

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     Yes ☒   No ☐

(2) Second petition:   Yes ☐   No ☐

(3) Third petition:    Yes ☐   No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

*N/A*

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: *Violation of Equal Protection, Due Process, and Double Jeopardy Clauses to the Constitution of the United States*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *That the Superior Court of the State of Delaware, Kent County, lacked subject matter jurisdiction to reindict the petitioner while first indictments were still pending against the petitioner. The record will reflect that the petitioner was reindicted prior to the original/initial indictments being dismissed/adjudicated Thus, placing the petitioner twice in jeopardy for the same offenses. (U.S.C.A. Const. Amends. 5 and 14)(See exhibits Q thru T)*

(b) If you did not exhaust your state remedies on Ground One, explain why: *Did exhaust remedies on ground one.*

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒    No ☐

(2) If you did not raise this issue in your direct appeal, explain why: *Did raise this issue on direct appeal*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☒    No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Habeas Corpus petition*

Name and location of the court where the motion or petition was filed: *Superior Court, 38 The Green, Dover, Delaware 19901.*

Page 7

Docket or case number (if you know): _C. A. No. 05M-06-017_

Date of the court's decision: _June 30, 2005_

Result (attach a copy of the court's opinion or order, if available): _Please See exhibit F attached hereto._

---

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Supreme Court of Delaware P.O. Box 476, Dover, Delaware 19903_

Docket or case number (if you know): _299, 2005_

Date of the court's decision: _November 1, 2005_

Result (attach a copy of the court's opinion or order, if available): _Please See exhibit N attached hereto._

---

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Did raise issue_

---

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _Habeas Corpus petition only._

---

**GROUND TWO:** _Violation of Equal Protection Due process and double jeopardy Clauses to the Constitution of The United States._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _That the Superior Court lacked jurisdiction to try and convict the petitioner while Habeas Corpus petition was pending in the Supreme Court on appeal on jurisdiction and double jeopardy Claims. The Superior Court refused to deter or postpond petitioner's trial until the Supreme Court rendered its decision,_

but Went on to Convict the Petitioner on all Charges.
Placing the Petitioner twice in jeopardy for the same
Offender. (U.S.C.A. Const. Amends. 5 and 14 See exhibits-B,C,D,E, H and I )

(b) If you did not exhaust your state remedies on Ground Two, explain why: _Did exhaust_
_all remedies on ground two._

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒   No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _Did raise issue_
_on appeal_

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?

Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Habeas Corpus Petition_

Name and location of the court where the motion or petition was filed: _Supreme Court_
_P.O. Box 476, Dover, Delaware 19903_

Docket or case number (if you know): _299, 2005_

Date of the court's decision: _November 1, 2005_

Result (attach a copy of the court's opinion or order, if available): _Please see exhibit-_
_N attached hereto._

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Supreme Court, P.O._
_Box 476, Dover, Delaware 19903._

Docket or case number (if you know): _299, 2005_

Date of the court's decision: _November 1, 2005_

Result (attach a copy of the court's opinion or order, if available): _Please See exhibit N attached hereto._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Did raise issue_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _Habeas Corpus petition_

GROUND THREE: _Violation of Equal Protection Due Process to the Constitution of the United States. (Please See exhibit A and J)_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _That the Superior Court lacked jurisdiction to rule on petitioner's Habeas Corpus petition after the Supreme Court had already accepted jurisdiction over same, due to the Superior Court's refusal to accept jurisdiction. The Superior Court's ruling was late, suppositious, and failed to address the averments presented. (U.S.C.A. Const. Amends. 5 and 14)(See exhibits A, G and J)_

(b) If you did not exhaust your state remedies on Ground Three, explain why: _Did exhaust all State remedies_

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _Did raise issue_

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Habeas Corpus Petition*

Name and location of the court where the motion or petition was filed: *Supreme Court. P.O. Box 476, Dover, Delaware 19903*

Docket or case number (if you know): *299, 2005*

Date of the court's decision: *November 1, 2005*

Result (attach a copy of the court's opinion or order, if available): *Please See exhibit N attached hereto.*

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Supreme Court, P.O. Box 476, Dover, Delaware 19903*

Docket or case number (if you know): *299, 2005*

Date of the court's decision: *November 1, 2005*

Result (attach a copy of the court's opinion or order, if available): *Please See exhibit N attached hereto.*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *Did raise issue*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: *Habeas Corpus Petition.*

GROUND FOUR: _Violation of Equal Protection, Due Process and double Jeopardy Clauses to the Constitution of the United States_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _That the Supreme Court of Delaware violated petitioner's rights to equal protection and due process when it failed to grant petitioner's petition motion of prohibition to stop the Superior Court from going forward with petitioner's trial and granting the respondents an extention of time to file Answering Brief with the respondent request for same, while Changing the jurisdictional territory from Kent County to New Castle County (U.S.C.A. Const. Amends. 5 and 14) (See exhibit. H thru m)_

(b) If you did not exhaust your state remedies on Ground Four, explain why: _Did not exhaust state remedies, because petitioner had already appealed to the highest State Court which rendered the above results._

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _Was already in highest State Court. No other forum to present grounds._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes ☐  No ☒

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _N/A_

Name and location of the court where the motion or petition was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☐  No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ☒

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_____

_____

Docket or case number (if you know): _N/A_____

Date of the court's decision: _N/A_____

Result (attach a copy of the court's opinion or order, if available): _N/A_____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Had already appealed to highest State Court. No other forum to present grounds in State Court._

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _N/A_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?      Yes ❑   No ☒

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _Violation of Equal Protection Due Process and Double Jeopardy Clauses by the Supreme Court of Delaware. Reason for not presenting grounds is because Supreme Court of Delaware is highest State Court. No other forum._

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _Violation of Equal Protection, Due Process and Double Jeopardy Clauses by the Supreme Court of Delaware. No other forum to present grounds in State Court._

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ❑   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. *N/A*

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ❏    No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. *N/A*

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: *None*

(b) At arraignment and plea: *None*

(c) At trial: *None*

(d) At sentencing: *None*

(e) On appeal: *None*

(f) In any post-conviction proceeding: *None*

(g) On appeal from any ruling against you in a post-conviction proceeding: *None*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ❏    No ☒

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. *N/A*

## IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

\* \* \* \* \*

*Petitioner Will Defray Filing Fee*

In The United States District Court
For The District of Delaware

Anson I. Gibbs, Sr.,

      Petitioner,

v.

Thomas Carroll, Warden,
Delaware Correctional Center,
And Carl C. Danberg Attorney
General Of The State of
Delaware,

      Respondents.

Civil Action No. 06-296-SLR

08 - 480

Memorandum Brief

FILED

AUG - 1 2008

US DISTRICT COURT
DISTRICT OF DELAWARE

Memorandum Brief In Support of Habeas Corpus Petition

    This is Petitioner's Memorandum brief filed in
support of his habeas petition, pursuant to 28 U.S.C. subsec.
2254, 28 U.S.C. Subsec. 2243 (2000).

    1). The petitioner states precisely, that his confine-
ment violates the Constitution, Laws and treaties of the
United States, and that the violations rise to the level
of a fundamental defect, which inherently resulted in
a complete miscarriage of justice, inconsistent with fair
procedure of State law which is of Constitutional magnitude.
See Paxton v. Ward, 199 F.3d 1197, 1219 (10th Cir. 1999).

(A-2)   Ex-20

2) That the general improprieties which occurred in petitioner's case, in the State proceedings, resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process, and subjected the petitioner to twice being placed in jeopardy for the same offences. (U.S.C.A. Const. Amend. 5 and 14).

## In Support of Ground One of Habeas Petition

3). It is held in U.S. v. Gatewood, 173 F.3d 983, 986 (6th Cir. 1999) (defendant permitted to challenge indictment at any time on grounds it failed to establish jurisdiction...) See also U.S. v. Vreeken, 803 F.2d 1085, 1088 (10th Cir. 1986) (defendant may raise objection at any time to subject matter jurisdiction...). In petitioners case the record will reflect that the original indictments were still pending against petitioner when the petitioner was reindicted for the second time on the same offenses. The record will also reflect that the original/initial indictments were not dismissed or made null and void, having no legal force or effect, until after the petitioner was tried and convicted on the reindictments. Therefore, the Superior Court was divested or lacked jurisdiction to reindict the petitioner while original indictments were still pending. Thus, placing the petitioner twice in jeopardy for the same offenses. (U.S.C.A. Const. Amends. 5 and 14). (Please see attached exhibits- Q, Q1, R, S and T).

In Support of Ground Two of Habeas Petition

4). That the petitioner reserved the right to object to reindictment on double jeopardy grounds prior to trial. See U.S. v. Shephard, 4 F. 3d 647, 650 (8th Cir. 1993) (objections to indictment on grounds... of inherent double jeopardy waived because not made before trial). See also Munn v. U.S., 208 F. 3d 895, 900 (6th Cir. 2000). It is held that when a State Court rejects a colorable double jeopardy claim, the defendant, after exhausting State remedies, may pursue the claim in a Federal Habeas Corpus action prior to trial in State Court. See Ariz v. Washington, 434 U.S. 479, 501 (1978). In Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992) (pretrial Habeas Corpus review of colorable claim of double jeopardy appropriate where all State remedies are exhausted because full vindication requires intervention before trial).

In Abney v. U.S., 431 U.S. 651, 658-62 (1977) (denial of Motion to dismiss indictment on double grounds immediately appealable because collateral issue and delay irreparably harms defendants right not to be tried twice for the same offense).

In Witte v. U.S., 515 U.S. 389, 398 (1995) (denial of Motion to dismiss indictment on double jeopardy grounds immediately appealable even when defendant not yet convicted a second time); See also U.S. v. Romero, 967 F.2d 63, 65 (2d Cir. 1992); U.S. v. Li, 174 F.3d 745, 747 (6th Cir. 1999).

The petitioner was denied the right to petition this Court for habeas review on the claims of double jeopardy and subject matter jurisdiction to reindict the petitioner, prior to being

convicted in State Court. The Superior Court denied petitioner
this right when it failed to grant petitioner's oral motion in
open Court to deter the petitioner's trial until after the Supreme
Court rendered its decision on petitioner's appeal on those Claims.
The Supreme Court denied petitioner this right when it failed
to grant petitioner's letter motion of prohibition to stop the
Superior from going forward with the petitioner's trial until
the Court rendered its determination on the Claims of petitioner's
appeal. In spite of petitioner's plea/deference, both Courts
ignored petitioner's plea for justice, and the Superior Court went on
to Convict the petitioner, apparently, on both indictments and on
all Charges, and then after Conviction, made null and void the initial
indictments. (Please see attached exhibits. H, I, S and T).
Thus, the Superior and Supreme Court subjected the petitioner
to twice being placed in jeopardy, and Convicted for the same
offenses. (U.S.C.A. Const. Amends. 5 and 14).
Furthermore, the United States Supreme Court has set forth
in <u>Cohen V. Beneficial Industrial Loan Corp.</u>, 337 U.S. 541, 546
(1949), that immediate appeal of a pretrial order is available
when the Claims are Completely Separate from the issue of
the defendant's guilt or innocence, and Conclusively determines
the disputed issue, and is effectively unreviewable on appeal
from a final Judgment. See also <u>Abney V. U.S.</u>, 431 U.S. 651, 659-63
(1977) (District Court's pretrial order denying petitioner's motion
to dismiss the indictment on double jeopardy grounds was final,
appealable decision). Petitioner's Fourteenth Amendment right have
been Violated by the State Courts. (U.S.C.A. Const. Amends. 5 and 14)

(4)

5) That the State Courts application of United States Supreme Court precedent regarding right to appeal final decision on jurisdiction and double jeopardy claims, in the petitioner's case, unreasonable, and denied the petitioner due process and equal protection as guaranteed by the Constitution of the United States. (U.S.C.A. Const. Amends. 5 and 14). That petitioner's exhaustion requirement satisfied because petitioner raised double jeopardy claim in pretrial habeas writ... See _Shute v. Tex_, 117 F.3d. 237 (5th Cir. 1997). That exhaustion requirement satisfied even though claim was not precisely articulated to State Court, but instead was mentioned in paragraph focusing on different, related claims. See _Hill v. Lockhart_, 28 F. 3d 832, 834-35 (8th Cir. 1994) (Please See exhibits-A and J).

Note: (Any variance of petitioner's claims concerning indictment, are due to the misinformation passed on to the petitioner by his Court appointed counsels prior to the receiving of record).

In Support of Grounds Three And Four of Habeas Petition

6). In _Hajduk v. U.S_, 764 F.2d 795, 796 (11th Cir. 1985) (Court has jurisdiction to entertain petition when habeas brought in Court having jurisdiction over petitioner on his place of incarceration). In re _Green_, 39 F.3d 582, 583 (5th Cir. 1994) (Court for district in which petitioner was indicted, but was neither tried nor incarcerated, lacks jurisdiction to entertain petition). That

(5)

the Supreme Court of the State of Delaware violated petitioner's Right to due process and equal protection as guaranteed by the Constitution of the United States, when it changed jurisdictional territory from Kent County, to, New Castle County, after the proceedings had already begun in Kent County. The petitioner was arrested, indicted, incarcerated and tried in Kent County. Therefore, New Castle County, lacked jurisdiction to entertain petitioner's habeas petition on appeal, in Kent County. (Please See attached exhibits - D, E and K). (U.S.C.A. Const Amends. 5 and 14).

Furthermore: The Superior Court lacked jurisdiction to issue a belated and supposititious order on petitioner's habeas petition after the Supreme Court had retained jurisdiction over the subject matter. (Please See attached exhibits - B thru 6). (U.S.C.A. Const. Amends. 5 and 14).

May the Court be reminded that pro Se Complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Haines V. Kerner, 404 U.S. 519, 520-521 (1972) (quoting Conley V. Gibson, 355 U.S. 41, 45-46 (1957).

That the Court also must "accept as true factual allegations in the Complaint and all inferences that can be drawn therefrom." Nami V. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996) (quoting Holder V. City of Allentown, 987 F. 2d 188, 194 (3d Cir. 1993).

(6)

In concluding the petitioner states precisely, that in any event, the record unequivocally reflect that the petitioner's right to due process in the State Courts were violated under the laws and treaties of the State of Delaware, and the Constitution of the United States. (U.S.C.A. Const. Amends. 5 and 14)

Wherefore: The petitioner pray that the Court will grant him the relief sought, and issue an Order to Warden, Thomas Carroll, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977, releasing the petitioner from the Department of Corrections.

Dated: May 5, 2006

Petitioner, Pro Se,

Anson J. Gibbs, Sr.

Anson J. Gibbs, Sr., SBI# 065982
1181 Paddock Road
Smyrna, Delaware 19977.

(7)

In The Supreme Court of The State of Delaware

To: Clerk of The Supreme Court

From: Anson I. Gibbs, Sr.

Draft Copy        . 06 - 080

Dated July 13, 2005

Re: No 299, 2005 - Expedited Motion Under Supr. Ct. R. 25 (d)

Cr. Act. No. 0404019981 and 04040172 FILED

AUG - 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Dear Clerk:

Please accept this letter as an affidavit before
the Court.

I am forwarding this letter requesting that this
Court issue an ordering Stopping the presiding judge of
the Superior Court from going forwarded with trial in
Cr. Act. Nos. 0404019981 and 0404017226 on Tuesday July 19,
2005.

The reason being, that on this date July 13, 2005, the
appellant was carried before the Superior Court, Kent County,
Dover, Delaware, for what is called, a final case Review.

Upon appearing before the presiding judge, appellant
requested that the case be debarred until after the
Supreme Court has decided appellant's appeal on the issue
that the Superior Court declined or refused to accept
jurisdiction over appellant's habeas Corpus petition.

(Exhibit-H)            EX-21

(App-11.)

The presiding judge simply said "no," I have already denied your habeas petition, and the Supreme Court is going to deny your appeal as having no merit anyway, this case is scheduled for trial on Tuesday July 17, be ready for trial on Tuesday with your attorney."

The presiding judge went on to persist in such sarcastic and wrongful conduct by denying other request made by the appellant. With a simple "No."

The presiding judge is in violation of Delaware Judges Code of Judicial Conduct. Canon 2 and 3:

"A judge should avoid impropriety and the appearance of impropriety in all activities. A judge should be patient, dignified, respectful and courteous to litigants... Should respect and comply with the law and should act at all times in a manner that promotes public confidence..."

The appellant pray that this Court will grant him the relief requested. Thank you.

CC: Judge Chambers
Superior Court, K.C.

Appellant,
Ason J. Gibbs, Sr.

19

PaperDocuments

## U.S. District Court
### District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:07-cv-00342-SLR
### Internal Use Only

Gibbs v. Minner et al                          Date Filed: 05/30/2007
Assigned to: Honorable Sue L. Robinson         Jury Demand: Plaintiff
Demand: $4,000,000                             Nature of Suit: 550 Prisoner: Civil
Related Cases: <u>1:91-cv-00263-SLR</u>        Rights
        <u>1:98-cv-00233-GMS</u>   Jurisdiction: Federal Question
        <u>1:98-cv-00333-SLR</u>
        <u>1:06-cv-00296-SLR</u>
Cause: 42:1983 Prisoner Civil Rights

### <u>Plaintiff</u>

**Arson I. Gibbs, Sr.**                     represented by   **Arson I. Gibbs, Sr.**
                                                      SBI# 066982
                                                      Delaware Correctional Center
                                                      1181 Paddock Road
                                                      Smyrna, DE 19977
                                                      PRO SE

V.

### <u>Defendant</u>

**Governor Ruth Ann Minner**

### <u>Defendant</u>

**Members of the Senate**
*individually in both houses and in their*
*official capacity*

### <u>Defendant</u>

**House of Representatives**
*individually in both houses and in their*
*official capacity*

### <u>Defendant</u>

**Legislature of the State of Delaware**
*individually in both houses and in their*
*official capacity*

### <u>Defendant</u>

**Thurman Adams**

$\mathcal{E}x-22$

/.

**Defendant**
Steven H. Amick

**Defendant**
Patricia M. Blevins

**Defendant**
Colin R. J. Bonini

**Defendant**
George H. Bunting

**Defendant**
Catherine L. Cloutier

**Defendant**
Dorinda A. Connor

**Defendant**
Nancy W. Cook

**Defendant**
Charles L. Copeland

**Defendant**
Anthony J. DeLuca

**Defendant**
Margaret Rose Henry

**Defendant**
Robert I. Marshall

**Defendant**
David B. McBride

**Defendant**
Harris B. McDowell

**Defendant**
Karen E. Peterson

**Defendant**
F. Gary Simpson

**Defendant**
David P. Sokola

**Defendant**
Liane M. Sorensen

**Defendant**
John C. Still

**Defendant**
James T. Vaughn

**Defendant**
Robert L. Venables

**Defendant**
Donald A. Blakey

**Defendant**
Joseph W. Booth

**Defendant**
Gerald L. Brady

**Defendant**
Bryon H. Short

**Defendant**
V. George Carey

**Defendant**
Richard C. Cathcart

**Defendant**
Daniel B. Short

**Defendant**
Bence C. Ennis

**Defendant**
J. Benjamin Ewing

**Defendant**
Robert F. Gilligan

**Defendant**
Bethany A. Hall-Long

**Defendant**
Gregory A. Hastings

**Defendant**
Gerald W. Hocker

**Defendant**
Deborah Hudson

**Defendant**
James Johnson

**Defendant**
Helene M. Keeley

**Defendant**
John A. Kowalko

**Defendant**
Gregory F. Lavelle

**Defendant**
Clifford G. Lee

**Defendant**
Vincent A. Lofink

**Defendant**
Valerie Longhurst

**Defendant**
Melanie G. Marshall

**Defendant**
Pamela S. Maier

**Defendant**
Nick T. Manolakos

**Defendant**
Diana M McWilliams

**Defendant**
Joseph E. Mino

**Defendant**
John L. Mitchell

**Defendant**
Michael P. Mulrooney

**Defendant**

William A. Oberle

**Defendant**

William R. Outten

**Defendant**

Hazel D. Plant

**Defendant**

Teresa Schooley

**Defendant**

Peter C. Schwartzkopf

**Defendant**

Terry R. Spence

**Defendant**

Donna D. Stone

**Defendant**

Pamela J. Thornburg

**Defendant**

Robert J. Valihura

**Defendant**

John J. Viola

**Defendant**

Nancy H. Wagner

**Defendant**

Robert E. Walls

**Defendant**

Dennis J. Williams

| Date Filed | # | Docket Text |
|---|---|---|
| 05/30/2007 | ◑1 | MOTION for Leave to Proceed in forma pauperis - filed by Arson I. Gibbs, Sr. (Attachments: # 1 Inmate Account Statement)(lid) (Entered: 05/31/2007) |
| 05/30/2007 | ◑2 | COMPLAINT filed pursuant to 42:1983 against Ruth Ann Minner, Members of the Senate, House of Represenatives, Legislature of the State of Delaware - filed by Arson I. Gibbs, Sr. (Attachments: # 1 Letter to the |

| | | |
|---|---|---|
| | | Clerk of Court with Exhibits)(lid) (Entered: 05/31/2007) |
| 05/30/2007 | ●3 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (lid) (Entered: 05/31/2007) |
| 06/06/2007 | ● | Case assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. (rjb) (Entered: 06/06/2007) |
| 06/11/2007 | ●5 | AMENDED COMPLAINT against Thurman Adams, Steven H. Amick, Patricia M. Blevins, Colin R. J. Bonini, George H. Bunting, Catherine L. Cloutier, Dorinda A. Connor, Nancy W. Cook, Charles L. Copeland, Anthony J. DeLuca, Margaret Rose Henry, Robert I. Marshall, David B. McBride, Harris B. McDowell, Karen E. Peterson, F. Gary Simpson, David P. Sokola, Liane M. Sorensen, John C. Still, James T. Vaughn, Robert L. Venables, Donald A. Blakey, Joseph W. Booth, Gerald L. Brady, Bryon H. Short, V. George Carey, Richard C. Cathcart, Daniel B. Short, Bence C. Ennis, J. Benjamin Ewing, Robert F. Gilligan, Bethany A. Hall-Long, Gregory A. Hastings, Gerald W. Hocker, Deborah Hudson, James Johnson, Helene M. Keeley, John A. Kowalko, Gregory F. Lavelle, Clifford G. Lee, Vincent A. Lofink, Valerie Longhurst, Melanie G. Marshall, Pamela S. Maier, Nick T. Manolakos, Diana M McWilliams, Joseph E. Mino, John L. Mitchell, Michael P. Mulrooney, William A. Oberle, William R. Outten, Hazel D. Plant, Teresa Schooley, Peter C. Schwartzkopf, Terry R. Spence, Donna D. Stone, Pamela J. Thornburg, Robert J. Valihura, John J. Viola, Nancy H. Wagner, Robert E. Walls, Dennis J. Williams- filed by Arson I. Gibbs, Sr.(fmt) (Entered: 06/19/2007) |
| 06/15/2007 | ●4 | ORDER granting Motion to Proceed IFP. Filing Fee of $$350.00 Assessed. Plaintiff requested to submit certified copy of trust fund acct. statement with monthly statements for six month period. Failure to submit items within 30 days will result in dismissal of action without prejudice. (Copy to pltf. with Mag. Consent Form)Notice of Compliance deadline set for 7/19/2007. Signed by Judge Sue L. Robinson on 6/15/07. (rld) (Entered: 06/15/2007) |
| 06/26/2007 | ●6 | Trust Fund Account Statement by Arson I. Gibbs, Sr (fmt) (Entered: 06/27/2007) |
| 06/28/2007 | ●7 | ORDER. Plaintff has no assets to pay initial filing fee and any money plaintiff later receives will be collected in the manner described in order. Plaintiff shall return the attached payment authorization within 30 days. Failure to return payment authorization shall result in dismissal of action without prejudice. (Copy to pltf.)Notice of Compliance deadline set for 8/2/2007.. Signed by Judge Sue L. Robinson on 6/28/07. (fmt) (Entered: 06/28/2007) |
| 07/06/2007 | ●8 | Authorization by Arson I. Gibbs, Sr requesting Prison Business Office to disburse payments to the Clerk of the Court. (copy of assessment order and authorization to Prison Business Office) (fmt) (Entered: 07/10/2007) |
| 07/06/2007 | ●9 | MOTION for Leave to File An Amended Complaint - filed by Arson I. |

| | | Gibbs, Sr. (fmt) (Entered: 07/10/2007) |
|---|---|---|
| 07/06/2007 | ●10 | MOTION for Leave to Proceed in forma pauperis without prepayment of filing fee - filed by Arson I. Gibbs, Sr. (fmt) (Entered: 07/10/2007) |
| 07/16/2007 | ●11 | Trust Fund Account Statement by Arson I. Gibbs, Sr (fmt) (Entered: 07/17/2007) |
| 07/19/2007 | ●12 | MEMORANDUM ORDER, Motions terminated: denied 9 MOTION for Leave to File filed by Arson I. Gibbs, Sr., denied as moot 10 MOTION for Leave to Proceed in forma pauperis filed by Arson I. Gibbs, Sr. DISMISSING CASE as frivolous and for failure to state a claim (copy to pltf.) (CASE CLOSED). Signed by Judge Sue L. Robinson on 7/17/07. (rld) (Entered: 07/19/2007) |
| 07/27/2007 | ●13 | MOTION for Reconsideration re 12 Memorandum Order Dismissing Case (1915) - filed by Arson I. Gibbs, Sr. (fmt) (Entered: 07/30/2007) |
| 07/27/2007 | ●14 | Supplement to 13 MOTION for Reconsideration re 12 Memorandum Order Dismissing Case (1915) filed by Arson I. Gibbs, Sr. (fmt) (Entered: 07/30/2007) |
| 07/30/2007 | ●15 | MOTION to Amend Complaint - filed by Arson I. Gibbs, Sr. (fmt) (Entered: 07/31/2007) |
| 08/23/2007 | ●16 | Expedited MOTION For Judicial Notice of Adjudicative Facts and For A Three Judge Court - filed by Arson I. Gibbs, Sr. (fmt) (Entered: 08/27/2007) |
| 09/13/2007 | ●17 | Trust Fund Account Statement by Arson I. Gibbs, Sr (fmt) (Entered: 09/14/2007) |
| 09/14/2007 | ●18 | Second MOTION for Leave to Proceed in forma pauperis - filed by Arson I. Gibbs, Sr. (fmt) (Entered: 09/17/2007) |
| 09/19/2007 | ●19 | Letter to Clerk from Arson L. Gibbs, Sr. requesting copy of docket sheet. (fmt) (Entered: 09/20/2007) |

In The United States District Court
For The District of Delaware

Anson I. Gibbs, Sr.
                    Plaintiff

V.

Ruth Ann Minner, Governor,
And Members of the Senate
And House of Representatives,
Legislature, of The State
of Delaware, et.al.,
                    Defendants.

Civil Action No. 07-342-SLR

## Complaint

1). This is a Civil Action authorized by 42 U.S.C. Subsec. 1983, to redress the deprivation, under the Color of State law, of rights secured by the Constitution of the United States.

## Jurisdiction

2). This Court has jurisdiction under U.S.C. Subsec. 1331 and 1343 (a)(3), to redress deprivation under Color of any State law, Statute, ordinance, regulation, Custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of all persons within the jurisdiction of the United States.

2.

3) The District of Delaware is the appropriate Venue under 28 U.S.C Subsec 1391(b)(2), because this is where the events giving rise to this claim occurred.

4) The plaintiff seeks declaratory relief pursuant to 28 U.S.C. subsec. 2201 and 2202. Plaintiffs claim for injunctive relief are authorized by 28 U.S.C. Subsec. 2283 and 2284, and Federal Rules of Civil Procedure 65.

## Plaintiff

5) The plaintiff, Anson I. Gibbs, Sr., is and was at all times mentioned herein, a citizen of the United States and a resident of the State of Delaware. Plaintiff is currently incarcerated at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

## Defendants

6) Defendant, Ruth Ann Minner, here and after ("Minner") is Governor, Chief executive of the State of Delaware. Defendant ("Minner") has the final responsibility of approving and signing into law, bills passed by the Senate and House of Representatives. Defendant's ("Minner") also has the authority to veto any such bills. Defendant ("Minner") is being sued individually and in her official capacity (Del. Const. Art. III sec. 1, 17 and 18).

7) Defendants, Senate and House of Representatives, here and after ("Legislature"), serve the same purpose and functions and are legally responsible for drafting and passing of Bills, to be approved and signed into law by the Governor, Chief executive, of the State of Delaware. Defendants, ("Legislature") are being sued individually in both Houses and in their official Capacity. (Del. Const. Art. II, Sec. 1, 2 and 28).

8) At all times mentioned in this Complaint each defendant acted under color of State law.

## Facts

9) On May 17, 2004, in the County of Kent, Dover, Delaware, the plaintiff was arrested and charged with (6) Counts of Forgery 2nd, and (6) Counts of Misdemeanor Theft. The plaintiff was imprisoned at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977, for lack of bail.

10) On July 6, 2004, the plaintiff was indicted on all charges. (See exhibits A and B).

11) Plaintiff was then appointed counsel from the public Defender's Office. After numerous plea offers, to which the plaintiff refused. On March 16, 2005, the plaintiff was carried before the Court, and after having a hearing plaintiff was released from prison.

(3)

12) On June 7, 2005, Plaintiff was rearrested on a Capias and carried before the Court. Prior to having a hearing plaintiff's Court appointed Counsel informed plaintiff that prior to plaintiff's release on March 16, 2005, that Plaintiff had been reindicted on March 7, 2005, and was due to appear before the Court on May 31, 2005. (See exhibit-c)

13) Upon hearing this information Plaintiff then and there requested that Counsel file a Writ of Habeas Corpus on Claims of Double Jeopardy, Lack of Jurisdiction to reindict, and that Plaintiff is illegally being detained, or file a Motion to dismiss.

14) After nearly (2) weeks and no response from Counsel concerning Plaintiff's Plaintiff's request. The Plaintiff on June 19, 2005, drafted a petition for Writ of Habeas Corpus and filed with the Superior Court, Kent County, Dover, Delaware 19901. (See exhibit-D)

15) The Superior Court refused to accept jurisdiction over plaintiff's Habeas Corpus petition in a timely manner. So the Plaintiff on July 2, 2005, filed a Notice of Appeal with the Supreme Court of Delaware. The Supreme Court on July 6, 2005, granted plaintiff's Notice of Appeal, and notified the Superior Court of its actions. (See exhibit-E)

16) On July 10, 2005, Plaintiff recied an Order from the Superior Court stating it had dismissed plaintiff's Habeas petition, setting forth the following reason under the provisions of 10 Del c. subsec. 6902 (1). (See exhibit-F)

(14)

> "The extraordinary remedy of
> Habeas Corpus is not available
> Where the commitment is regular
> on its face."

17) The Supreme Court on November, 2005, affirmed the decision of the Superior Court. (See exhibit-C)

18) Defendants ("Minner") and ("Legislature"), under the guise of 10 Del. C. subsec. 6902(1), has ratified, altered or changed by words, phrases or paragraphs, Article 1, sec. 9, Clause 2 of the Constitution of the United States, which clearly provides the following:

> "The privilege of the Writ of Habeas
> Corpus shall not be suspended unless
> When in cases of Rebellion or Invasion
> the public safety may require it."

19) Defendants have set forth in 10 Del. C. subsec. 6902(1) that: "Every person shall have remedy by the Writ of Habeas Corpus... except-

> (1) Persons committed or detained on
> a charge of Treason or felony, the
> species whereof is plainly and fully
> set forth in the commitment."

(5)

20) The defendants have borrowed/taken the words "Treason or Felony, to put in the place of "Rebellion or Invasion," from Article 1, sec. 6 of the Constitution of the United States. It states in pertinent part:

> "The Sentors and Representatives
> shall in all cases, except Treason,
> Felony... be privileged from arrest..."

21) The defendants were not delegated the authority pursuant to Article V of the Constitution of the United States, to ratify, alter or change by words, phrases or paragraphs, any part(s) thereof. Article V explicitly sets forth that:

> "The Congress, whenever two thirds of both
> Houses shall deem it necessary, shall
> propose Amendments to this Constitution,
> or, on Application of the Legislatures
> of two thirds of the several States, shall
> call a Convention for proposing Amendments,
> which in either case, shall be valid to all
> Intents and purposes, as part of this
> Constitution, when ratified by the
> Legislature of three fourth of the
> Several States, as the one or the other
> mode of Ratification may be proposed by
> the Congress."

22). 10 Del. C. subsec. 6902(1) totally defy and overrides Article, sec. 9, Clause 2 and Article I, and is clearly unconstitutional, because both Articles are well settled with respect to elements for denial of an application for Writ of Habeas Corpus, and Amendments to the Constitution of the United States. (U.S.C.A. Const. Art. 1, sec. 9, cl. 2 and Art. I).

## Legal Claims

23). Plaintiff reallege and incorporate by reference (paragraphs 1-22.

24). Defendants Conduct (paragraphs 6-22) amounts to deliberate indifference to the rights of the plaintiff because 10 Del. C. subsec. 6902(1), shuts the door) and leaves no exit for a speedy release of plaintiff who is illegally detained and physically restrained of his liberty on Felony Charges. The defendants knew or should have known, that prior to the drafting and making 10 Del. C. subsec. 6902(1) official law, that such law is contrary to the Constitution, and would violate plaintiffs rights of access to the Courts, and would deny plaintiff equal protection and due process, as guaranteed by the Constitution of the United States. (U.S.C.A. Const. Amend. I. and XIV and Art. 1, sec. 9, cl. 2).

25). As a result of defendants Conduct the plaintiff suffered mental and emotional stress, partially, due to the constant pursuit of Court litigation and the daily struggles of prison life, trying to obtain the necessary legal material to redress the wrongs committed by defendants.

(7)

26) Mainly, plaintiff suffered a Heart Attack, (according to an EKG). Developed High Blood Pressure, which left plaintiff restless and unable to sleep. Plaintiff was placed on Chronic Care.

27) As a result of defendants conduct (paragraphs 1-22), the plaintiff's right to be free from Cruel and unusual punishment has been violated, as a result of the injuries sustained. Defendants Conduct was unreasonable, and Constituted "reckless and Callous indifference" to plaintiff's rights, as well as intentional violations of Federal law. The defendants have a duty to protect the rights of the plaintiff who resided in their jurisdiction, born and naturalized a Citizen of the United States. (U.S.C.A. Const. Amend. XIII and XIV)

28) If the plaintiff would have been privileged to the Writ of Habeas Corpus as guaranteed by the Constitution of the United States, the injuries sustained as a result of defendants conduct, and violations of plaintiff's rights, would never have happend. (U.S.C.A. Const. Art. 1, Sec. 9, Cl. 2; Art. II, parag. 3; and Amend. XIV).

29) Plaintiff has no plain, adequate or Complete remedy at law to redress the wrongs set forth herein. Plaintiff has been and will Continue to be irreparably injured by the Conduct of defendants, unless this Court grants declaratory and injunctive relief, which the plaintiff seeks. (U.S.C.A. Const. Art. II, parag. 2 and 3). (parag. 4, as incorporated in this Complaint).

(8)

30) Defendants, Since the beginning of litigation on June 19, 2005, have made no attempt to correct or change the unconstitutionality of 10 Del. C. Subsec. 6902(1). Therefore, the basis for this Complaint is that, the plaintiff is seeking relief that serves "to bring an end to a present and ongoing violation of Federal law." (See exhibit-H).

## Prayer For Relief

Wherefore: The plaintiff pray that this Court will enter judgment granting plaintiff:

31) Declaratory relief, that defendants conduct violated and deprived plaintiff of an interest protected by the Constitution of the United States; and that 10 Del. C. Subsec. 6902(1), is unconstitutional.

32) Injunctive relief, Compelling defendants ("Winner") and ("Legislature") to discontinue their custom and practice of implementing and passing Critical and unconstitutional annotated laws, to abridge the privileges and immunities of the plaintiff, as guaranteed by the Constitution of the United States; Critically set forth in 10 Del. C. Subsec. 6902(1). Defendants conduct, "while acting in their official capacity, was clearly in excess of their discretion, and violated plaintiff's rights, possessed with the authority to do so, while acting under Color of State law.

(9)

33) Compensatory damages in the amount of $250,000. a-gainst each defendant, jointly and severally, for the injuries sustained as a result of defendants conduct.

34) Punitive damages in the amount of $1,500,000. against each defendant for "reckless and callous indifference" to plaintiff's rights, and intentional violations of federal law."The type of conduct section 1983 punitive damages is aimed to deter."

35) Cost and attorney fees in an amount to be determined by the Court. While considering the unconstitutional behavior of the defendants towards the plaintiff, and the lengthy litigation involved, to redress the wrongs committed by the defendants.

36) Any additional relief this Court deems just, proper and equitable. However: The plaintiff dismiss pareg. 33 for compensatory damages, and only seeks damages in paragraphs 34, 35 and 36.

Dated: May 23, 2007

Respectfully Submitted, Plaintiff,

Aaron I. Gibbs, Sr.

Aaron I. Gibbs, Sr, SBI# 066982
1181 Paddock Road
Smyrna, Delaware 19977.
SHU-Bldg. #19, DL-11

(10)

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| THE STATE OF DELAWARE | : | ID NO 0404017226 |
| vs. | : | INDICTMENT BY THE |
| ARSON I. GIBBS SR. | : | GRAND JURY |

The Grand Jury charges ARSON I. GIBBS SR. with the following offenses:

### COUNT 1                      K-04-06-0927

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 425, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $75.00 which purported to be the act of Charles Lamb who did not authorize this act.

### COUNT 2                      K-04- 06-0928

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 422, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $380.00 which purported to be the act of Charles Lamb who did not authorize this act.

*(Exhibit A)*

## COUNT 3                              K-04-06-0929

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 424, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $920.00 which purported to be the act of Charles Lamb who did not authorize this act.

## COUNT 4                              K-04-06-0930

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did take with the intent to appropriate property consisting of $75.00 United States Currency belonging to Charles Lamb and valued at less than $1,000.00.

COUNT 5                                  K-04- 06-0931

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware
Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of
Kent, State of Delaware, did take with the intent to appropriate property consisting of
$85.00  United States Currency belonging to Charles Lamb and valued at less than
$1,000.00.

COUNT 6                                  K-04-06-0932

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware
Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of
Kent, State of Delaware, did take with the intent to appropriate property consisting of
$380.00  United States Currency belonging to Charles Lamb and valued at less than
$1,000.00.

A TRUE BILL

_____                  _____
                                              (FOREPERSON)
ATTORNEY GENERAL
                                         _____
_____                       (SECRETARY)
DEPUTY ATTORNEY GENERAL

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

THE STATE OF DELAWARE        :    ID NO 0404017226

vs.        :    INDICTMENT BY THE

ARSON I. GIBBS SR.        :    GRAND JURY

The Grand Jury charges ARSON I. GIBBS SR. with the following offenses:

COUNT 1        K-04-06-0927

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section

861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of

Kent, State of Delaware, did intending to defraud other person, transfer check number

425, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson

Gibbs, in the amount of $75.00 which purported to be the act of Charles Lamb who did

not authorize this act.

COUNT 2        K-04-06-0928

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section

861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of

Kent, State of Delaware, did intending to defraud other person, transfer check number

422, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson

Gibbs, in the amount of $380.00 which purported to be the act of Charles Lamb who did

not authorize this act.

*(Exhibit B)*

COUNT 3                              $\int$ K-04-06-0929

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 424, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $920.00 which purported to be the act of Charles Lamb who did not authorize this act.

COUNT 4                              K-04-06-0930

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did take with the intent to appropriate property consisting of $75.00  United States Currency belonging to Charles Lamb and valued at less than $1,000.00.

COUNT 5                              IK-04- 06-0931

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did take with the intent to appropriate property consisting of $85.00 United States Currency belonging to Charles Lamb and valued at less than $1,000.00.

COUNT 6                              K-04-06-0932

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of Kent, State of Delaware, did take with the intent to appropriate property consisting of $380.00 United States Currency belonging to Charles Lamb and valued at less than $1,000.00.

A TRUE BILL

_____        _____
                                                        (FOREPERSON)

ATTORNEY GENERAL                        _____
                                                        (SECRETARY)

_____
DEPUTY ATTORNEY GENERAL

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

**REINDICTMENT**

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| THE STATE OF DELAWARE | : | ID NO 0404009981 |
| | | 0404017226 |
| vs. | : | INDICTMENT BY THE |
| ARSON I. GIBBS SR. | : | GRAND JURY |

The Grand Jury charges ARSON I. GIBBS SR. with the following offenses:

COUNT 1                          IK-05-03-0523

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of February, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check number 134, drawn on the Wilmington Trust Bank, account of Maynard Scott and made payable to Arson Gibbs, in the amount of $610.00 which purported to be the act of Maynard Scott who did not authorize this act.

COUNT 2                          IK-05-03-0524

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of March, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check 133, drawn on the Wilmington Trust Bank, account of Maynard Scott and made payable to Arson Gibbs, in the amount of $250.00 which purported to be the act of Maynard Scott who did not authorize this act.

*(Exhibit C)*

COUNT 3                                    I K-05-03- 0525

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section
861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 22nd day of March, 2004, in the County of
Kent, State of Delaware, with intent to defraud another person, did transfer check 137,
drawn on the Wilmington Trust Bank, account of Maynard Scott and made payable to
Arson Gibbs, in the amount of $920.00 which purported to be the act of Maynard Scott
who did not authorize this act.

COUNT 4                                    I K-05-03- 0526

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section
843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of February, 2004, in the County
of Kent, State of Delaware, with intent to appropriate, did obtain property from
Wilmington Trust Bank, in an amount less that $1,000.00, by intentionally creating a
false pretense; to-wit, by presenting a forged instrument (check no. 134) as if it had
been properly executed by the holder of the account.

COUNT 5                    I K-05-03- 0527

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of March, 2004, in the County of Kent, State of Delaware, with intent to appropriate, did obtain property from Wilmington Trust Bank, in an amount less that $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 133) as if it had been properly executed by the holder of the account.

COUNT 6                    I K-05-03- 0528

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of March, 2004, in the County of Kent, State of Delaware, with intent to appropriate did obtain property from Wilmington Trust Bank, in an amount less that $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 137) as if it had been properly executed by the holder of the account.

COUNT 7                          I K-05-03- 0529

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section

861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of

Kent, State of Delaware, with intent to defraud another person, did transfer check

number 425, drawn on the PNC Bank, account of Charles Lamb and made payable to

Arson Gibbs, in the amount of $75.00 which purported to be the act of Charles Lamb

who did not authorize this act.

COUNT 8                          I K-05-03- 0530

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section

861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of

Kent, State of Delaware, with intent to defraud another person, did transfer check

number 422, drawn on the PNC Bank, account of Charles Lamb and made payable to

Arson Gibbs, in the amount of $380.00 which purported to be the act of Charles Lamb

who did not authorize this act.

COUNT 9                          T K-05-03 -05 3 |

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check number 424, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $920.00 which purported to be the act of Charles Lamb who did not authorize this act.

COUNT 10                         T K-05-03- 05 32

THEFTBY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did obtain property for PNC Bank, in an amount less than $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 425) as if it had been properly executed by the holder of the account.

## COUNT 11                     I K-05-03- 0533

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did obtain property for PNC Bank, in an amount less than $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 422) as if it had been properly executed by the holder of the account.

## COUNT 12                     I K-05-03- 0534

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of Kent, State of Delaware, did obtain property for PNC Bank, in an amount less than $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 424) as if it had been properly executed by the holder of the account.                                         A TRUE BILL

_____          _____
ATTORNEY GENERAL                 (FOREPERSON)

                                 _____
                                 (SECRETARY)

_____
DEPUTY ATTORNEY GENERAL

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Kent_ COUNTY

IN THE MATTER OF THE PETITION OF )    C.A. NO.
)    HABEAS CORPUS
)    _Super. Ct. Cr. A. Ct. N0. ILk04050921. Ph. L_

THE STATE OF DELAWARE,    _ILk04051927_

You are commanded:

To have _____ who is allegedly detained in your custody, before
the Superior Court of the State of Delaware, at the County Court House at
_____ Delaware immediately after the receipt of this writ; and to abide any
order which the Court shall make concerning Petitioner.

And further, to certify fully in writing under oath the true cause of said detention,
and to have there a copy of all process or Orders, if any, under which he is detained and
also this writ.

_____
Prothonotary

Dated: _____

To the above named Respondent:

In case of your failure to produce _____ as above
commanded, and fully certify in writing under oath the true cause of his detention, with a
copy of all process or orders, if any, under which he is detained, within 3 days after
service hereof upon you if the place where he is detained is not more than 20 miles from
the County Court House, or within 6 days if such place is more than 20 miles, you may
be adjudged to be in contempt of court.

_____
Prothonotary

(Exhibit - D)

State of Delaware

          ss.

_____ County

_____, Sheriff of _____ County, deposes
and says that he served personally upon _____ the
original Writ of Habeas Corpus of which the within is a true copy, by leaving the original
Writ with _____

on _____, 20 .

SWORN TO AND SUBSCRIBED before me, _____, 20 .


                                  _____

                                     Prothonotary

Opening Statement

This Habeas Corpus Proceeding is brought on ground that there has been a Violation of Due Process of law in the Proceedings in State Court in defendant's case, starting initially, from the outset of defendant's arrest.

The defendant feel as though the Court Should apply the Same "bar" Standards as set forth in Wilmer v. State, (Cite as 877 A.2d 30), and State v. Kendell, Del. Super, 2003, to the Attorney General's Office "when a reindictment is based upon the Same Set of essential elements or Statutory language, and when the first indictment has been adjudicated or dismissed by the Court, the interest of justice exception must come into play and the Attorney General must Show that the Court lacked authority to dismiss the former indictment."

"That the Attorney General therefore should not now be heard to Complain through his present reindictment... Particularly since the Supporting documentation or record is the Same that the Attorney General relied on in his earlier attempt to indict the defendant..." Any ground for relief that was formerly adjudicated is thereafter barred."

The reindictment Violates the 5th and 14th Amendments to the Constitution of the United States. (U.S.C.A. Const. Amends. 5 and 14)

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Kent_ COUNTY

IN THE MATTER OF

_Areson I. Gibbs, Sr._

for a Writ of Habeas Corpus

C.A. No.
Super. Ct. Cr. Act. Nos. IK04050921. And
IK04050927

## MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS

The above defendant submits this memorandum in support of his petition for Writ of Habeas Corpus. Petitioner states the following in support:

1. The Criminal Action Number in this case is _IK04050921, IK04050927_.

2. Your petitioner is being unlawfully restrained of his liberty, in violation of the laws of the State of Delaware, by reason of _10 Del. C. Sec. 6900, 10 Del. C. Sec. 4501 thru 4543 and 11 Del. C. Sec. 207, Due Process, Equal Protection and the Double Jeopardy Clauses of the Delaware and United States Constitution. That the Grand Jury Was Without Lacked Jurisdiction to re-indict the defendant on Changes that had already been dismissed. (See reverse Side)_

WHEREFORE, petitioner prays the petition issue and the writ granted.

_Areson I. Gibbs, Sr. SBI# 166982_

Delaware Correctional Center
1181 Paddock Road
Smyrna, DE. 19977

Dated: _6-19-05_

That one year had passed before first indictment was dismissed. Approximately three weeks later a reindictment was issued using the same essential elements of the first indictment under 11 Del. C. Sec. 861. Generally, indictment drawn in language of Statute is sufficient, but if Statute fails to delineate with specificity all the essential elements of the crime, drafter of indictment may not safely rely on Statutory language alone. The reindictment failed to give any new information or evidence that would warrant the reindictment.

This procedure was clearly prejudicial, vindictive and an abuse of the Criminal process, and in violation of due process, equal protection and the double jeopardy clauses of the 5th and 14th Amendments to the United States Constitution.

That the grand jury lacked jurisdiction to reindict the defendant on the same offense(s) using the same elements of the proposed Crime. The reindictment had already been asserted in the former indictment.

Therefore, the petition for habeas Corpus relief should be granted, because the defendant has stated a Colorable Claim that a Miscarriage of justice and Constitutional violations has occurred.

Defendant,

Susan J. Gibbs, Sr.

Anson J. Gibbs, Sr. SBI # 266982
1181 Paddock Road
Smyrna, Delaware 19977.

6-19-05

## SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

July 6, 2005

#3
SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

Lisa Lowman, Prothonotary
Superior Court
Kent County Courthouse
38 The Green
Dover, DE  19901

RE:   ***Arson I. Gibbs v.  State of Delaware,*** No. 299, 2005
(Cr. ID No. 0404009981)

Dear Ms. Lowman:

A notice of appeal in the above captioned matter was filed in this Court on July 6, 2005.

Pursuant to Supreme Court Rule 9(b)(ii), the record must be filed with this Office no later than **July 29, 2005**. If the record is not filed by the above date, **you must seek an extension from the Court and state the reasons for the delay in the transmittal of the record.**  Any such request for an extension must be specific as to the day the record will be filed.

If you have any questions, please contact me at your convenience.

Very truly yours,

/eas

cc:   Mr. Arson Gibbs
John R. Williams, Esquire    *(Exhibit - E)*

**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

WILLIAM L. WITHAM, JR.
*RESIDENT JUDGE*

June 30, 2005

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5332

Mr. Arson I. Gibbs, Sr.
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Re:   **Arson I. Gibbs, Sr. v. State of Delaware**
    **ID Nos. 0404009981 and 0404017226**
    **C.A. No. 05M-06-017**

Dear Mr. Gibbs:

The Court has reviewed your petition for writ of habeas corpus which was filed with the Prothonotary on June 29, 2005.

The extraordinary remedy of habeas corpus is not available where the commitment is regular on its face. *Jones v. Anderson,* Del. Supr., 183 A.2d 177, 178 (1962), *citing, Curran v. Woodley,* Del. Supr., 104 A.2d 771 (1954).

You were re-indicted on March 7, 2005 apparently to bring both sets of charges under one indictment. Currently you are being lawfully held at Level 5 in default of bond while awaiting your appearance in Superior Court for Final Case Review on July 19, 2005. Therefore, your petition for writ of habeas corpus is *dismissed.*

**IT IS SO ORDERED.**

WLW/dmh
oc:   Prothonotary
xc:   Mr. Arson I. Gibbs, Sr. - DCC
    Attorney General's Office
    Sheryl Rush-Milstead, Esquire
    Inmate Records Supervisor - DCC
    File

*(Exhibit 1F)*

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARSON I. GIBBS, | § | |
| | § | |
| Defendant Below- | § | No. 299, 2005 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 0404009981 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:   September 1, 2005
Decided:    November 1, 2005

Before **STEELE**, Chief Justice, **HOLLAND**, and **JACOBS**, Justices.

### O R D E R

This 1st day of November 2005, upon consideration of the opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The defendant-appellant, Arson Gibbs, filed this appeal from the Superior Court's denial of his petition for habeas corpus. The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Gibbs' opening brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that Gibbs was indicted in July 2004 in two separate bills of indictment with multiple counts of forgery and theft. He

*(Exhibit - 6)*

subsequently was reindicted in a consolidated indictment in March 2005. He was convicted in July 2005, following a Superior Court bench trial, of five counts of forgery and five counts of theft. Gibbs had filed a petition for a writ of habeas corpus in June 2005, which the Superior Court summarily dismissed on the ground that Gibbs was lawfully detained in default of bail.

(3)    The Superior Court's decision is manifestly correct. Under state law, a writ of habeas corpus is not available to any person who is committed or detained on a felony charge, "the species whereof is plainly and fully set forth in the commitment."* Gibbs was being lawfully held on felony charges in default of bail. Accordingly, he was not entitled to habeas corpus relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

* 10 Del. C. § 6902(1).

2

In The United States District Court
For The District Of Delaware

Aaron I. Gibbs, Sr.,                    |    Civil Action No. 1:02CV=342

        Plaintiff,                      |

        v.                              |

Ruth Ann Minner, Governor,             |    Jury Trial Demanded
And Members of The Senate
And House of Representatives,
Legislature, of The State
of Delaware, et al,                    |

        Defendants.                     |

        Motion For Leave To File
        An Amended Complaint

    Plaintiff, Aaron I. Gibbs, Sr., pursuant to Fed. R. Civ. P.
15(a) and 19(a), request leave to file an amended Complaint
adding the following persons, as well as a new Legal Claim.

    1) The Plaintiff in his Original Complaint named ("Legislature")
as defendants to represent Members of the Senate and House
of Representatives.

                            3.

2) Since the filing of the Complaint the plaintiff has secured the names of the ("legislature") defendants. Therefore, in paragraphs 7, 18 and 32 of the Original Complaint where ("legislature") is incorporated, are amended to reflect the identity and actions of defendants: Thurman Adams, Steven H. Amick, Patricia M. Blevins, Colin R.J. Bonini, George H. Bunting, Catherine L. Cloutier, Dorinda A. "Dori" Connor, Nancy W. Cook, Charles L. Copeland, Anthony J. Deluca, Margaret Rose Henry, Robert I. Marshall, David B. McBride, Harris B. McDowell, Karen E. Peterson, F. Gary Simpson, David P. Sokola, Liane M. Sorenson, John C. Still, James T. Vaughn, Robert L. Venables; All (21) defendants are Senators of the (144th General Assembly)

3) Donald A. Blakey, Joseph W. Booth, Gerald L. Brady, Bryon H. Short, V. George Carey, Richard C. Cathcart, Daniel B. Short, Dence C. Ennis, G. Benjamin Ewing, Robert F. Gilligan, Bethany A. Hall Long, Gregory A. Hastings, Gerald W. Hocker, Deborah Hudson, James Johnson, Helene M. Keeley, John A. Kowalko, Gregory F. Lavelle, Clifford G. "Biff" Lee, Vincent A. Lofink, Valerie Longhurst, Melanie G. Marshall, Pamela S. Maier, Nick T. Manolakos, Diana M. McWilliams, Joseph E. Miro, John L. Mitchell, Michael P. Mulrooney, William A. Oberle, William R. Outten, Hazel D. Plant, Teresa Schooley, Peter C. Schwartzkopf, Terry R. Spence, Donna D. Stone, Pamela J. Thornburg, Robert G. Valihura, John J. Viola, Nancy H. Wagner, Robert E. Walls, Dennis P. Williams; All (41) defendants are Representatives of the (144th General Assembly).

4) Pursuant to and under the provisions of 42 U.S.C. subsec. 1985 and 18 U.S.C. subsec. 241 and 242. All defendants mentioned in this Civil Action were joint participants in a conspiracy, who acted pursuant to a Statutory Scheme to willfully violate the rights of the plaintiff.

5) The defendants conspired to alter or change by words, phrases or paragraphs, Article 1, Sec. 9, Clause 2 of the United States Constitution, as set forth in 10 Del. C. Subsec. 6902(1), which violated plaintiff's rights, as set forth in plaintiff's Original Complaint filed with this Court on May 23, 2007.

6) "If two or more persons in any State or Territory conspire to prevent... any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws... the party so injured or deprived may have an action for recovery of damages occasioned by such injury or deprivation, against any one or more of the Conspirators." (42 U.S.C. subsec. 1985 and U.S.C.A. Const. Amend. 14).

7) "Whoever, under Color of any law, Statute, Ordinance, regulation, or Custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States... Shall be fined under this title or imprisoned not more than one year, or both." (18 U.S.C. subsec. 242 and U.S.C.A. Const. Amend. 14).

(3)

8). "If two or more persons Conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States... with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured...they shall be fined under this title or imprisoned for any term of years...or both..." (18.U.S.C. subsec. 241 and U.S.C.A. Const. Amend. 14).

9). It is held that "public officials are presumed to be aware of the law governing their Conduct." The Conduct of the defendants mentioned herein, is unbecoming of public officials and therefore, must be held liable under the laws governing such Conduct.

10). The Court should grant leave freely to amend a Complaint. Foman V. Davis, 371 U.S. 178, 182 (1962).

Wherefore: Plaintiff prays that the Court will grant leave to amend Complaint.

Dated: 6-4-07

Plaintiff
Jason I. Gibbs, Sr.
Jason I. Gibbs, Sr., SBI# 066982
1181 Paddock Road
Smyrna, Delaware 19977.
SHU Bldg #19 DL-11

(4)

For The District of Delaware

| | |
|---|---|
| Arson I. Gibbs, Sr., | Civ. Act. No. 07-~~343~~ 342 -SLR |
| Plaintiff, | |
| V. | |
| Ruth Ann Minner, Governor, et al, | Jury Trial Demanded |
| Defendants. | |

Motion For Leave To File
An Amended Complaint

The plaintiff, Arson I. Gibbs, Sr., pursuant to Fed. R. Civ. P. 15(c), request leave to file an amended complaint to add the following persons as defendants and co-conspirators to the plaintiff's original complaint dated 5-23-07, and plaintiff's amended complaint dated 6-4-07.

1) Due to reasons beyond plaintiffs control, the plaintiff was unable to add the following persons to his amended complaint filed with the court dated 6-4-07, for lack of legal information.

4.

2) The needed information has been provided and the plaintiff presents this Motion for Leave to File an amended Complaint adding the following persons as Defendants. <u>Donald V. Cook County Sheriff's Dept</u>, 95 F.3d 548, 554-56 (7th Cir. 1996).

3) Defendant, William L. Witham, Jr., Judge of the Superior Court, Kent County, Dover, Delaware 19901.

4) Defendant, Steele, Chief Justice of the Supreme Court, Kent County, Dover, Delaware 19903.

5) Defendant, Holland, Associate Judge of the Supreme Court, Kent County, Dover, Delaware 19903.

6) Defendant, Jacobs, Associate Judge of the Supreme Court, Kent County, Dover, Delaware 19903.

7) These four defendants are being sued in their individual Capacity, subject to the relief as set forth in original Complaint including paragraph 33, to which plaintiff reiterate against these four defendants.

8) It is held that, "although judges enjoy absolute immunity from liability and damages for their judicial or adjudicatory acts, they are not absolutely immune in their performance of administrative and executive functions. See <u>Morrison V. Lipscomb</u>, 877 F.2d 463, 466 (6th Cir. 1989), <u>Forrester V. White</u>, 484 U.S. 219, 227 (1988).

(2)

9) These four defendants are not absolutely immune for their executive actions declaring that, "the plaintiff was not entitled to a Writ of Habeas Corpus because the plaintiff was detained on a Felony Charge" (10 Del. C. subsec. 6902(1)). Nor are these four defendants entitled to qualified immunity, because the right violated was already established by the Constitution of the United States at the time of the violation. U.S. C.A. Const. Art. 1, Sec. 9, Cl. 2), See Conn v. Gabbert, 226. U.S. 286, 290 (1999). Wilson v. Layne, 526 U.S. 603, 609 (1999); Harlow v. Fitzgerald, 455. U.S. 800, 818 (1982).

10) Del. Const. Art. IV, Sec. 2 sets forth the qualifications in order to be a judge of the State of Delaware..."Shall be citizens of the State and learned in the law."

11) Therefore, these four defendants knew or should have known that their executive actions committed in scope of 10 Del. C. Subsec. 6902(1), was contrary to Art. 1, sec. 9, Cl. 2 of the Constitution of the United States, and would violate plaintiff's right to due process, as well as plaintiff's right of access to the Court, as provided for under the provisions of the Habeas Corpus Statute set forth in the Constitution of the United States. (U.S.C.A. Const. Amend. I and XIV). These four defendants had the power and the authority to rule 10 Del. C. Subsec. 6902(1) as unconstitutional, but failed to do so. (U.S.C.A. Const. Art. IV and Const. Amend. XIV).

3) Pursuant to Del. Const. Art. II, sec. 9, in scope of U.S.C.A. Const. Art. 1, sec. 6 and sec. 9, cl 2, and 10 Del. C. Subsec. 6902(1), the Court must draw strong inferences and accept as true that, Del. Const. Art. II, sec. 9 ("Prefixing Constitution to Codification of Laws") refer to the Constitution of the United States.

4) All Sixty Seven Defendants mentioned in this Civil Action conspired to intentionally violate the Constitution of the United States, as well as the rights of the Plaintiff, while acting under Color of State Law.

Wherefore: For the reasons stated herein the Plaintiff Pray that the Court will grant leave to file an amended Complaint.

Dated: 7-5-07

Plaintiff,

Jason I. Gibbs, Sr.

Jason I. Gibbs, Sr., SBI# 066982
1181 Paddock Road
Smyrna, Delaware 19977
SHU- Bldg #19- DL-11

(4)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ARSON I. GIBBS, SR.,                    )
                                        )
            Plaintiff,                  )
                                        )
      v.                                ) Civil Action No. 07-342-SLR
                                        )
GOVERNOR RUTH ANN MINNER,               )
et al.,                                 )
                                        )
            Defendants.                 )

## MEMORANDUM ORDER

At Wilmington this 17th day of July, 2007, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint and amended complaint are dismissed without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, plaintiff's motion for leave to file an amended complaint (D.I. 9) is denied, and plaintiff's second motion for leave to proceed in forma pauperis without prepayment of filing fee (D.I. 10) is denied as moot, for the reasons that follow:

1. **Background.** Plaintiff Arson I. Gibbs, Sr., filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2, 5) He appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 4)

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous,

5.          $Ex-23$

malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief. An action is frivolous if it "lacks an

arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3.   In performing the court's screening function under § 1915(e)(2)(B), the court

applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa.

Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court

must accept all factual allegations in a complaint as true and take them in the light most

favorable to plaintiff.   Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007);

Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short

and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the. . . claim is and the grounds upon which it

rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley

v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual

allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the

assumption that all of the complaint's allegations in the complaint are true (even if

doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading

is liberally construed and his complaint, "however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus,

2

–U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

    **4. Discussion.** Plaintiff filed this suit pursuant to 42 U.S.C. § 1983 against Ruth

Ann Minner ("Governor Minner"), the governor of the State of Delaware, members of the

Senate, House of Representatives, and legislature of the State of Delaware, each

named individually. Plaintiff was indicted in July 2004 in the Superior Court of the State

of Delaware, Kent County, in two separate bills of indictment with multiple counts of

forgery and theft. He was subsequently re-indicted in a consolidated indictment in

March 2005. In June 2005, plaintiff filed a petition for writ of habeas corpus which the

Superior Court summarily dismissed on the ground that plaintiff was lawfully detained in

default of bail. Plaintiff appealed the denial of habeas relief to the Delaware Supreme

Court and it affirmed the judgment of the Superior Court. In July 2005, following a

bench trial in Superior Court, plaintiff was convicted of five counts of forgery and five

counts of theft.

    5. Plaintiff alleges Governor Minner and all members of the Delaware

Legislature, "under the guise of 10 Del. C. 6902(1) has [sic] ratified, altered or changed

by words, phrases or paragraphs, Article I, Sec. 9, Clause 2 of the Constitution of the

United States of America." (D.I. 2, ¶ 18) Plaintiff alleges defendants did not have the

authority to alter or amend Article I. Id. at 21. He alleges defendants' conduct amounts

to the deliberate indifference to his rights because § 6902(1) "shuts the door and leaves

no exit for a speedy release of the plaintiff who is illegally detained and physically

restrained of his liberty on felony charges." Id. at ¶ 24. Plaintiff further alleges

defendants' conduct violated his right to be free from cruel and unusual punishment. Id.

3

at 27. Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages. Plaintiff does not attack the constitutionality of § 6902 on its face. Rather, he seeks relief from defendants based upon their alleged actions in enacting the statute.

6. **Statute of Limitations**. There is a two year statute of limitations period for § 1983 claims. See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. See Smith v. State, Civ. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001). The complaint alleges plaintiff's constitutional rights were violated as a result of defendants' actions in enacting § 6902(1). The statute as it now reads became effective July 10, 1995. See 10 Del. C. § 6902; 70 Laws 1995, ch. 186, § 1, eff. July 10, 1995. Plaintiff filed his habeas corpus petition in the Delaware Superior Court in June 2005, some ten years after the effective date of § 6902(1).

7. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." Wakefield v. Moore, No. 06-1687, 2006 WL 3521883, at *1 (3d Cir. Dec. 7, 2006) (citing Fogle v.

4

Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)). It is evident from the face of the complaint that plaintiff's § 1983 action is barred by the two year limitations period. Therefore, the complaint is dismissed pursuant to 28 U.S.C. § 1915.

8. **Legislative Immunity**. Dismissal is also appropriate on the basis of legislative immunity. The governor and the legislative branch of government for the State of Delaware are the named defendants. The Eleventh Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984); see MCI Telecom. Corp v. Bell Atlantic of Penn., 271 F3d 491, 503 (3d Cir. 2001) (states are generally immune from private suits in federal court). The Eleventh Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Neither the governor or the legislative branch of the State of Delaware have waived their Eleventh Amendment immunity and, therefore, they are immune from suit.

9. The Supreme Court has held that individual members of state legislatures are absolutely immune from suit for damages under 42 U.S.C. § 1983 when conducting legitimate legislative activity. Tenney v. Brandhove, 341 U.S. 367, 376-79 (1951). Indeed, it is well established that "state and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 46 (1998) (citations omitted).

5

10. Immunity extends to state executive branch officials, such as the governor, when they perform a legislative function. Bogan, 523 U.S. at 55. "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." Id. at 54. Any activity that is in the sphere of legitimate legislative activity is a legislative act. Id. An executive function that is an integral step in the legislative process will usually be considered a legislative act. Bogan, 523 U.S. at 55. See also, Smiley v. Holm, 285 U.S. 355, 372-373 (1932)(holding that the state legislature cannot enact a law without the participation of the state governor, where the state constitution gives the governor a role in the enactment process). Accordingly, each defendant is absolutely immune from suit for any alleged legislative action taken by them to enact § 6902(1). Based upon the foregoing, plaintiff's claim has no arguable basis in law or in fact. It is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

11. **Motion to Amend**. Plaintiff filed an amended complaint (D.I. 5) on June 11, 2005 to add as defendants each and every member of the Delaware legislature. Now before the court is plaintiff's motion to amend his complaint to add as defendants Delaware judges in the Kent County Superior Court and the Delaware Supreme Court. Plaintiff alleges the judges are not entitled to judicial immunity in their executive scope for declaring that "the plaintiff was not entitled to a writ of habeas corpus because the plaintiff was detained on a felony charge." (D.I. 9) Plaintiff alleges the proposed defendants knew or should have known their executive actions were contrary to the United States Constitution. Id.

12. "After amending once or after an answer has been filed, the plaintiff may

6

amend only with leave of the court or the written consent of the opposing party, but

'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113,

115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a

liberal approach to the amendment of pleadings to ensure that "a particular claim will be

decided on the merits rather than on technicalities." Dole v. Arco Chemical Co., 921

F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not

automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570,

574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of the allowance of the amendment, futility of amendment, etc." Foman v.

Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir.

2000). Futility of amendment occurs when the complaint, as amended, does not state a

claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig.,

114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or

advances a claim or defense that is legally insufficient on its face, the court may deny

leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468

(D.N.J. 1990).

**13. Judicial Immunity.** Plaintiff's allegations against the four Delaware State

court judges fail to state a claim upon which relief may be granted. Plaintiff argues that

the four judges are not immune from suit and, therefore, amendment is proper. Judges

are absolutely immune from suits for monetary damages and such immunity cannot be

7

overcome by allegations of bad faith or malice.   Mireles v. Waco, 502 U.S. 9, 11 (1991).

Judicial immunity can only be overcome if the judge has acted outside the scope of his

judicial capacity or in the "complete absence of all jurisdiction." Id. at 11-12.  Here,

plaintiff alleges, "these four defendants had the power and authority to rule 10 Del. C.

subsec. 6902(1) as unconstitutional, but failed to do so."  (D.I. 9, ¶ 11)  The proposed

amendment does not allege any of the four judges acted outside the scope of their

judicial capacity, or in the absence of their jurisdiction.  Mireles, 502 U.S. at 11.  They

are immune from suit under 42 U.S.C. § 1983.  The proposed amendment advances a

claim that is frivolous and legally insufficient on its face.  Therefore, the court will deny

plaintiff's motion for leave to file an amended complaint.  (D.I. 9)

        14.   Plaintiff recently filed a motion for leave to proceed in forma pauperis without

prepayment of filing fee.  (D.I. 10)  This case will be dismissed as frivolous, barred by

the applicable limitations period, and by reason of defendants' immunity.  Therefore, the

court will deny the motion as moot.

        15. **Conclusion.**  Based upon the foregoing analysis, the complaint is dismissed

without prejudice for failure to state a claim, as frivolous, and by reason of defendants'

immunity pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the

complaint would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d

Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).  Plaintiff's

motion to amend complaint (D.I. 9) is denied.  Plaintiff's motion for leave to proceed in

forma pauperis without prepayment of filing fee (D.I. 10) is denied as moot.  Plaintiff is

not required to pay any previously assessed fees or the $350.00 filing fee.  The clerk of

8

the court is directed to send a copy of this order to the appropriate prison business office.

UNITED STATES DISTRICT JUDGE

9

In The United States District Court

For The District of Delaware

Arson I. Gibbs, Sr.,                    |    Civil Act. No. 07-342-SLR

        Plaintiff,                      |

    V.                                  |

Ruth Ann Minner, Governor,              |
et.al.,                                 |
        Defendants.                     |

## Motion For Reconsideration

The plaintiff, Arson I. Gibbs, Sr. Pro Se, presents this Motion For Reconsideration for the following reasons.

## Time limitation

1) The Court has stated in its Memorandum Order recied by the plaintiff on 7-20-07, that plaintiff section 1983 Complaint dated 5-23-07, and amendments to same dated 6-4-07 and 7-3-07, are time barred by the Statute of limitation period, because the plaintiff did not file his Complaint until ten years after the Statute (10 Del. C. subsec. 8902(1)) was inacted.

6.          Ex-24

2) This is Contrary to established law, it is not how long the Statute has been active that matters, but when the plaintiff "knew or had reason to know of the injury." See Cabrera v. City of Huntington Park, 159 F.3d 734, 381 (9th Cir. 1998)

3) If plaintiff would have missed the time limitation to file his complaint, plaintiff would assert the Federal Doctrine of equitable tolling, which "permits a plaintiff to avoid the bar of the Statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim; may be available in addition to State tolling rules. Smith v. City of Chicago Heights, 951 F.2d 834, 839-40 (7th Cir. 1972); See also Donald v. Cook County Sheriff's Dept, 95 F.3d 548, 561-62 (7th Cir. 1996).

## Absolute Immunity

4) The Court went on to set forth in its Memorandum Order that, the Governor and legislative defendants are absolutely immune from suit. The Court is absolutely wrong.

5) The Governor and legislative defendants are stripped of Eleventh Amendment Immunity, because the plaintiff seeks prospective relief to end a Continuing Violation of Federal Constitutional law. (See Original Complaint Paragraph 30).

6) In Green v. Mansour, 474 U.S. 64, 68 (1985); See also Will, 491 U.S. at 89-90. Relief that Serves "to bring and end to a Present Violation of Federal law is not barred by the Eleventh

(2)

Amendment even though accompanied by a substantial ancillary effect" on a State treasury. See Papasan v. Allain, 478 U.S. 265, 278 (1986); See Will, 491 at 71 n.10; See also Mo. v. Jayei ex. rel Jenkins, 491 U.S. 274, 284 (1989); Hutto v. Finney, 437 U.S. 678, 695-96 (1978), overruled on other grounds by Dellmuth v. Muth 491 U.S. 223, 230 (1989); Harris v. Angelina County, 31 F.3d 331, 337-38 (5th Cir. 1994).

7) In Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783 (1951), this Court was suppose to do a through examination to find out whether the legislative defendants had exceeded the bounds of legislative power and usurped authority exclusively vested in the judiciary or executive? In this case the Governor and legislative defendants usurped authority which is exclusively vested in the executive of the United States Congress. (See U.S.C.A. Const. Art. I). See also 10 Del. C. Subsec. 6902(1); U.S.C.A. Const. Art. 1 sec. 6 and sec. 9 Cl.2.

8) Moreover: Legislators may only act in a field where legislators traditionally have power to act. In Kilbourn v. Thompson, 103 U.S. 168, 26 L.Ed. 377, "the Court held immunity to have some limits... That there is a point at which legislators conduct so far exceeds the bounds of legislative power that he/she may be held personally liable in a suit brought under the Civil Rights Act."

(3)

9) In this case the Governor and legislative defendants have exceeded the bounds of legislative power and "carried out an act which, under no circumstances, comes within the province of the legislature." In Tenney, justice Douglas, dissenting wrote: "It is one thing to give great leeway to the legislature right of speech, debate and investigation. But when a committee perverts its power, brings down on an individual the whole weight of government for an illegal or corrupt purpose, the reason for immunity ends."

## Amended Complaint

10) The Court erred and abused its discretion when it denied Plaintiff's Motion To Amend his Complaint in light of paragraph (25) of original Complaint and Amendment dated 7-3-07. In Ricciuti V. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d. Cir. 1991). A Court should not deny a chance to amend, especially if the Plaintiff is alleging a Civil rights violation. See Becker V. Montgomery, 121 S.Ct. 1801, 1808 (2001); Forte V. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991); Cruz V. Gomez, 202 F.3d 593, 597 (2d. Cir. 2000); "Court erred in refusing to permit prisoner bring Pro Se Section 1983 action to amend Complaint to add new defendants." Hamilton V. Leavy, 117 F.3d 742, 749 (3d. Cir. 1997); Lucas V. Dep't of Corrs, 66 F.3d 245, 248-49 (9th Cir. 1995). (Court erred in dismissing Pro Se Complaint because no findings that claims ... could not be possible cured by the allegation of additional facts) Ramirez V. Galaza, 334 F.3d 850, 861 (9th Cir. 2003); Talal V. White, 403 F.3d 423, 428 (6th Cir. 2005); Lee V. City of L.A., 250 F.3d 668, 680 (9th Cir. 2001).

(4)

11) "In Forma Pauperis Complaint failing to state Claim not automatically frivolous so as to warrant Sua Sponte dismissal because Complaint raises an arguable question of Constitutional Law", Denton V. Hernandez, 504 U.S. 25, 33 (1992); See also Neitzke, 490 U.S. at 328.

## Judicial Immunity

12) "It is held that judges are absolutely immune from liability for Civil damages insofar as their Conduct does not violate Clearly establish (Federal) Statutory or Constitutional rights of which a reasonable person would have Known."

13) The plaintiff has Clearly stated a Claim that took place outside of the four defendants judicial Capacity, in paragraphs 8, 9, 11 and 14 of plaintiff's amended Complaint dated 7-3-07. When Construing plaintiff's amended Complaint against the four judicial defendants, "liberally", under the holding of Ex parte Virginia, 100 U.S. 339, 348, 25 L.Ed. 676 (1879) (We stated whether the act done by (a judge) was judicial or not is to be determined by its character, and not by the Character of the agent); See also Bradley V. Fisher, 13 Wall. 347, 20 L.Ed. 646. Under these Circumstances the four judicial defendants have Clearly acted outside of their judicial roles, and Violated the Constitution of the United States, as well as the rights of the plaintiff. The Court merely set forth that, because they are judges they are immune from suit.

(5)

In Concluding, the Memorandum Order of the Court is overwhelmingly partial, prejudicial and discriminatory and serves only to shield the defendants from Civil liability and to Cloak a paramount violation of the Constitution of the United States as well as the rights of the plaintiff.

Therefore, the plaintiff will set forth once again, in a question submitted for application, the factual allegation that raises a right to relief that this Court must decide.

    A. Whether 10 Del. C. Subsec. 6902(1) is
      in Violation of U.S.C.A. Const. Art.
      1, sec. 9, Cl2, and whether same
      violates the rights of the plaintiff?

Wherefore: Upon the authorities set forth herein and for the reasons stated the Memorandum of the Court should be set aside and relief granted to the plaintiff to proceed in this Civil action.

Dated: 7-24-07

            Plaintiff,
            Anson L. Gibbs, Sr.
            Anson L. Gibbs, Sr. SBI # 066982
            1181 Paddock Road
            Smyrna, Delaware 19977.
            SHU-Bldg #19, DL-11

(6)

In the United States District Court
For The District of Delaware

| Anson I. Gibbs, Sr., | Civil Act. No. 07-342-SLR |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| Ruth Ann Minner, Governor, et al., | |
| | |
| Defendants. | |

## Jurisdiction

1) This Court has jurisdiction to hear and decide the Plaintiff's Complaint, because plaintiff's claim "with reference to the Federal Constitution is a judicial question, and one over which Federal Courts have jurisdiction by reason of its Federal nature." See Smyth V. Ames, 169 U.S. 466-522, 42 L.Ed. 819-840; Reagan V. Farmers' Loan & T. Co., 154 U.S. 369-399, 38 L.Ed. 1014-1024; Chicago M. & St. L.A. R.Co. V. Minnesota, 134 U.S. 418, 33 L.Ed. 370; Covington M. & L. Turnp Road Co. V. Sandford, 164 U.S. 578, 41 L.Ed. 560; Chicago M. St. P. R. Co. V. Tompkins; 176 U.S. 167, 172, 44 L.Ed. 417, 420; St. Louis & S.R.F. Co. V. Gill, 156 U.S. 649, 39 L.Ed. 567. (See also Original Complaint paragraphs 22 and 30).

7.

2) In Young V. County of Fulton, 160 F.3d 899, 903 (2d Cir. 1998) ... "Court must consider not what a lawyer would learn or intuit from researching case law, but what a reasonable person in the government actor's position should know."

3) This Court has jurisdiction under the cases cited and it is the Court's duty to inquire whether 10 Del. C. subsec. 6902(1) is unconstitutional, and violates the Constitution of the United States, as well as the plaintiff's rights, and if so held, that the Court grant the plaintiff the process due, and a permanent injunction to the same effect, preventing the defendants from further use of 10 Del. C. Subsec. 6902(1), as it now stands, in the near future.

Dated: 7-24-07

Plaintiff,

Aaron I. Gibbs, Sr. SBI # 066982

Aaron I. Gibbs, Sr.

1181 Paddock Road

Smyrna, Delaware 19977

SHU-Bldg. #19-DL-11

(2)

In The United States District Court
For The District of Delaware

Anson I. Gibbs, Sr.,                    Civil Act. No. 07-342-SLR

         Plaintiff,

V.

Ruth Ann Minner, Governor,
et. al.,

         Defendants.

Supplement To Motion For Reconsideration

    The plaintiff, Anson I. Gibbs, Sr., presents this
supplement to Motion For reconsideration and set forth
the following.

    1. "It is held that the Constitutionality of an act
passed by the legislature can be tested by a suit a-
gainst the governor, based upon the theory that the gover-
nor, as the executive of the State, is, in a general sense,
charged with execution of all its laws."

8.

2) However: The legislative defendants of the State of Delaware have assented to suit in a Court of Law, because they assume the same executive role as the governor of the State of Delaware. (See Del. Const. Art. III, sec 18, paragraphs 1 and 3).

Wherefore: The plaintiff prays that the Court will accept his supplemental Motion.

Dated: 7-25-07

Plaintiff,
Arson I. Gibbs, Sr. # 06982
1181 Paddock Road
Smyrna, Delaware 19977.
SRU-Bldg. # 19, DL-11

(2)

In The United States District Court
For The District of Delaware

Anson E. Gibbs, Sr.,                          Civil Act. No. 07-342-SLR

        Plaintiff,

        v.

Ruth Ann Minner, Governor,
et al,

        Defendants.

## Amended Complaint

    The Plaintiff, Anson E. Gibbs, Sr., presents this amended Complaint under Fed. R. Civ. P. 15 against the four judicial defendants mentioned in plaintiff's amended Complaint dated 7-3-07.

    1) In Ex Parte Young, 209 U.S. 123, 28 S. Ct. (1908). It is held, "In making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act... the fact that the State officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is especially created by the act itself, is not material so long as it exists."

        9.

2) The being specially charged with the duty to enforce the Statute is sufficiently apparent when such duty exists under the general authority of some law, even though such authority is not to be found in the particular act. It might exist by reason of the general duties of the officer to enforce it as a law of the State".

3) The four judicial defendants mentioned in plaintiff's Amended Complaint dated 7-3-07, were specially charged with the execution of a State enactment, (10 Del. C. Subsec. 6902(1)), which they knew or should have known to be unconstitutional, and who committed, under its authority, a "wrong or treaspass" to the injury of the plaintiff's rights. Constitutional in nature.

Wherefore: The plaintiff prays that the Court will grant his amended Complaint, due to the fact that the plaintiff is housed in a Max Security Unit and have no physical access to a law library and must depend on someone else to send legal material, which is always untimely.

Dated: 7-21-07

Plaintiff,
Aaron I. Gibbs, Sr. SBI#061982
Aaron I. Gibbs, Sr.
1181 Paddock Road
Smyrna, Delaware 19977
SHU-Bldg. #19, DX-11

(2)

In The United States District Court
For The District of Delaware

Arson I. Gibbs, Sr.,                    |    Civ. Act. No. 07-342-SLR

            Plaintiff,                  |

        v.                              |

Ruth Ann Minner, Governor,             |
Et al.,                                 |

            Defendants.                 |

            Expedited Motion For Judicial
            Notice Of Adjudicative Facts
            And For A Three Judge Court

    The plaintiff, Arson I. Gibbs, Sr., Pro Se, presents
this Motion pursuant to and under the provisions of Fed. R.
of Evid. R. 201 and 28 U.S.C.A. Subsec. 2284 for the following
reasons.

    1) Since in plaintiff case as set forth in Young, 209
U.S. 123, 28 S. Ct. 444, "The act to be enforced is alleged to be
unconstitutional... the use of the name of the State to enforce
an unconstitutional act to the injury of Complainant is a proceeding
without the authority of... the State in its sovereign or govern-
mental capacity."

                        10.

2) "It is simply an illegal act upon the part of a State official in attempting, by the use of the name of the State, to enforce a legislative enactment which is void because unconstitutional. If the act which the State official seeks to enforce be a violation of the Federal Constitution, the official, in proceeding under such enactment, comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subject in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the Supreme Authority of the United States."

3) Therefore, in light of the facts set forth in Plaintiff's Motion For Reconsideration, Jurisdiction Motion, Supplemental Motion, Amended Complaints, and the facts set forth herein, an Expedited Motion For Judicial Notice of Adjudicative Facts and A Three Judge Court is warranted in the interest of justice, and in the interest of the public. (Fed. R. of Evid. R. 201(b); 28 U.S.C.A. subsec. 2284(b)(1) and (2))

Wherefore: The Plaintiff pray that the Court will grant the relief requested.

Dated: August 30, 2007

Plaintiff

Jason I. Gibbs, Sr.

Jason I. Gibbs, Sr., SBI# 066982
1181 Paddock Road

In The United States District Court
For The District of Delaware

Anson I. Gibbs, Sr.,                    |    Civ. Act. No. 07-342-SLR

        Plaintiff                |

                         |

Ruth Ann Minner, Governor,
Et al,

        Defendants.

## Second Motion For Leave To Proceed
## Without Prepayment Of Filing Fees

The Plaintiff, Anson I. Gibbs, Sr., pro Se, presents this second Motion to proceed without prepayment of filing fees pursuant to 28 U.S.C.A. Subsec. 1915 (b)(4). The following reasons are averred in support of this Motion.

i) "The Prison Litigation Reform Act (PLRA) imposes procedural barriers on prisoners bring suits challenging prison conditions." (18 U.S.C.A. Subsec. 3626 and 28 U.S.C.A. Subsec. 1932).

ii.

2) Under 28 U.S.C.A. subsec. 1915(g), "Court must deny in Forma Pauperis status, or status allowing plaintiff to sue without prepayment of filing fees if the plaintiff has had three or more section 1983 Complaints while incarcerated dismissed as Frivolous, Malicious, or For Failure to state a Claim upon which relief May be granted."

3) However: The plaintiff is not Challenging Prison Conditions. Neither does the plaintiff come within the bounds of 28 U.S.C.A. Subsec. 1915(g).

4) Therefore; the plaintiff request to proceed Without prepayment of filing fees under 28 U.S.C.A. Subsec. 1915(b)(4). There is simply no reason to procrastinate plaintiff's case by means of dilatoriness. Any further delay on litigation will only be Vexatious litigation on the plaintiff, as was the Court's "Memorandum Order" of July 17, 2007.

Wherefore: The plaintiff pray that the Court will grant the relief sought.

Dated: September 7, 2007

Plaintiff,

Anson I. Gibbs, Sr.

Anson I. Gibbs, Sr., SBI # 066982
1181 Paddock Road
Smyrna, Delaware 19977.
SHu-Bldg. # 19, DL-11

(2)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARSON I. GIBBS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-342-SLR |
| | ) |
| GOVERNOR RUTH ANN MINNER, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 8ᵗʰday of November, 2007, having considered plaintiff's

pending motions;

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, with supplement, is **denied**. (D.I. 13,

14) The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909

(3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows:

(1) an intervening change in the controlling law; (2) the availability of new evidence that

was not available when the court issued its order; or (3) the need to correct a clear error

of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176

F.3d 669, 677 (3d Cir. 1999).

2. A motion for reconsideration is not properly grounded on a request that a

court rethink a decision already made. See Glendon Energy Co. v. Borough of

Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or

12.          𝓔𝓍 - 25

reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

3. On July 19, 2007, the court conducted an initial screening of plaintiff's complaint and dismissed it on the bases that plaintiff's claims are barred by the applicable limitation period and defendants are entitled to legislative immunity. (D.I. 12) The court also denied plaintiff's motion to amend on the basis that the amendment advanced a claim that was frivolous and legally insufficient on its face. (Id.) Plaintiff argues that the court's memorandum order is "contrary to established law" and is "absolutely wrong." (D.I. 13, ¶¶ 2, 4) He also argues that the court abused its discretion in denying his motion to amend. (Id. at ¶ 10) Plaintiff contends that the court is "overwhelmingly partial, prejudicial and discriminatory and serves only to shield the defendants from civil liability and to cloak a paramount violation of the constitution." (Id. at 6)

4. Essentially, plaintiff disagrees with the court's order dismissing his complaint without prejudice for failure to state a claim, as frivolous, and by reason of defendants' immunity. The court has thoroughly reviewed the complaint and the July 19, 2007 memorandum order. (D.I. 12) There is no need to correct a clear error of law or fact or

-2-

to prevent manifest injustice. Moreover, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration.

5. Plaintiff's motion to amend/correct is **denied**. (D.I. 15) Plaintiff once again moves to amend his complaint to add four judicial officers. The court ruled on this issue in its July 19, 2007 memorandum order. (D.I. 12) Amendment is futile inasmuch as the proposed amendment does not state a claim upon which relief can be granted. See Foman v. Davis, 371 U.S. 178, 182 (1962); Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).

6. Plaintiff's expedited motion for judicial notice of adjudicative facts and for a three judge court (D.I. 16) is **denied**.

7. Plaintiff's second motion for leave to proceed without prepayment of filing fees (D.I. 18) is **denied**. Plaintiff asks to be relieved of the requisites of 28 U.S.C. § 1915(b)(1). Plaintiff is statutorily required to make payments toward his filing fee.

8. Plaintiff's $350.00 filing fee is **reinstated**. (See D.I. 12, ¶ 15) The court previously determined that plaintiff has no assets and no means to pay the initial partial filing fee. Nevertheless, any money plaintiff later receives will be collected in the following manner. Plaintiff is required to make monthly payments of 20 percent (20%) of the preceding month's income credited to his prison trust account and absent further order of the court, the warden or other appropriate official at the Delaware Correctional Center, or at any prison at which plaintiff is or may be incarcerated, shall forward payments from his account to the clerk of the court each time the amount in the

account exceeds $10.00 until the filing fee is paid. The clerk of the court is directed to

send a copy of this order to the appropriate prison business office.

UNITED STATES DISTRICT JUDGE

NOTICE OF APPEAL
TO
U.S. COURT OF APPEALS, THIRD CIRCUIT


U.S. District Court for the District of Delaware

CIRCUIT COURT
DOCKET NUMBER: _____
(leave blank)

FULL CAPTION IN DISTRICT COURT AS FOLLOWS:

DISTRICT COURT
DOCKET NUMBER: *07-342-SLR*

*Anson I. Gibbs, Sr.*

v.

*Ruth Ann Minner, et al.*

DISTRICT COURT
JUDGE: *Sue L. Robinson*

Notice is hereby given that *Anson I. Gibbs, Sr.*
(Named Party)

appeals to the United States Court of Appeals for the Third Circuit from [ ] Judgment, [X] Order,

[ ] Other (specify) _____

_____

entered in this action on *11-8-07*
(date)

DATED: *12-11-07*

*Anson I. Gibbs, Sr. Pro Se*
(Counsel for Appellant-Signature)

*Anson I. Gibbs, Sr. SBI #616982*
(Name of Counsel - Typed)

*1181 Paddock Road/MHU-Bldg. A-L-9*
(Address)

*Smyrna, Delaware 19977*

*N/A*
(Telephone Number)

*N/A*
(Counsel for Appellee)

*U.S. District Court of Delaware*
(Address)

*King*
*844 N. Street/Lock Box 18*

*Wilmington, Delaware 19801.*
(Telephone Number)

NOTE: USE ADDITIONAL SHEETS if all appellants and/or all counsel for appellees cannot be listed on the
Notice of Appeal sheet.

*App.-D      Ex-26*

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

**Case Number:** *07-4674*

**Case Name:** *Anson I. Gibbs, Sr., V.*
*Ruth Ann Minner, Et Al.*

### INFORMAL BRIEF

**DIRECTIONS:** *Answer the following questions about your appeal to the best of your ability. Use additional sheets of paper if necessary. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.*

**1. Jurisdiction:** What order(s) of the district court are you appealing?

*Order Sua Sponta dismissing 1983 Complaint*
*Order denying Motion For reconsideration*

What is the date of the order(s)?

*July 17, 2007*
*November 8, 2007*

When did you file your notice of appeal?

*December 11, 2007*

**2. Statement of the case:** Explain the proceedings in the district court (i.e. what the district court did in deciding your case).

*The District Court Sua Sponta dismissed appellant's Section 1983 Complaint and Supporting Motions under 28 U.S.C. Subsec. 1915 as frivolous, banned by the Statute of limitations, failure to State a claim, judicial and legislative immunity, and lack of Subject Matter jurisdiction."*

1         *Ex-27*

*App-E*

The District Court went on to deny appellant's Motion for reconsideration and Supplemental Motion under Rule 59(e) stating that "the standard for obtaining relief, Rule 59(e), is difficult for the appellant to meet... and that there is no need to correct a clear error of law in fact or to prevent a manifest injustice."

**3. Statement of facts:** Explain the facts and events that caused you to file your complaint in the district court.

On May 17, 2004, Kent, County, Dover, Delaware appellant was arrested and charged with (6) Cts. forgery Second, and (6) Cts. Theft Misdemeanor. For lack of bail appellant was imprisoned at the Delaware Correctional Center (DCC) 1181 Paddock Road, Smyrna, Delaware 19977. On July 6, 2004, appellant was indicted on all charges. On March 16, 2005, appellant was carried before the Court and after having a hearing appellant was released from prison.

On June 7, 2005, appellant was rearrested on a capias and carried before the Court. Prior to having a hearing appellant was informed by his Court appointed Counsel that appellant was reindicted on all charges on March 5, 2005, and was due to appear before the Court on May 31, 2005. Appellant then and there requested Counsel to file a Writ of Habeas Corpus on claims of double jeopardy and lack of jurisdict, that the appellant is illegally being detained, or file a Motion to dismiss; appellant's request was negative. On June 14, 2005, appellant filed a petition for Habeas Corpus relief in the Superior Court, and reced no response. On July 2, 2005, appellant filed a Notice of Appeal with the Supreme Court of Delaware. On July 6, 2005, the appeal was granted. On July 10, 2005, appellant reced an Order from judge of the Superior Court stating it had dismissed habeas petition on June 30, 2005. On November 1, 2005, the Supreme Court affirmed the decision of the Superior Court, setting forth the following. (over)

3

4. **Statement of related cases:** Have you filed an appeal in this case before? If so, give title of case and docket number. yes, Writ of Centionari in the U.S. Supreme Court. Clerk of the Court declined to docket petition for Writ of Centionari without attachment of final Order from this Court (See exhibits- A +B attached to brief).

Do you have any cases related to this case pending in the district court or the court of appeals? If so give title of case and docket number. No.

5. Did the district court incorrectly decide the facts of your case? yes  If so, what facts?

1). The fact that appellants Section 1983 Complaint is not frivolous or barred by the Statute of Limitations period.

2). The fact that the District Court does have jurisdiction to hear and decide appellant's Complaint on a federal question.

3). The fact that the defendants are not shielded by Judicial or Eleventh Amendment immunity.

4). The fact that the appellant should have been granted the right to amend Complaint to add new defendants

5). The fact that defendants did conspire to injure the the appellant by altering and changing the United States Constitution.

6). The fact that appellant filed his Section 1983 Complaint seeking prospective relief.

7). The fact that if appellant alleged conclusory allegations, they are supported by factual averments in the Complaint. (over)

4

6. Did the district Court apply the Wrong law, yes?
if so what law do you want applied?

1). Barnes Foundation V. Township of Lower Merion, 242 F.3d 151 (CA3 Pa 2001)
2). Becker V. Montgomery, 121 S.Ct. 1801, 1808 (2001)
3). Bradley V. Fisher, 13 Wall 347, 20 L.Ed 646
4). Cabrera V. City of Huntington Park, 159 F3d 374, 381 (9th Cir. 1998)
5). Chicago M & St.l. J. R. Co. V. Minnesota, 134 U.S. 418, 33 L. Ed 370
6). Chicago M & St.l. J. R. Co V. Tompkins, 176 U.S. 176, 172, 44 L. Ed 417, 420
7). Covington M & L. Turnp. Road Co. V Stanford, 164 U.S. 578, 41 L. Ed 560
8). Conn V. Gabbert, 226 U.S. 286, 290 (1999)
9). Cruz V. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)
10). Dellmuth V. Muth, 491 U.S. 223, 230 (1998)
11). Denton V. Hernandez, 504 U.S. 25, 33 (1992)
12). Dept. of State V. Treasure Salvors Inc., 458 U.S. 670, 102 S. Ct. 3304, 3321,
    73 L. Ed 2d 1057 (1982)
13). Donald V. Cook County Sheriff's Dept, 95 F.3d 548, 554-56 (7th Cir. 1996)
14). Ex parte Virginia, 100 U.S. 339, 348, 25 L. Ed 676 (1879)
15). Ex parte Young, 209 U.S. 123, 28 S. Ct. (1908)
16). Farber V. City of Paterson, 440 F.3d 131 (C.A.3 NJ 2006)
17). Foman V. Davis, 371 U.S. 178, 182 (1962)
18). Forrester V. White, 484 U.S. 219, 227 (1988)
19). Forta V. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991)
20). Green V. Mansour, 474 U.S. 64, 68 (1985)
21). Hamilton V. Leavy, 117 F.3d 742, 749 (3d Cir. 1997)
22). Harlow V. Fitzgerald, 457 U.S. 800, 818 (1982)
23). Harris V. Angelina County, 31 F.3d 331, 337-38 (5th Cir. 1994)
24). Hutto V. Finney, 437 U.S. 678, 695-96 (1978)
25). Jones V. City of Wilmington, 2004-WL 60268 (D. Del. 2004)

5.

26). Kilbourn V. Thompson, 103 U.S. 168, 26 L.Ed 377 (1880)

27). Lee V. City L.A., 250 F.3d 218, 280 (9th Cir. 2001)

28). Lucas V. Dept. of Corns., 66 F.3d 245, 248-49 (9th Cir. 1995)

29). Mo. V. Jaggers ex rel Jenkins, 491 U.S. 274, 284 (1989)

30). Moody V. Kearney, 380 F. Supp. 2d 393 (D. Del. 2005)

31). Morrison V. Lipscomb, 877 F.2d 463-1466 (6th Cir. 1989)

32). Papasan V. Allen, 478 U.S. 265, 278 (1986)

33). Ramirez V. Galaza, 334 F.3d 850, 861 (9th Cir. 2003)

34). Reagan V. Farmen's Loan & T. Co, 154 U.S. 369, 399, 38 L.Ed 1014-1024

35). Ricciuti V. N.Y.C. Trans Authority, 91 F.2d 119, 123 (2d Cir. 1991

36). Smith V. Ames, 169 U.S. 466-522, 42 L.Ed 819-84

37). Smith V. City of Chicago Heights, 951 F.2d 834, 839-40 (7th Cir. 1972)

38). St. Louis & R.F. Co. V. Gill, 156 U.S. 649, 39 L.Ed. 567

39). Talal V. White, 403 F.3d 423, 428 (6th Cir. 2005)

40). Tenney V. Brachhoke, 341 U.S. 367-71 S. Ct. 783 (1951)

41). Will V. Michigan Dept. of State Police, 491 U.S. 58, 89-90 (1998)

42). Wilson V. Layne, 526 U.S. 603, 609 (1999)

43). Young V. County of Fulton, 209 U.S. 123, 28 S. Ct. (1908)

## Statutes And Rules

1). 18 U.S.C.A. Subsec. 3626

2). 18 U.S.C.A. Subsec. 241 and 242

3). 28 U.S.C.A. Subsec. 2283 and 2284(b)(1) and (b)(2)

4). 28 U.S.C.A. Subsec. 2201 and 2202

5). 28 U.S.C.A. Subsec. 1915(b)(4)

6). 28 U.S.C.A. Subsec. 1915(g)

7). 28 U.S.C.A. Subsec. 1932

8). 28 U.S.C.A. Subsec. 1391(b)(2)

9). 28 U.S.C.A. Subsec. 1343(a)(3)

10). 28 U.S.C.A. Subsec. 1331

11). 42 U.S.C.A. Subsec. 1983

12). 42 U.S.C.A. Subsec. 1985

13). F.R.C.f. 15(a)

14). F.R.C.f. 15(c)

15). F.R.C.f. 19(a)

16). F.R.C.f. 65

17). F.R.Evid. 201

18). 10 Del. C. Subsec. 8902(1)

19). Del. Const. Art. III, Sec. 2

20). Del. Const. Art. XV, Sec. 9

21). Del. Const. Art. III, Sec. 18 parags. 1 and 3

22). U.S. Const. Art. I, Sec. 9, Cls. 2

23). U.S. Const. Art. I, Sec. 6

24). U.S. Const. Amends. I, VIII and XIV

25). U.S. Const. Art. IV

26). U.S. Const. Art. VI, parags. 2 and 3

## ConClusion

Under the extraordinary Circumstances
doctrine appellant's appeal should not be dismissed
as time barred or for any jurisdictional defect.

Dated: January 17, 2008

Appellant,
Aison J. Gibbs, Sr.
Aison I. Gibbs, Sr., SBI # 66982.
481 Paddock Road
Smyrna, Delaware 19977.
MHU-Bldg. # 21-A-2-9

9.

<u>Proof of Service</u>

I, Arson I. Gibbs, Sr., do swear or declare that on this date January 17, 2008, I have served the enclosed "Informal Brief And Record on Appeal" on the party to the above proceeding, by depositing an envelope containing the above documents in the United States Mail at the Delaware Correctional Center, Smyrna, Delaware 19977. I declare under penalty of perjury that the foregoing is true and Correct.

Dated: January 17, 2008

Arson I. Gibbs, Sr.
Arson I. Gibbs, Sr., SBI# 066982
1181 Paddock Road
Smyrna, Delaware 19977.
MHU- Bldg. # 21, A-2-9

Copy To: Attorney General Office
Department of Justice
820 N. French Street
Wilmington, Delaware 19801.

BLD-135

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 07-4674

———————

ARSON I. GIBBS,
Appellant

v.

GOVERNOR RUTH ANN MINNER; MEMBERS OF THE SENATE individually in
both houses and in their official capacity; HOUSE OF REPRESENTATIVES
individually in both houses and in their official capacity; LEGISLATURE OF THE
STATE OF DELAWARE individually in both houses and in their official capacity;
THURMAN ADAMS; STEVEN H. AMICK; PATRICIA M. BLEVINS; COLIN R.J.
BONNI; GEORGE H. BUNTING; CATHERINE L. CLOUTIER; DORINDA A.
CONNOR; NANCY W. COOK; CHARLES L. COPELAND; ANTHONY J. DELUCA;
MARGARET ROSE HENRY; ROBERT I. MARSHALL; DAVID B. MCBRIDE;
HARRIS B. MCDOWELL; KAREN E. PETERSON; F. GARY SIMPSON;
DAVID P. SOKOLA; LIANE SORENSEN; JOHN C. STILL; JAMES T. VAUGHN;
ROBERT L. VENABLES; DONALD A. BLAKEY; JOSEPH W. BOOTH; GERALD L.
BRADY; BRYON H. SHORT; V. GEORGE CAREY; RICHARD C. CATHCART;
BENCE C. ENNIS; J. BENJAMIN EWING; ROBERT F. GILLIGAN; BETHANY A.
HALL-LONG; GREGORY A. HASTINGS; GERALD W. HOCKER; DEBORAH HUDSON;
JAMES JOHNSON; HELENE M. KEELEY; JOHN A. KOWALKO; GREGORY F.
LAVELLE; CLIFFORD G. LEE; VINCENT A. LOFINK; VALERIE LONGHURST;
MELANIE G. MARSHALL; PAMELA S. MAIER; NICK T. MANOLAKOS; DIANA M.
MCWILLIAMS; JOSEPH E. MINO; JOHN L. MITCHELL; MICHAEL P. MULROONEY;
WILLIAM A. OBERLE; WILLIAM R. OUTTEN; HAZEL D. PLANT; TERESA SCHOOLEY;
PETER C. SCHWARTZKOPF; TERRY R. SPENCE; DONNA D. STONE; PAMELA J.
THORNBURG; ROBERT J. VALIHURA; JOHN J. VIOLA; NANCY H. WAGNER;
ROBERT E. WALLS; DENNIS J. WILLIAMS

———————

Appeal From the United States District Court
For the District of Delaware
(D.C. Civil No. 07-cv-00342)
District Judge: Honorable Sue L. Robinson

———————

App.-A          Ex-28

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2008

Before: McKEE, RENDELL and SMITH,  Circuit Judges

_____

## JUDGMENT

_____

This cause came to be heard on the record from the United States District Court

for the District of Delaware and was submitted for possible dismissal pursuant to 28

U.S.C. § 1915(e)(2)(B) or summary action pursuant to Third Circuit LAR 27.4 and I.O.P.

10.6 on February 22, 2008.  On consideration whereof, it is now here

ORDERED and ADJUDGED by this Court that the appeal is dismissed pursuant

to 28 U.S.C. § 1915(e)(2)(B).  All of the above in accordance with the opinion of this

Court.

ATTEST:

/s/ Marcia M. Waldron
Clerk

DATED: March 31, 2008

2

BLD-135
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-4674

ARSON I. GIBBS,
Appellant

v.

GOVERNOR RUTH ANN MINNER; MEMBERS OF THE SENATE individually in
both houses and in their official capacity; HOUSE OF REPRESENTATIVES
individually in both houses and in their official capacity; LEGISLATURE OF THE
STATE OF DELAWARE individually in both houses and in their official capacity;
THURMAN ADAMS; STEVEN H. AMICK; PATRICIA M. BLEVINS; COLIN R.J.
BONNI; GEORGE H. BUNTING; CATHERINE L. CLOUTIER; DORINDA A.
CONNOR; NANCY W. COOK; CHARLES L. COPELAND; ANTHONY J. DELUCA;
MARGARET ROSE HENRY; ROBERT I. MARSHALL; DAVID B. MCBRIDE;
HARRIS B. MCDOWELL; KAREN E. PETERSON; F. GARY SIMPSON;
DAVID P. SOKOLA; LIANE SORENSEN; JOHN C. STILL; JAMES T. VAUGHN;
ROBERT L. VENABLES; DONALD A. BLAKEY; JOSEPH W. BOOTH; GERALD L.
BRADY; BRYON H. SHORT; V. GEORGE CAREY; RICHARD C. CATHCART;
BENCE C. ENNIS; J. BENJAMIN EWING; ROBERT F. GILLIGAN; BETHANY A.
HALL-LONG; GREGORY A. HASTINGS; GERALD W. HOCKER; DEBORAH HUDSON;
JAMES JOHNSON; HELENE M. KEELEY; JOHN A. KOWALKO; GREGORY F.
LAVELLE; CLIFFORD G. LEE; VINCENT A. LOFINK; VALERIE LONGHURST;
MELANIE G. MARSHALL; PAMELA S. MAIER; NICK T. MANOLAKOS; DIANA M.
MCWILLIAMS; JOSEPH E. MINO; JOHN L. MITCHELL; MICHAEL P. MULROONEY;
WILLIAM A. OBERLE; WILLIAM R. OUTTEN; HAZEL D. PLANT; TERESA SCHOOLEY;
PETER C. SCHWARTZKOPF; TERRY R. SPENCE; DONNA D. STONE; PAMELA J.
THORNBURG; ROBERT J. VALIHURA; JOHN J. VIOLA; NANCY H. WAGNER;
ROBERT E. WALLS; DENNIS J. WILLIAMS

Appeal From the United States District Court
For the District of Delaware
(D.C. Civil No. 07-cv-00342)
District Judge: Honorable Sue L. Robinson

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2008

Before: McKEE, RENDELL and SMITH, Circuit Judges

(Filed   March 31, 2008 )

OPINION OF THE COURT

PER CURIAM

Arson I. Gibbs, a state prisoner proceeding pro se, appeals from the District

Court's order dismissing his complaint as frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B). Because we agree with the District Court and conclude that this appeal is

frivolous as well, we will dismiss it pursuant to § 1915(e)(2)(B).

I.

Gibbs is currently serving a ten-year prison sentence imposed following his

conviction on multiple counts of forgery and theft. Before his conviction, he had been

detained on these felony charges because he was in default of his bail. Gibbs sought

state-court habeas corpus relief from that confinement, which the state courts denied

pursuant to 10 Del. Code § 6902(1) after determining that his detention on that basis was

2

lawful. He later sought federal habeas relief from his subsequent conviction. The United

States District Court for the District of Delaware denied his petition, and we declined to

issue a certificate of appealability. Gibbs v. Carroll, C.A. No. 07-2944 (Sept. 24, 2007

order).

While Gibbs's federal habeas proceeding was pending, he filed the instant action

under 42 U.S.C. § 1983. The precise nature of his claim is somewhat unclear, but he

appears to allege that 10 Del. Code § 6902(1) suspends the federal writ of habeas corpus

in violation of the Suspension Clause (Article I, Section 9, Clause 2) of the United States

Constitution.[1] Gibbs named as defendants the Governor of Delaware and (by name)

every member of the Delaware state legislature, each of whom he asserts acted

unconstitutionally in enacting and ratifying § 6902. He seeks monetary damages, an order

enjoining defendants from passing "unconstitutional laws," and a declaration that § 6902

is unconstitutional. Gibbs later amended his complaint once (to add the names of the

individual legislators), then filed a motion for leave to amend his complaint again. Gibbs

sought to add as defendants certain state-court judges on the basis of their allegedly

unconstitutional enforcement of § 6902.

The District Court granted Gibbs leave to proceed in forma pauperis. By

---

[1]The statute provides, in relevant part, that "[e]very person imprisoned or restrained of
liberty . . . shall have remedy by the writ of habeas corpus, except persons committed or
detained on a charge of treason or felony, the species whereof is plainly and fully set forth
in the commitment." 10 Del. Code § 6902(1).

3

memorandum order entered July 19, 2007, the District Court dismissed his amended

complaint pursuant to § 1915(e)(2)(B) and denied his motion for leave to amend his

complaint a second time.  Gibbs filed a motion for reconsideration, which the District

Court denied by order entered November 13, 2007.  Gibbs appeals.[2]

## II.

Gibbs is proceeding in forma pauperis, so we review this appeal to determine

whether it should be dismissed as frivolous pursuant to § 1915(e)(2)(B).  An appeal is

frivolous if it "lacks an arguable basis in law or in fact."  Neitzke v. Williams, 490 U.S.

319, 325 (1989).  We agree that Gibbs's complaint was frivolous and that his proposed

amendment would have been futile for the reasons (including legislative immunity) amply

stated by the District Court.  Our independent review reveals that, for those same reasons,

there is no arguable basis to challenge those rulings on appeal.

We note only two points that the District Court did not specifically address.  First,

Gibbs seeks prospective injunctive relief.  Legislative immunity does not extend to such

claims for relief in some cases, but it clearly extends to claims – like Gibbs's here – that

would "seriously interfere" with the legislative function.  See Baraka v. McGreevey, 481

---

[2]The District Court dismissed Gibbs's complaint without prejudice, but we have
jurisdiction pursuant to 28 U.S.C. § 1291, both because the dismissal was in part pursuant
to § 1915(e) and because any amendment of the complaint would be futile.  See Deutsch
v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995); Borelli v. City of Reading, 532 F.2d
950, 951-52 (3d Cir. 1976).  Our review is plenary.  See Tourscher v. McCullough, 184
F.3d 236, 240 (3d Cir. 1999).

4

F.3d 187, 202-03 (3d Cir. 2007).

Second, the District Court concluded that Gibbs challenged only defendants' actions and raised no direct challenge to the constitutionality of § 6902 itself. Gibbs's complaint, however, does seek a declaration that § 6902 is unconstitutional, apparently contending that it somehow suspends the federal writ of habeas corpus. Even if there were any merit to Gibbs's challenge (which we do not decide), he does not allege that § 6902 impeded his ability to seek federal habeas relief in any way. In fact, he sought federal habeas relief, which was denied for reasons unrelated to § 6902. Moreover, his current incarceration is the result of the conviction that he unsuccessfully challenged in his federal habeas proceeding, not the pre-trial detention from which he alleges § 6902 precluded him from obtaining state-court relief. Because Gibbs has not been injured by any infirmity of the statute that he alleges, he lacks standing to challenge it. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Accordingly, the District Court lacked subject matter jurisdiction over this claim, as do we. See id. Gibbs's motion for "entry of default" against appellees is denied. See Fed. R. App. P. 26(b), 31(a) and (c).

5

No. _____

_____

### IN THE

### SUPREME COURT OF THE UNITED STATES

_____

*Arson I. Gibbs, Sr.* — PETITIONER
(Your Name)

VS.

*Ruth Ann Minner, et al.* — RESPONDENT(S)

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis.*

[  ] Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

*United States Third Circuit Court of Appeals, 21400 U.S. Court-House, 601 Market Street, Philadelphia, Pennsylvania 19160.*

[  ] Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

Petitioner's affidavit or declaration in support of this motion is attached hereto.

*Arson I. Gibbs, Sr.*
(Signature)

Ex-29

**AFFIDAVIT OR DECLARATION
IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

I _Carson J. Gibbs, Sr._, am the petitioner in the above-entitled case. In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 00 | $ 00 | $ 00 | $ 00 |
| Self-employment | $ 00 | $ 00 | $ 00 | $ 00 |
| Income from real property (such as rental income) | $ 00 | $ 00 | $ 00 | $ 00 |
| Interest and dividends | $ 00 | $ 00 | $ 00 | $ 00 |
| Gifts | $ .00 | $ 00 | $ 00 | $ 00 |
| Alimony | $ ..00 | $ 00 | $ 00 | $ 00 |
| Child Support | $ 00 | $ 00 | $ 00 | $ 00 |
| Retirement (such as social security, pensions, annuities, insurance) | $ 00 | $ 00 | $ 00 | $ 00 |
| Disability (such as social security, insurance payments) | $ 00 | $ 00 | $ 00 | $ 00 |
| Unemployment payments | $ 00 | $ 00 | $ 00 | $ 00 |
| Public-assistance (such as welfare) | $ 00 | $ 00 | $ 00 | $ 00 |
| Other (specify): _____ | $ 00 | $ 00 | $ 00 | $ 00 |
| **Total monthly income:** | $ 00 | $ .00 | $ 00 | $ 00 |

2. List your employment history for the past two years, most recent first.   (Gross monthly pay
   is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|----------|---------|---------------------|-------------------|
| N/A | N/A | N/A | $ N/A |
| N/A | N/A | N/A | $ N/A |
| N/A | N/A | N/A | $ N/A |

3. List your spouse's employment history for the past two years, most recent employer first.
   (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|----------|---------|---------------------|-------------------|
| N/A | N/A | N/A | $ N/A |
| N/A | N/A | N/A | $ N/A |
| N/A | N/A | N/A | $ N/A |

4. How much cash do you and your spouse have? $_____
   Below, state any money you or your spouse have in bank accounts or in any other financial
   institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|-----------------------|-----------------|-----------------|------------------------|
| 00 | 00 | $ 00 | $ 00 |
| 00 | 00 | $ 00 | $ 00 |
| 00 | 00 | $ 00 | $ 00 |

5. List the assets, and their values, which you own or your spouse owns.  Do not list clothing
   and ordinary household furnishings.

☐ Home N/A                                    ☐ Other real estate N/A
   Value   00                                    Value   00


☐ Motor Vehicle #1                            ☐ Motor Vehicle #2
   Year, make & model   N/A                      Year, make & model   N/A
   Value   00                                    Value   00


☐ Other assets
   Description   N/A_____
   Value   00

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | $ 00 | $ 00 |
| N/A | $ 00 | $ 00 |
| N/A | $ 00 | $ 00 |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

8. Estimate the average monthly expenses of you and your family.   Show separately the amounts paid by your spouse.   Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ 00 | $ 00 |
| Are real estate taxes included?    ☐ Yes   ☑ No | | |
| Is property insurance included?    ☐ Yes   ☑ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 00 | $ 00 |
| Home maintenance (repairs and upkeep) | $ 00 | $ 00 |
| Food | $ 00 | $ 00 |
| Clothing | $ 00 | $ 00 |
| Laundry and dry-cleaning | $ 00 | $ 00 |
| Medical and dental expenses | $ 00 | $ 00 |

|  | You | Your spouse |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ 00 | $ 00 |
| Recreation, entertainment, newspapers, magazines, etc. | $ 00 | $ 00 |

Insurance (not deducted from wages or included in mortgage payments)

| | You | Your spouse |
|---|---|---|
| Homeowner's or renter's | $ 00 | $ 00 |
| Life | $ 00 | $ 00 |
| Health | $ 00 | $ 00 |
| Motor Vehicle | $ 00 | $ 00 |
| Other: N/A | $ 00 | $ 00 |

Taxes (not deducted from wages or included in mortgage payments)

| | You | Your spouse |
|---|---|---|
| (specify): N/A | $ 00 | $ 00 |

Installment payments

| | You | Your spouse |
|---|---|---|
| Motor Vehicle | $ 00 | $ 00 |
| Credit card(s) | $ 00 | $ 00 |
| Department store(s) | $ 00 | $ 00 |
| Other: N/A | $ 00 | $ 00 |
| Alimony, maintenance, and support paid to others | $ 00 | $ 00 |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 00 | $ 00 |
| Other (specify): N/A | $ 00 | $ 00 |
| **Total monthly expenses:** | $ 00 | $ 00 |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

   ☐ Yes    ☑ No     If yes, describe on an attached sheet.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?    ☐ Yes    ☑ No

    If yes, how much? _____ *N/A* _____

    If yes, state the attorney's name, address, and telephone number:

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

    ☐ Yes    ☑ No

    If yes, how much? _____ *N/A* _____

If yes, state the person's name, address, and telephone number:    *N/A*

12. Provide any other information that will help explain why you cannot pay the costs of this case.

    *Petitioner receives no financial support from anyone*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _*April 9, 2008*_____ , 20___

                                        *Arson J. Gibbs, Sr.*
                                        (Signature)

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

*Arson F. Gibbs, Sr.* — PETITIONER
(Your Name)

vs.

*Ruth Ann Minner, et al.* — RESPONDENT(S)

ON PETITION FOR A WRIT OF CERTIORARI TO

*United States Third Circuit Court of Appeals*
(NAME OF COURT THAT LAST RULED ON MERITS OF YOUR CASE)

PETITION FOR WRIT OF CERTIORARI

*Arson F. Gibbs, Sr.*
(Your Name)

*1181 Paddock Road*
(Address)

*Smyrna, Delaware 19977.*
(City, State, Zip Code)

*N/A*
(Phone Number)

$Ex-30$

**QUESTION(S) PRESENTED**

1) Whether the appeals Court abused its discretion and denied the petitioner Due Process when dismissing petitioner's appeal under the provisions of 28 U.S.C. subsec. 1915 (e) (2) (B), upholding the District Court's Memorandum Order?

2) Whether any combination of facts set forth in the petitioner's complaint and supporting Motions qualify petitioner for any form of relief under 42 U.S.C. Sec. 1983?

3) Whether petitioner's second Motion to amend complaint to add new defendants should have been granted, where first Motion incorporated names already in complaint under Legislative Status?

4) Whether the Legislative defendants under the present circumstances are absolutely immune from Prospective and injunctive relief?

5) Whether Federal inferior Courts have jurisdiction to hear and decide absolute Constitutional breaches of the United States Constitution?

6) Whether 10 Del. C. Subsec. 6902(1), Violates United States Constitution Article 1, sec.9, Cls.2, and whether same Violates the rights of the petitioner?

# List of parties

A list of all parties to the proceedings in the Court whose judgment is the subject of this petition is as follows:

1). Thurman Adams
2). Steven H. Amick
3). Patricia M. Blevins
4). Colin R.G. Bonni
5). George H. Bunting
6). Catherine L. Cloutier
7). Dorinda A. Connor
8). Nancy W. Cook
9). Charles L. Copeland
10). Anthony J. DeLuca
11). Margaret Rose Henry
12). Robert I. Marshall
13). David B. McBride
14). Harris B. McDowell
15). Karen E. Peterson
16). F. Gary Simpson
17). David P. Sokola
18). Liane Sorensen
19). John C. Still
20). James T. Vaughn
21). Robert L. Venables
22). Donald A. Blakely
23). Joseph W. Booth
24). Gerald L. Brady

25). Bryon H. Short
26). V. George Carey
27). Richard C. Cathcart
28). Bence C. Ennis
29). G. Benjamin Ewing
30). Robert F. Gilligan
31). Bethany A. Hall-long
32). Gregory A. Hastings
33). Gerald W. Hocker
34). Deborah Hudson
35). James Johnson
36). Helene M. Keeley
37). John A. Kowalko
38). Gregory F. Lavelle
39). Clifford G. Lee
40). Vincent A. Lofink
41). Valerie Longhurst
42). Melanie G. Marshall
43). Pamela S. Maier
44). Nick T. Manolakos
45). Diana M. McWilliams
46). Joseph E. Miro
47). John L. Mitchell
48). Michael F. Mulrooney

49). William A. Oberle
50). William R. Outten
51). Hazel D. Plant
52). Teresa Schooley
53). Peter C. Schwartzkopf
54). Terry R. Spence
55). Donna D. Stone
56). Pamela G. Thornburg
57). Robert G. Valihura
58). John J. Viola
59). Nancy H. Wagner
60). Robert E. Walls
61). Dennis G. Williams
62). Daniel B. Short
63). William L. Witham, Gr., S.C.J.
64). Chief Justice, Steele
65). Associate Justice, Holland
66). Associate Justice, Jacobs

# TABLE OF CONTENTS

OPINIONS BELOW ........................................................................................ 1

JURISDICTION ...............................................................................................

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED ................................

STATEMENT OF THE CASE ...........................................................................

REASONS FOR GRANTING THE WRIT ............................................................

CONCLUSION ...............................................................................................

# INDEX TO APPENDICES

APPENDIX A - Judgment and Opinion of appeals Court dismissing appeal.

APPENDIX B - Memorandum Order of District Court dismissing Section 1983 Complaint.

APPENDIX C - Order of District Court denying Motion For Reconsideration.

APPENDIX D - Notice of Appeal - Third Circuit Court of appeals.

APPENDIX E - Informal Brief filed in appeals Court.

APPENDIX F - Motion For Declaration For Entry of Default.

Appendix H - Record on appeal to Third Circuit Court of appeals.

Table of Authorities Cited

Cases                                                                          Page Number

1). Barnes Foundation V. Township of Lower Merion, 242 F.3d. 151 (2001) —    5
2). Becker V. Montgomery, 121 S.Ct. 1801, 1808 (2001) ——
3). Bradley V. Fisher, 13 Wall 347, 20 L.Ed 646 ——
4). Cabrera V. City of Huntington Park, 159 F.3d. 374, 381 (9th. Cir. 1998) —
5). Chicago M & St.L. P.R. Co. V. Minnesota, 134 U.S. 418, 33 L.Ed 370 ——
6). Chicago M & St.L. P.R.Co. V. Rompkins, 170 U.S. 176, 172 &44 L.Ed. 417, 420 —
7). Covington M & L. Tnerp. Road Co. V. Stanford, 164 U.S 578, 41 L.Ed 560 ——
8). Conn. V. Gabbert, 226 U.S. 286, 290 (1999) ——
9). Cruz V. Gomez, 202 F.3d 593, 597 (2d Cir. 2000) ——
10). Dellmuth v. Muth, 491 U.S. 223, 230 (1998) ——
11). Denton V. Hernandez, 504 U.S. 25, 33 (1992) ——
12). Dept. of State V. Treasure Salvors Inc., &458 U.S. 670, 102 S.Ct.
      3304, 3321, 73 L.Ed 2d 1057 (1982) ——
13). Donald V. Cook County Sheriff's Dept. 95 F.3d 548, 554-56 (7th Cir. 1996) ——
14). Exparta Virginia, 100 U.S 339, 348, 25 L.Ed 676 (1879) ——
15). Exparta Young, 209 U.S 123, 28 S.Ct (1908) ——
16). Farber V. City of Paterson, 440 F.3d 131 (C.A.3 NJ 2006) ——
17). Foman V. Davis, U.S. 178, 182 (1962) ——
18). Fonta V. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991) ——
19). Forrester V. White, 484 U.S. 219, 227 (1988) ——
20). Green V. Mansour, 474 U.S. 64, 68 (1985) ——
21). Hamilton V. Leavy, 117 F.3d 742, 749 (3d Cir. 1997). ——
22). Harlow V. Fitzgerald, 455 U.S 800, 818 (1982)
23). Harris V. Angelina County, 31 F.3d 331, 337-38 (5th Cir. 1994) ——
24). Hutto V. Finney, 437 U.S. 678, 695-96 (1978)
25). Jones V. City of Wilmington, 2004. WL 60268 (D. Del. 2004) —    5

Table of Authorities Continued

Cases                                                                 Page Number

26). Kilbourn V. Thompson, 103 U.S. 168, 26 L.Ed 377 (1888) ——        6

27). Lee V. City L.A., 250 F.3d 668, 680 (9th Cir. 2001) ——

28). Lucas V. Dept. of Corrs., 66 F.3d 245, 248-49 (9th Cir. 1995) ——

29). Mo V. Agyei ex rel Jenkins, 491 U.S. 274, 284 (1989) ——

30). Moody V. Keaeney, 380 F. Supp. 2d 393 (D. Del. 2005) ——

31). Morrison V. Lipscomb, 877 F. 2d 463-466 (6th Cir. 1989) ——

32). Papasan V. Allen, 478 U.S. 265, 278 (1986) ——

33). Ramirez V. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) ——

34). Reagan V. Farmers Loan & T. Co., 154 U.S. 369, 399, 38 L.Ed 1014-1024 ——

35). Ricciut V. N.Y.C. Trans. Authority, 91 F.2d 119, 123 (2d Cir. 1991) ——

36). Smith V. Ames, 169 U.S. 466-522, 42 L.Ed 819-84 ——

37). Smith V. City of Chicago Heights, 951 F.2d 834, 839-40 (7th Cir. 1972) ——

38). St. Louis & R.F. Co. V. Gill, 156 U.S. 649, 39 L.Ed 567 ——

39). Talal V. White, 403 F.3d 423, 428 (6th Cir. 2005) ——

40). Tenny V. Bradhove, 341 U.S. 367-71 S.Ct. 783 (1951) ——

41). Will V. Michigan Dept. of State Police, 491 U.S. 58, 89-90 (1998) ——

42). Wilson V. Layne, 526 U.S. 603, 609 (1999) ——

43). Young V. County of Fulton, 209 U.S. 123, 28 S.Ct. (1908) ——   6

*Statutes And Rules*

Page Number

7

1). 18 U.S.C.A. Subsec. 3626

2) 18 U.S.C.A. Subsec. 241 and 242

3). 28 U.S.C.A. Subsec. 2283 and 2284(b)(1) and (b)(2)

4). 28 U.S.C.A. Subsec. 2201 and 2202

5). 28 U.S.C.A. Subsec. 1915 (b)(4)

6). 28 U.S.C.A. Subsec. 1915 (9)

7). 28 U.S.C.A. Subsec. 1932

8). 28 U.S.C.A. Subsec. 1391 (b)(2)

9). 28 U.S.C.A. Subsec. 1343 (a)(3)

10). 28 U.S.C.A. Subsec. 1331

11). 42 U.S.C.A. Subsec. 1983

12). 42 U.S.C.A. Subsec. 1985

13). F.R.C.P. 15 (a)

14). F.R.C.P. 15 (c)

15). F.R.C.P. 19 (a)

16). F.R.C.P. 65

17). F.R.Evid. 201

18). 10 Del. C. Subsec. 6902 (1)

19). Del. Const. Art. IV, Sec. 2

20). Del. Const. Art. XV, Sec. 9

21). Del. Const. Art. III, Sec. 18 Parags. 1 and 3

22). U.S. Const. Art. 1, Sec. 9, Cls. 2

23). U.S. Const. Art. 1, Sec. 6

24) U.S. Const. Amends. I, VIII and XIV

25). U.S. Const. Art. IV

26). U.S. Const. Art. II, Parags. 2 and 3

7

IN THE

SUPREME COURT OF THE UNITED STATES

PETITION FOR WRIT OF CERTIORARI

Petitioner respectfully prays that a writ of certiorari issue to review the judgment below.

**OPINIONS BELOW**

[ ] For cases from **federal courts:**

The opinion of the United States court of appeals appears at Appendix _A_ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the United States district court appears at Appendix _B & C_ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

[ ] For cases from **state courts:**

The opinion of the highest state court to review the merits appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the _____ court appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

1.

**JURISDICTION**

[ ] For cases from **federal courts:**

The date on which the United States Court of Appeals decided my case was *March 31, 2008*          .

[✓] No petition for rehearing was timely filed in my case.

[ ] A timely petition for rehearing was denied by the United States Court of Appeals on the following date: _____, and a copy of the order denying rehearing appears at Appendix _____.

[ ] An extension of time to file the petition for a writ of certiorari was granted to and including _____ (date) on _____ (date) in Application No. ___A_____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1254(1).

[ ] For cases from **state courts:**    *N/A*

The date on which the highest state court decided my case was _____.
A copy of that decision appears at Appendix _____.

[ ] A timely petition for rehearing was thereafter denied on the following date: _____, and a copy of the order denying rehearing appears at Appendix _____.

[ ] An extension of time to file the petition for a writ of certiorari was granted to and including _____ (date) on _____ (date) in Application No. ___A_____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1257(a).

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

1). Del. Const. Art. IV, Sec. 2
2). Del. Const. Art. XV, Sec. 9
3). Del. Const. Art. III, Sec. 18 parags. 1 and 3
4). U.S. Const. Art. 1, sec. 9, Cls. 2
5). U.S. Const. Art. 1, Sec. 6
6). U.S. Const. Amend. I, VIII and XIV
7). U.S. Const. Art. IV
8). U.S. Const. Art. VI, parags 2 and 3

3.

**STATEMENT OF THE CASE**

On May 17, 2004, Kent County, Dover, Delaware, appellant was arrested and charged with (6) Cts. Forgery Second and (6) Cts. Theft Misdemeanor. For lack of bail petitioner appellant was imprisoned at the Delaware Correctional Center (DCC) 1181 Paddock Road, Smyrna, Delaware 19977. On July 6, 2004, petitioner was indicted on all charges. On March 16, 2005, petitioner was carried before the Court and after having a hearing petitioner was released from prison. On June 7, 2005, petitioner was rearrested on a Capias and taken before the Court. Prior to having a hearing petitioner was informed by his Court appointed counsel that petitioner was reindicted on all charges on March 5, 2005, and was due to appear before the Court on May 31, 2005. Petitioner then and there requested counsel to file a Writ of Habeas Corpus on claims of double jeopardy and lack of jurisdiction, that the petitioner is illegally being detained, or file a Motion to dismiss, petitioner request was negative. On June 19, 2005, petitioner appellant filed a petition for Habeas Corpus relief in the Superior Court, and reced no response. On July 2, 2005, petitioner filed a Notice of Appeal with the Supreme Court of Delaware. On July 6, 2005, the appeal was granted. On July 10, 2005, petitioner reced an Order from judge of the Superior Court stating it had dismissed Habeas petition on June 30, 2005. On November 1, 2005, the Supreme Court affirmed the decision of the Superior Court, setting forth the following.

4.

"Under State Law, a Writ of habeas Corpus
is not available to any person who is com-
mitted or detained on a felony charge...
( 10 Del. C. Subsec. 6902(1) ).


On May 23, 2007, petitioner filed a Section 1983 Com-
plaint with the District Court of Delaware, stating that
the denial of petitioner's habeas petition under the above
Circumstances, Violates the Constitution of the United States
as well as the rights of the petitioner. On July 17, 2007, the
District Court Sua Sponte dismissed petitioner's Complaint, Pur-
suant to 28 U.S.C. Subsec. 1915(e)(2)(B). On July 31, 2007, petitioner
Filed a Motion For Reconsideration. On November 8, 2007, the
District Court denied Motion For reconsideration.
On December 11, 2007, petitioner file a Notice of Appeal
With the Third Circuit Court of Appeals. On March 31, 2008,
the Appeals Court dismissed petitioner's appeal, Pursuant
to and under the provisions of 28 U.S.C. Subsec. 1915(e)(2)(B).

5.

## REASONS FOR GRANTING THE PETITION

1). The Court should exercise its discretionary jurisdiction and grant Certiorari in this Case because Constitutional infringement of this magnitude, against the Constitution of the United States, as well as the rights of the petitioner, warrants a new precedent (Punitive in nature) to deter and discourage future tyrannies, and misuse of governmental power, to alter and Change the Constitution of the United States, beyond the scope of United States Constitution Article V, by any State.

2). The Court should grant Certiorari in this Case, because decisions of the interior Courts, in this district and this Circuit, defy decisions of this Court and other appellate Courts, to a degree of Challenge and degradation of this Court's Superiority.

3). The Court should grant Certiorari in this Case and Call into question the defendants/Respondents under Del. Const. Art. XV, Sec. 9. To think that anyone would prefix their own Constitution to their own laws, is preposterous. While Art. 1, Sec. 9, Cls 2 of the United States Constitution have already been prefixed by the respondents.

6.

## CONCLUSION

The petition for a writ of certiorari should be granted.


Respectfully submitted,

*[signature]*

Date: *April 9, 2008*

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

*Arson I. Gibbs, Sr.* — PETITIONER
(Your Name)

VS.

*Ruth Ann Minner, et al* — RESPONDENT(S)

**PROOF OF SERVICE**

I, *Arson I. Gibbs, Sr.* _____, do swear or declare that on this date, _____, 20___, as required by Supreme Court Rule 29 I have served the enclosed MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* and PETITION FOR A WRIT OF CERTIORARI on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in the United States mail properly addressed to each of them and with first-class postage prepaid, or by delivery to a third-party commercial carrier for delivery within 3 calendar days.

The names and addresses of those served are as follows:

*Judy O. Hodas, Esq., Department of Justice*
*820 North French Street, 6th Floor*
*Wilmington, Delaware 19801-0000*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on *April 9, 2008* _____, 20___

*Arson I. Gibbs, Sr.*
(Signature)

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

**William K. Suter**
Clerk of the Court
(202) 479-3011

April 16, 2008

Mr. Arson I. Gibbs, Sr.
Prisoner ID 066982
1181 Paddock Road
Smyrna, DE  19977

> Re:  Arson I. Gibbs
> v. Ruth Ann Minner, Governor of Delaware, et al.
> No. 07-10425

Dear Mr. Gibbs:

The petition for a writ of certiorari in the above entitled case was filed on April 9, 2008 and placed on the docket April 16, 2008 as No. 07-10425.

A form is enclosed for notifying opposing counsel that the case was docketed.

Sincerely,

**William K. Suter**, Clerk

by

Clayton Higgins
Case Analyst

Enclosures

$Ex - 31$

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

June 16, 2008

Mr. Arson I. Gibbs, Sr.
Prisoner ID 066982
1181 Paddock Road
Smyrna, DE  19977

      Re:  Arson I. Gibbs
           v. Ruth Ann Minner, Governor of Delaware, et al.
           No. 07-10425

Dear Mr. Gibbs:

      The Court today entered the following order in the above-entitled case:

      The petition for a writ of certiorari is denied.

                        Sincerely,

                        William K. Suter, Clerk

Ex - 32

In The Supreme Court of The State of Delaware

Anson I. Gibbs, Sr.,

        Defendant-Below
        Appellant,

                                        No. 299, 2005

        V.

State of Delaware,

        Plaintiff-Below
        Appellees.

## Appellant's Opening Brief

        This is appellant's opening brief pursuant to Supr. Ct.
R. 15 (a)(i); United States Constitution Amendments 5, 6, 8,
and 14; Delaware Constitution of 1897, Article 1, Section 7, 8,
and 11; Article 4, Section 11, 5, 6, and 7 as amended; 10 Del. C.
Section 147, and Chapter 6900; Superior Court of Kent County
Criminal Case Management Plan Subsection 3; International
Covenant ON Civil And Political Rights (ICCPR) Article 2;
3; 7; 8, 1 and 2; 9, 1 then 5; 10, 1, 2(a) and (b); 14, in its entirety
especially 7; 15, 1 and 2; 16; 17, 1 and 2; 19, 1 and 2. 26; and 48,1;
Including all similar Constitution Amendments and relating
Statutes to same.    (Exhibit-J)   Ex-33
                        (App-13.)

1). Under Article II, Section 11(6) of the Delaware Constitution and Supreme Court Rule 43... the Supreme Court has no original jurisdiction to issue a writ of Habeas Corpus. In re Jones, 755 A.2d 389 (Del 2000)

2). Constitutional jurisdiction cannot be limited by Statute. The jurisdiction of the Supreme Court... cannot be impaired or restricted by language contained in any legislative act. State ex rel. Walker V. Harrington, 42 Del 27 A. 2d 67 (1942)

3). However: The Supreme Court has jurisdiction by reason of Article II, Section 11(1) of the Delaware Constitution, to hear and determine all matters of appeal in the interlocutory as well as final judgments and other proceedings of the Superior Court. In re Dean, Del Supr. 251 A.2d 347.

4). That on June 24, 2005, the appellant filed a Writ of Habeas Corpus with the Superior Court, Dover, Delaware, County of Kent, challenging the jurisdiction of a belated and unknown reindictment, after nearly one year of being under the first indictment, which was not dismissed until on or after March 16, 2005. (A copy of habeas petition and first indictments attached as Ex- A & B).

(2)

5). That due to the Superior Court's refusal to accept jurisdiction over appellant's Writ of Habeas Corpus by the date of July 1, 2005, the appellant filed a Notice of Appeal invoking the pendent jurisdiction of this Court, on July 2, 2005. (See Notice of Appeal attached as Ex-C).

6). That on July 6, 2005, the Court accepted jurisdiction and granted appellant's Notice of Appeal. (See attached Ex-D).

(a) When the Court accepted jurisdiction it inherited Original Jurisdiction, Since the Superior Court refused to accept jurisdiction, over the Subject Matter, and:

(b) When the Court inherited Original jurisdiction, it had the inherent power and authority, and should have granted appellant's Writ of Habeas Corpus on the Merits, because appellant's well pleaded averments were admitted, where there was no return answer denying appellant's precisely presented averments. Appellant had no other Forum in the State, for the exception of this Court, for appellant to raise his Claims of error. The appellees should have rebutted appellant's averments

(3)

by Clean and Convincing evidence. See Russo v. Snyder 2000, WL 52158 (D. Del.); See also Talbert, 2000 WL 724649 (Del. Supr.); Middlebrook v. State, 2008 WL 1508817 (Del. Supr.); Whitfield v. State, 2004 WL 906591 (Del. Supr.); Kostyshyn v. State, 2004 WL 1874695 (Del. Supr.); Walker v. State, 2000 WL 1535299 (Del. Supr.).

7). That this Court abused its discretion and denied the appellant due process when it failed to grant the appellants Writ of Habeas Corpus on the merits, and compelled appellant to file an opening brief, when in fact, the appellant's Writ of Habeas Corpus was already briefed for the Court to make a determination on the merits. In contrast to his Habeas petition now pending before this Court, appellant invokes the rule of Stare decisis. As the Court has already stated in Biddle v. Board of Trustees of New Castle County Workhouse, Cite as: 138 A. 631 (June 13, 1927), at [6]:

"We realize the importance and value of the law of "Stare decisis" and that it should be observed unless there's good reason to disregard it... if the Court is satisfied, after full argument and consideration in a subsequent case, that a decision given in an earlier case was erroneous, it is the duty of the Court, in the interest of

(4)

justice and the proper administration of the law, to disregard the earlier ruling."

8). That due to the Court's dilatoriness and delay in granting the appellant relief, and the Court's notification to the appellees of the appellant's Notice of Appeal to this Court, the appellees issued a belated and supposititions ruling on appellants Writ of Habeas Corpus, lacking a determination on the averments presented, recied by appellant on July 10, 2005. (Copy of ruling attached as Ex-E).

    (a) That the ruling by the Superior Court came (16) days after appellant filed his Writ of Habeas Corpus in the Superior Court, and (4) days after this Court granted the appellant's Notice of Appeal, and inherited Original jurisdiction over the subject matter. Therefore, the Superior Court was without jurisdiction to rule on appellants Writ of Habeas Corpus.

    (b) Moreover: The Superior Court's ruling was not in compliance with, Del. Supr. 541 A. 2d 554 (1988), and deliberately by-passed the averment of, lack of jurisdiction to reindict.

9) That the articulation of the formal indictments again was unnecessary, because the indictments had already been consolidated and joined together in numerous plea offers, beginning in July 2004, up until March 16, 2005, at appellant's last Case Review, and plea offer.

(a) On March 16, 2005, when the appellant was carried to the Court House for his last Case review, and plea offer, after refusing the plea offer the appellant was taken before the Court. When the appellant reached the podium, the presiding judge asked, "What is he here for?" While appellant's substituted Counsel, Sandra W. Dean, Esq., who was acting proxy in the stead of appellant's previous Court appointed Counsel, Sheryl Rush Milstead, Esq., was apparently collecting her thoughts in order to give the presiding judge an answer, the appellant spoke up and said; "I thought I was here for my Motions on abuse of discretion by the Court for appointing Counsel without appellant being present, and disqualification of Court appointed Counsel, Sheryl Rush-Milstead, The presiding judge than asked, "What Motions? "I haven't seen any Motions." Than one of the Court personnel went and retrieved the Motions and they were passed on to the presiding judge.

(6) That the appellant has brought this to the Court's attention, so as to prevent the appellees from blaming the appellant for any of the delays in bringing the appellant to trial, in retrospect to the first indictments, because appellant's motions were never presented before the Court until March 16, 2005.

10). That the Fifth Amendment due process guarantee as regards reindictment delay is primarily intended to prevent prejudice to defense caused by passage of time and may be invoked only if defendant's reindictment delay caused substantial prejudice to his right to a fair trial and that delay was intentional device by the attorney general office to gain tactical advantage over the defendant. (U.S.C.A. Const. Amend 5).

(a) That appellant's due process and Six Amendment right to speedy trial was violated, when speedy trial clause was activated where criminal prosecution has been formally initiated either by arrest, indictment or other official accusations, under <u>Superior Court of Kent County Criminal Case Management Plan, Subsec. 3; Track III - Trial Tracks</u>, Scheduling Goals and Criteria. (Effective June 19, 2002).

(7)

(b) That the appellant have been overwhelmingly prejudiced by the reindictment delay, and the reindictment clearly Manifest injustice based upon:

    1. Unjust imprisionment;

    2. Vindictive prosecution;

    3. Prosecutional Misconduct;

    4. Judicial Misconduct; and,

    5. Abuse of discretion by trial judge;

11). Which are derived from the Due Process Clauses of the Fifth and Fourteenth Amendments to the Delaware and United States Constitution. (U.S.C.A. Const. Amends. 5 and 14)

12). That the appellant was further prejudiced by the Superior Court when it tried and Convicted the appellant on July 21, 2005, on the reindictment.

    (a) That prior to appellant's Conviction on July 21, 2005, the appellant on two occasions, July 13, and 19th 2005, made requests in open Court that his trial be deferred until the Supreme Court reached a decision on

(8)

appellant's Writ of Habeas Corpus, relating to ID# 0404009981 and 0404017226 on reindictment under same ID numbers and Charges. The Superior Court refused to grant a Continuance, and this Court declined to issue an Order Compelling the Superior Court to stop the trial until it reached a Determination on appellant's Writ of Habeas Corpus (See attached Ex-G and H). Also See Rhines V. Weber, 125 S.Ct. 1528 U.S, 2005; Lambert V. Blackwell, 134 F.3d 506 C.A.3 (Pa) 1997, General Elec.Co. V. Deutz Ag, 2001. WL 1338312 C.A. 3 (Pa. 2001).

This Court should have taken the appellant's letter as a Writ of Prohibition and issued an Order stopping the Superior Court from Continuing trial against the appellant, because the appellant had no other remedy, and the Superior Court Clearly lacked jurisdiction. See Knight v. Haley, 36 Del. 366, 176 A. 461 (1934), Also see Matushefske V. Herlihy, 59 Del. 117, 214 A.2d 883 (1965). The Superior Court exceeded its jurisdiction. Id. Knight v. Haley; See In re Haley, 545 A.2d 626 (Del. 1988); Cahaday V. Superior Court, 49 Del. 332, 116 A.2d 678 (1955).

Wherefore: Under the authorities and for the reasons stated herein, the Court Should grant the appellant the relief Sought.

Dated: 8-17-05

Appellant,

Orson J. Gibbs Sr