IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARSON I. GIBBS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-480-GMS |
| | ) |
| CHIEF JUSTICE SUE L. ROBINSON, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM ORDER

At Wilmington this 3rd day of Sept, 2008;

IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* is denied, for the reasons that follow:

The plaintiff, Arson I. Gibbs, Sr., ("Gibbs"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Gibbs proceeds *pro se* and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 1.)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the

prisoner is in imminent danger of serious physical injury. Also, a prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

According to Court records, while incarcerated, Gibbs has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted as follows: *Gibbs v. Minner*, No. 07-4674 (3d Cir. Mar. 31, 2008); *Gibbs v. Wolhar*, No. 83-1320 (3d Cir. July 22, 1983); *Gibbs v. Minner*, Civ. No. 07-342-SLR (D. Del. July 19, 2007); *Gibbs v. Bianco*, Civ. No. 83-542-WKS (D. Del. Sept. 6, 1983); and *Gibbs v. Wolhar*, Civ. No. 83-070 (D. Del. Mar. 4, 1983).

As a result, Gibbs may not file another civil action *in forma pauperis* while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard. Rather, the complaint is filed against the President of the United States, a United States District Judge, Appellate Justices for the United States Court of Appeal for the Third Circuit, and United States Supreme Court Justices, and complains of court actions and rulings relative to Gibbs's state criminal conviction. Hence, Gibbs is not excused from the restrictions under § 1915(g), he may not proceed *in forma pauperis* and, therefore, his application to proceed *in forma pauperis* will be denied.

Based upon the foregoing analysis, the motion to proceed *in forma pauperis* (D.I. 1) is **denied**. Gibbs is given **thirty** (30) days from the date of this order to pay the $350.00 filing fee. If Gibbs does not pay the filing fee within that time, the complaint shall be dismissed and the case

closed pursuant to 28 U.S.C. § 1915(g).

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED

SEP - 3 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE